1  SEYFARTH SHAW LLP
   Andrew M. McNaught (SBN 209093)
2  amcnaught@seyfarth.com
   Galen P. Sallomi (SBN 306743)
3  gsallomi@seyfarth.com
   560 Mission Street, 31st Floor
4  San Francisco, California 94105
   Telephone:    (415) 397-2823
5  Facsimile:    (415) 397-8549

6  Attorneys for Defendants
   HENKEL US OPERATIONS CORPORATION,
7  HENKEL OF AMERICA, INC. and HENKEL
   CORPORATION

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  DINO DE SANCTIS, an individual, on behalf of himself; and on behalf of all persons similarly situated, | Case No. _____ |
| 12 | **DEFENDANTS HENKEL US OPERATIONS CORPORATION, HENKEL OF AMERICA, INC. AND HENKEL CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION** |
| 13                Plaintiff, | |
| 14       v. | |
| 15  HENKEL US OPERATIONS CORPORATION, a Delaware corporation; HENKEL OF AMERICA, INC., a Delaware corporation; HENKEL CORPORATION, a Delaware corporation; and DOES 1-50, Inclusive, | [28 U.S.C. §§ 1331, 1332(d), 1441, 1446] |
| 16 | Trial Date: Not Set |
| 17 | Date Action Filed: July 24, 2023 |
| 18                Defendants. | Summons/Complaint Served: August 10, 2023 |
| 19 | Removal from Superior Court of California, County of Contra Costa; Case No. C23-01799 |
| 20 | |
| 21 | |

22       **TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF**

23  **CALIFORNIA AND TO PLAINTIFF DINO DE SANCTIS AND HIS ATTORNEYS OF**

24  **RECORD:**

25           PLEASE TAKE NOTICE that defendants Henkel US Operations Corporation, Henkel of

26  America, Inc. and Henkel Corporation (collectively, "Henkel" or "Defendants")[1] hereby file this Notice

27

28  [1] Henkel US Operations Corporation and Henkel Corporation (collectively, the "Henkel Employers") employs and employed putative class members in California. Henkel of America, Inc. does not.

of Removal pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, asserting jurisdiction under the Class

Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), to effectuate the removal of the above-captioned

action from the Superior Court of California, County of Contra Costa, to the United States District Court

for the Northern District of California, and state that removal is proper for the reasons set forth below.

## PLEADINGS, PROCESSES, AND ORDERS

On July 24, 2023, plaintiff Dino De Sanctis ("Plaintiff") filed a purported Class Action

Complaint against Henkel in the Superior Court of California, County of Contra Costa, entitled *Dino De

Sanctis, an individual, on behalf of himself, and on behalf of all other persons similarly situated, v.

Henkel Us Operations Corporation, a Delaware corporation; Henkel Of America, Inc., a Delaware

corporation; Henkel Corporation, a Delaware corporation; and DOES 1-50, Inclusive*,, Case No. C23-

01799 ("Complaint"). A true and correct copy of the Summons, Complaint, and related process,

pleadings, and orders served on Defendants with the Summons are attached hereto as **Exhibit A–C**.

The Complaint purports to allege nine claims for relief, including (1) unfair competition (Cal.

Bus. & Prof. Code §§ 17200 *et seq*); (2) failure to pay minimum wages (Cal. Lab. Code §§ 1194, 1197,

1197.1); (3) failure to pay overtime wages (Cal. Lab. Code §§ 510 *et seq*.); (4) failure to provide meal

periods (Cal. Lab. Code §§ 226.7, 512, and "the applicable IWC wage order"); (5) failure to provide rest

periods (226.7, 512, and "the applicable IWC wage order"); (6) failure to furnish accurate wage

statements (Cal. Lab. Code §§ 226); (7) failure to pay all wages when due (Cal. Lab. Code §§ 201, 202,

and 203); and (8) failure to reimburse for expenses (Cal. Lab. Code §2802); and (9) failure to pay

vacation wages (Cal. Lab. Code § 227.3).

The Complaint seeks to certify the following class:

> PLAINTIFF brings this Class Action on behalf of himself, and a California
> class defined as all persons who are or previously were employed by
> Defendant Henkel US Operations and/or Defendant Henkel of America
> and/or Defendant Henkel Corporation in California and classified as non-
> exempt employees (the "CALIFORNIA CLASS") at any time during the
> period beginning four (4) years prior to the filing of this Complaint and
> ending on the date as determined by the Court (the "CLASS PERIOD").

On September 7, 2023, Henkel filed an Answer to the Complaint in the Superior Court of

California, County of Contra Costa. A true and correct copy of the Answer is attached hereto as **Exhibit

D.**

---

1    All process, pleadings, notices, and orders served upon Defendants in this action are attached as

2  **Exhibits A–D** pursuant to 28 U.S.C. § 1446(a) and are incorporated by reference as though fully set

3  forth herein.

## TIMELINESS OF REMOVAL

5    On August 10, 2023, Plaintiff served Defendants with the Summons and Complaint.

6    This Notice of Removal is timely as it is being filed within thirty (30) days after service of the

7  Summons and Complaint. *See* 28 U.S.C. § 1446(b); Fed. Rule Civ. Proc. 6(a); *see also Murphy Bros.,*

8  *Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day deadline to remove

9  commences upon service of the summons and complaint).

## BASIS FOR REMOVAL

**I.    JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT**

12    This Court has original jurisdiction over this action under the CAFA, codified in relevant part in

13  28 U.S.C. § 1332(d)(2). As set forth below, this action is properly removable pursuant to 28 U.S.C.

14  section 1441(a) because the alleged amount in controversy exceeds $5,000,000, exclusive of interest and

15  costs, is a purported class action in which the named plaintiff is a citizen of a State different from that of

16  Henkel (28 U.S.C. §§ 1332(d)(2) & (6)), and the number of putative class members is greater than 100.

17  *See* 28 U.S.C. §§ 1332(d)(5)(B).

**A.    THERE IS MINIMAL DIVERSITY FOR REMOVAL UNDER THE CAFA**

19    The CAFA requires that "any member of a class of plaintiffs is a citizen of a State different from

20  any defendant." 28 U.S.C. § 1332(d)(2)(A).

**i.    Plaintiff and Members of the Proposed Class Are Citizens Of California**

22    For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *See Kantor v.*

23  *Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of

24  domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Here, Plaintiff

25  alleges that he "was employed by Defendants in California." (Compl. p. 3, ¶ 6.) Plaintiff also seeks to

26  represent individuals who currently work, or previously worked, for Defendants in the State of

27  California. (Compl. p. 16, ¶ 54.)

28  *//*

### ii.    Defendants Are Not Citizens Of California

The traditional rule is that a corporation's principal place of business for diversity purposes is normally "the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend,* 130 S. Ct. 1191, 1193 (2010). In *Hertz,* the Supreme Court held that the "principal place of business" of a corporation is best interpreted as a corporation's "nerve center," which "ordinarily equates . . . with a corporation's headquarters." *Id.* The Court explained that "in practice [the nerve center] should normally be the place where the corporation maintains its headquarters - provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* at 1192-93; *see id.* at 1195 (distinguishing situation where alleged "nerve center" is "nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat").

For removal purposes, citizenship is measured both when the action is filed and removed. *Strotek Corp. v. Air Transport Ass'n of America,* 300 F.3d 1129, 1131 (9th Cir. 2002); *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).

At all times since Plaintiff commenced this lawsuit, all three of the Henkel defendants were and are corporations formed under the laws of the State of Delaware with a joint principal place of business in Rocky Hill, Connecticut. (Bott Decl., ¶ 9.) Their corporate executives, including their senior leadership teams, have been and continue to be located in Connecticut, have maintained and continue to maintain their offices in Connecticut, and have performed and continue to perform their primary duties and job functions in Connecticut. (*Id.*) Because all three of the Henkel defendants were formed under the laws of the State of Delaware, and maintain their principal place of business in the State of Connecticut, they are not citizens of the State of California.

### iii.    Doe Defendants' Citizenship Must Be Disregarded

Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("[U]nknown defendants sued as "Does" need not be joined in a removal petition."). Thus, the existence of Doe defendants 1 through 50, inclusive

3

(Compl. p. 4, ¶ 9), does not deprive this Court of jurisdiction.

Accordingly, pursuant to 28 U.S.C. section 1332(c), Plaintiff and Defendants have diverse citizenship. Therefore, CAFA diversity is satisfied because at least one plaintiff is diverse from Defendants.

### B.    All Defendants Have Joined In This Removal

All Defendants have joined in this removal, so the requirement that all defendants join in the removal, set forth in 28 U.S.C. section 1446(b)(2)(A), is satisfied.

### C.    There Are More Than 100 Putative Class Members

The CAFA requires that the aggregate number of members of all proposed classes in a complaint be at least 100. *See* 28 U.S.C. § 1332(d)(5)(B).

The putative class, as described above, includes hourly non-exempt employees in California who worked for the Henkel Employers from July 24, 2019 (four years prior to the filing of this action) until judgment is entered. (Compl. p. 16, ¶ 54.).

According to the Henkel Employers' records, from July 24, 2019 through August 30, 2023 (the "putative class period"), there have been approximately 514 non-exempt hourly employees who have been employed by the Henkel Employers in California, and thus, fall within the putative classes and sub-classes as defined by Plaintiff. (Bott Decl. at ¶ 4.) Thus, the requisite number of at least 100 putative class members is satisfied here.

### D.    Plaintiff's Claims Place More Than $5,000,000 In Controversy

While Henkel denies any liability as to Plaintiff's claims, the amount in controversy as alleged in the Complaint exceeds $5,000,000. All calculations supporting the amount in controversy are based on the Complaint's allegations (along with other documents as identified herein), assuming without any admission, the truth of the allegations, and assuming liability (which Henkel disputes) is established. Likewise, these calculations are based on the putative classes alleged in the Complaint, and in no way indicate that class treatment is appropriate, or that Plaintiff has standing to represent any purported class, or that the class proposed would meet the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure. Henkel expressly reserves the right to challenge Plaintiff's claims, adequacy and standing to represent any proposed class, class definitions, and calculation of damages in all respects. However, for

4

purposes of removal only, Henkel bases its calculations on the allegations, facts known to Henkel, and class definitions pled by Plaintiff.

Under the CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Congress intended federal jurisdiction to be appropriate under the CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep., S. REP. 109-14, at 42. Moreover, any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

To establish that the amount in controversy exceeds the jurisdictional amount, the defendant must make a plausible claim that the amount in controversy exceeds that amount. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014). As Plaintiff has not alleged any particular damages, reasonable estimates of the alleged amount in controversy are appropriate.

Moreover, a plaintiff cannot evade federal jurisdiction by alleging that the amount in controversy falls below the jurisdictional minimum. *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013); *Rodriguez v. AT&T Mobility Services LLC*, 728 F.3d 975, 978-82 (9th Cir. 2013). Accordingly, Plaintiff's allegation that "[t]he amount in controversy for the aggregate claim of the CALIFORNIA CLASS Members is under five million dollars" cannot defeat Defendants' removal or the Court's jurisdiction. (Compl. p. 3, ¶ 7.)

### 1.    Meal And Rest Break Claims

Plaintiff's second, fourth and fifth claims are for failure to provide meal periods and failure to authorize and permit rest periods. With respect to his meal period claim, Plaintiff alleges that

"DEFENDANTS failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA CLASS Members as required by the applicable Wage Order and Labor Code." (Compl. p. 28, ¶ 112.) Plaintiff further alleges that "As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were often not fully relieved of duty by DEFENDANTS for their meal periods." (*Id.*) Plaintiff also alleges "PLAINTIFF and other CALIFORNIA CLASS Members are from time to time unable to take thirty (30) minute off duty meal breaks and were not fully relieved of duty for their meal periods." (*Id.* at pp. 6–7, ¶ 19.) With respect to his meal period claim, Plaintiff claims to "have been damaged in an amount according to proof at trial and seek all wages earned and due, interest, penalties, expenses and costs of suit." (*Id.* at p. 29, ¶ 114.)

Plaintiff claims he did not receive compliant meal periods because "When they were provided with meal periods, PLAINTIFF and other CALIFORNIA CLASS Members were, from time to time, required to remain on duty and on call." (Compl. p. 7, ¶ 19.) He also asserts that the "As a result of their rigorous work schedules and DEFENDANTS' inadequate staffing, PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeit meal breaks without additional compensation and in accordance with DEFENDANTS' strict corporate policy and practice." (*Id.*)

Similarly, with respect to his rest period claim, Plaintiff alleges "From time to time during the CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members were also required to work in excess of four (4) hours without being provided ten (10) minute rest periods as a result of their rigorous work requirements and DEFENDANTS' inadequate staffing." (Compl. p. 7, ¶ 20.) Plaintiff further alleges "for the same reasons, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time." (*Id.*) Plaintiff alleges that he and the prospective class "have been damaged in an amount according to proof at trial and seek all wages earned and due, interest, penalties, expenses and costs of suit." (*Id.* at p. 30, ¶ 118.)

As with his meal period allegations, Plaintiff claims "When they were provided with rest breaks, PLAINTIFF and other CALIFORNIA CLASS Members were, from time to time, required to on duty

and/or on call." (Compl. at p. 7, ¶ 20.). Plaintiff also alleges that "As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were periodically denied their proper rest periods by DEFENDANTS and DEFENDANTS' managers." (*Id.* at p. 29, 116.)

Plaintiff seeks to have certified a class covering the last four years as to his meal period and rest break claims. (Compl. p. 16, ¶ 54.) The average hourly rate for the Henkel Employers' hourly non-exempt employees in California, between July 24, 2019 and July 24, 2023 is $28.83.  (Bott Decl. at ¶ 5.) The approximate number of workweeks for these employees for that same period was approximately 73,601. (*Id.* at ¶ 6.) Conservatively assuming each putative class member missed one meal period per workweek, the putative class meal period damages from July 24, 2019 and July 24, 2023, would be approximately **$2,121,853.83** [$28.83/hour x 73,601 workweeks]. Likewise, conservatively assuming that each putative class member missed one rest period per workweek, the putative class rest period damages from July 24, 2019 and July 24, 2023, would be approximately **$2,121,853.83** [$28.83/hour x 73,601 workweeks]. Thus, a conservative estimate of the amount in controversy for Plaintiff's meal and rest break claims alone is approximately **$4,243,707.65.**

### 2. Overtime

Plaintiff's third claim seeks overtime wages. Plaintiff alleges "DEFENDANTS required PLAINTIFF and other members of the CALIFORNIA CLASS to perform pre-shift or post-shift work." (Compl. p. 9, ¶ 28.) He further alleges that "PLAINTIFF and the other members of the CALIFORNIA CLASS typically worked over forty (40) hours in a workweek, and more than eight (8) hours per day." (*Id.* at p. 10, ¶ 33.) Plaintiff further alleges that, due to this alleged off-the-clock work, and other unnamed Henkel policies, Plaintiff worked unpaid overtime. (*Id.* at p. 6, ¶ 18.)

Plaintiff's Complaint does not contain any allegations regarding the amount of time he alleges he (and the purported class members) allegedly worked off the clock or what tasks he allegedly performed. Accordingly, Henkel conservatively estimates Plaintiff to be claiming an average of one hour of overtime per week, or twenty minutes per day. The number of workweeks worked by the Henkel Employers' non-exempt employees in California between July 24, 2019 and July 24, 2023, is approximately 73,601. (Bott Decl. ¶ 6.) Based on the average hourly rate of $28.83 for the Henkel Employers' hourly non-exempt employees in California (Bott Decl. ¶ 5), and this conservative reading

of Plaintiff's allegations, the resulting amount in controversy for this claim of unpaid overtime is approximately **$3,182,780.74** [($28.83 x 1.5) x (73,601 workweeks at 1 overtime hours per week)].

Plaintiff also alleges that Defendants did not use the proper rate when calculating putative class members' overtime pay. (Compl. p. 11, ¶ 36 ["DEFENDANTS failed and continues to fail to accurately calculate and pay PLAINTIFF and the other CALIFORNIA CLASS Members for their overtime and double time hours worked, meal and rest period premiums, and redeemed sick pay. As a result, PLAINTIFF and the other CALIFORNIA CLASS Members forfeited wages due to them for working overtime without compensation at the correct overtime and double time rates, meal and rest period premiums, and redeemed sick pay rates."].)

Specifically, Plaintiff alleges that he was "compensated at an hourly rate plus incentive pay that was tied to specific elements of an employee's performance." (*Id.* at p. 11, ¶ 37.) He claims that "when calculating the regular rate of pay in those pay periods where PLAINTIFF and other CALIFORNIA CLASS Members worked overtime, double time, paid meal and rest period premium payments, and/or redeemed sick pay, and earned non-discretionary bonuses, DEFENDANTS failed to accurately include the non-discretionary bonus compensation as part of the employee's "regular rate of pay" and/or calculated all hours worked rather than just all non-overtime hours worked." (*Id.* at p. 11, ¶ 39.) Plaintiff does not include any information about the amount of money he allegedly earned from these alleged "non-discretionary bonuses," so it is impossible to calculate the potential damages from his allegations.

### 3.     Wage Statements

Plaintiff's sixth claim seeks penalties for failure to provide accurate, itemized wage statements. (Compl. p. 30, ¶ 119–p. 32, ¶ 124.) Plaintiff alleges Defendant has failed to provide written wage statements to the purported class in compliance with Labor Code § 226. (*Id.*) Plaintiff further alleges that "DEFENDANTS knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA CLASS." (Compl. p. 31, ¶ 124.) Plaintiff seeks "liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period" (Compl. p. 31, ¶ 124.)

The Henkel Employers pay some of their employees on a weekly basis and some on a bi-weekly

basis. (Bott Decl., ¶ 8.) From July 24, 2019 to July 24, 2023, the Henkel Employers have employed approximately 514 hourly non-exempts in California. (*Id.*, ¶ 4.) Based on Henkel Employers' calculations, during that time period, these 514 putative class members have worked approximately 13,421 pay periods. Plaintiff does not specify his alleged damages suffered. Accordingly, assuming the lower damages of $50 for the initial pay period and $100 for each subsequent pay period, the amount in controversy for this claim is **$1,317,900** [(13,421 pay periods x $100) minus (514 putative class members x $50)].

### 4.    Waiting Time Penalties Under Labor Code § 203

Plaintiff's seventh claim is for waiting time penalties under Labor Code §§ 201–203. Plaintiff alleges "The employment of PLAINTIFF and many CALIFORNIA CLASS Members terminated, and DEFENDANTS have not tendered payment of wages to these employees who missed meal and rest breaks, as required by law." (Compl. p. 33, ¶ 131.) Therefore, Plaintiff "demands up to thirty (30) days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CLASS PERIOD." (*Id.* at p. 33, ¶ 132.)

Approximately 148 putative class members' employment with the Henkel Employers ended between July 24, 2020 and July 24, 2023. (Bott Decl. at ¶ 7.) The average hourly rate at this time was approximately $28.83. (*Id.* at ¶ 5.) Accordingly, although Henkel disputes liability, a reasonable estimate of the amount in controversy for section 203 penalties is **$1,024,011.19** [$28.83/hour x 8 hours/day x 30 days x 148 putative class members].

Even *without* including all of Plaintiff's claims alleged, and based on the allegations in Plaintiff's Complaint, a reasonable estimate of the amount placed in controversy by the above-referenced claims alone is **$9,768,399.58** This amount does not factor in any purported damages based on Plaintiff's claims for unpaid minimum wages, business expense reimbursements, vacation wages, liquidated damages, or improperly calculated regular rate as alleged in the Complaint.

### 5.    Attorneys' Fees

The Complaint also seeks an award of attorneys' fees. (Complaint at Prayer for Relief, p. 37.) Requests for attorneys' fees may be taken into account in ascertaining the amount in controversy for purposes of removal. *Longmire v. HMS Host U.S., Inc.*, Case No., 12-cv-2203, 2012 WL 5928485, at * 9

(S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over amount in controversy under CAFA.") (citing *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002)); *Muniz,* 2007 U.S. Dist. LEXIS 31515 at *15 (attorneys' fees appropriately included in determining amount in controversy).

  In the class action context, courts have found that 25% of the aggregate amount in controversy is a benchmark for attorneys' fees awards under the "percentage of fund" calculation and courts may depart from this benchmark when warranted. *See Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees are appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000); *Wren v. RGIS Inventory Specialists*, 2011 U.S. Dist. LEXIS 38667 at *78-84 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, 2010 U.S. Dist. LEXIS 86920 at *16-18 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable); *see also In re Quintas Securities Litigation*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that in the class action settlement context the benchmark for setting attorneys' fees is 25% of the common fund).

  Thus, even under the conservative benchmark of 25% of the total recovery, attorneys' fees based on the amount in controversy established above could be as high as **$2,442,099.90** [$9,768,399.58 x .25]. Adding this number to the purported damages the Complaint has reasonably placed in controversy flowing from just *some* of Plaintiff's claims, as set forth above, brings the total amount in controversy to **$12,210,499.48**. Therefore, the amount Plaintiff has placed in controversy easily satisfies the CAFA's $5,000,000 requirement.

  Since Plaintiff and Defendants are citizens of different states, there are more than 100 putative class members, and the amount in controversy exceeds $5,000,000, removal based on CAFA jurisdiction is proper.

## **VENUE**

  Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a) and 1446(a). This action was originally brought in the Superior Court

of the State of California, County of Contra Costa and thus should be removed to the San Francisco or Oakland Division of this Court per Civil Local Rules 3-2(c) and (d).

**SERVICE OF NOTICE OF REMOVAL ON STATE COURT**

A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Contra Costa as required under 28 U.S.C. § 1446(d).

**RESERVATION OF RIGHTS**

By filing this Notice of Removal, Defendants do not concede nor waive any defense to this action, including that Plaintiff lacks standing to bring this action and that this Court does not have personal jurisdiction over Defendants as to some or all of the putative class members. Defendants reserve all defenses relating to the Court's jurisdiction and the justiciability of this action.

WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of California, County of Contra Costa to the United States District Court for the Northern District of California, San Francisco or Oakland Division.

DATED: September 11, 2023                Respectfully submitted,

                                      SEYFARTH SHAW LLP


                                    By: /s/ Andrew M. McNaught
                                        Andrew M. McNaught
                                        Galen P. Sallomi

                                        Attorneys for Defendants
                                        HENKEL CORPORATION, HENKEL US
                                        OPERATIONS CORPORATION, and
                                        HENKEL OF AMERICA, INC.

97819179v.2

DEFENDANTS' NOTICE OF REMOVAL
CASE NO. C23-01799

# EXHIBIT A



**null / ALL**
**Transmittal Number: 27443657**
**Date Processed: 08/10/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Melissa Jacobs<br>Henkel of America, Inc.<br>1 Henkel Way<br>Rocky Hill, CT 06067-3581 |
| **Electronic copy provided to:** | Sarah Jeffreys<br>Deborah Vennos |

| | |
|---|---|
| **Entity:** | Henkel US Operations Corporation<br>Entity ID Number  2777609 |
| **Entity Served:** | Henkel US Operations Corporation |
| **Title of Action:** | Dino De Sanctis vs. Henkel US Operations Corporation |
| **Matter Name/ID:** | Dino De Sanctis vs. Henkel US Operations Corporation (14390922) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Contra Costa County Superior Court, CA |
| **Case/Reference No:** | C23-01799 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 08/10/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Zakay Law Group, APLC<br>619-255-9047 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically Filed Superior Court of CA County of Contra Costa 7/24/2023 10:29 AM By: S. Gonzalez, Deputy

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HENKEL US OPERATIONS CORPORATION, a Delaware corporation;
HENKEL OF AMERICA, INC., a Delaware corporation; HENKEL
CORPORATION, a Delaware corporation; and DOES 1-50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DINO DE SANCTIS, an individual, on behalf of himself, and on behalf of
all persons similarly situated,

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California - Contra Costa - Wakefield Taylor Court
725 Court Street
Martinez, CA 94553

**CASE NUMBER:**
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shani O. Zakay, Esq.    SBN:277924    Tel: (619) 255-9047 Fax: (858) 404-9203
Zakay Law Group, APLC - 5440 Morehouse Drive, Suite 3600, San Diego, CA 92121

| DATE: *(Fecha)* | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
   Henkel US operations corporation, A
   Delaware corporation
3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 08/10/2013

[SEAL]

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Print This Form | For your protection and privacy, please | Clear This Form

Electronically Filed Superior Court of CA County of Contra Costa 7/24/2023 10:29 AM By: S. Gonzalez, Deputy

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
Jackland K. Hom (State Bar #327243)
Julieann Alvarado (State Bar #334727)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 255-9047
Facsimile: (858) 404-9203
*shani@zakaylaw.com*
*jackland@zakaylaw.com*
*julieann@zakaylaw.com*

**JCL LAW FIRM, APC**
Jean-Claude Lapuyade (State Bar #248676)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 599-8292
Facsimile: (619) 599-8291
*jlapuyade@jcl-lawfirm.com*

SUMMONS ISSUED

Attorneys for PLAINTIFF

Per local Rule, This case is assigned to
Judge Treat, Charles S, for all purposes.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| DINO DE SANCTIS, an individual, on behalf of himself, and on behalf of all persons similarly situated, | Case No: C23-01799 |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
| v. | 1) UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §17200 *et seq*; |
| HENKEL US OPERATIONS CORPORATION, a Delaware corporation; HENKEL OF AMERICA, INC., a Delaware corporation; HENKEL CORPORATION, a Delaware corporation; and DOES 1-50, Inclusive, | 2) FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1; |
| | 3) FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq*; |
| Defendants. | 4) FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; |
| | 5) FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; |

**CLASS ACTION COMPLAINT**

6) FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;
7) FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203;
8) FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802;
9) FAILURE TO PAY VACATION WAGES DUE IN VIOLATION OF CAL. LAB. CODE 227.3.

**DEMAND FOR A JURY TRIAL**

PLAINTIFF DINO DE SANCTIS ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees, alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

**<u>PRELIMINARY ALLEGATIONS</u>**

1.    Defendant HENKEL US OPERATIONS CORPORATION ("Defendant Henkel US Operations") is a Delaware corporation that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2.    Defendant HENKEL OF AMERICA, INC. ("Defendant Henkel of America") is a Delaware corporation that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

3.    Defendant HENKEL CORPORATION ("Defendant Henkel Corporation") is a Delaware corporation that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

4.    Defendant Henkel US Operations, Defendant Henkel of America and Defendant Henkel Corporation were the joint employers of PLAINTIFF and the other members of the CALIFORNIA CLASS as evidenced by the documents issued to PLAINTIFF and the other members of the CALIFORNIA CLASS, by the company PLAINTIFF and the other members of the CALIFORNIA CLASS performed work for respectively, and as these entities each exerted control over the hours, wages and/or working conditions of PLAINTIFF and the other members

1 | of the CALIFORNIA CLASS. Therefore, Defendant Henkel US Operations, Defendant Henkel
2 | of America and Defendant Henkel Corporation are jointly responsible as employers for the
3 | conduct alleged herein as "DEFENDANTS" and/or "DEFENDANT."

4 |     5.     DEFENDANT operates a consumer goods company throughout California,
5 | including in the county of Contra Costa, where PLAINTIFF worked.

6 |     6.     PLAINTIFF was employed by DEFENDANTS in California from November of
7 | 2022 to May of 2023 as a non-exempt employee, paid on an hourly basis, and entitled to the
8 | legally required meal and rest periods and payment of minimum and overtime wages due for all
9 | time worked.

10 |     7.     PLAINTIFF brings this Class Action on behalf of himself and a California class,
11 | defined as all persons who are or previously were employed by Defendant Henkel US Operations
12 | and/or Defendant Henkel of America and/or Defendant Henkel Corporation in California and
13 | classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period
14 | beginning four (4) years prior to the filing of this Complaint and ending on the date as determined
15 | by the Court (the "CLASS PERIOD"). The amount in controversy for the aggregate claim of the
16 | CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

17 |     8.     PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA
18 | CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during
19 | the CLASS PERIOD caused by DEFENDANTS' uniform policy and practice which failed to
20 | lawfully compensate these employees. DEFENDANTS' uniform policy and practice alleged
21 | herein was an unlawful, unfair, and deceptive business practice whereby DEFENDANTS retained
22 | and continue to retain wages due PLAINTIFF and the other members of the CALIFORNIA
23 | CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction
24 | enjoining such conduct by DEFENDANTS in the future, relief for the named PLAINTIFF and
25 | the other members of the CALIFORNIA CLASS who have been economically injured by
26 | DEFENDANTS' past and current unlawful conduct, and all other appropriate legal and equitable
27 | relief.
28 | ///

9.     The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of DEFENDANTS DOES 1 through 50, inclusive, are presently unknown to PLAINTIFFS who therefore sues these DEFENDANTS by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFFS will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFFS is informed and believes, and based upon that information and belief alleges, that the DEFENDANTS named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

10.     The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

11.     DEFENDANTS were PLAINTIFF's employers or persons acting on behalf of the PLAINTIFF's employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to civil penalties for each underpaid employee, as set forth in Labor Code § 558, at all relevant times.

12.     DEFENDANTS were PLAINTIFF's employers or persons acting on behalf of PLAINTIFF's employer either individually or as an officer, agent, or employee of another person, within the meaning of California Labor Code § 1197.1, who paid or caused to be paid to any employee a wage less than the minimum fixed by California state law, and as such, are subject to civil penalties for each underpaid employee.

13.    DEFENDANTS' uniform policies and practices alleged herein were unlawful, unfair, and deceptive business practices whereby DEFENDANTS retained and continue to retain wages due to PLAINTIFF and other members of the CALIFORNIA CLASS.

14.    PLAINTIFF and other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANTS in the future, relief for the named PLAINTIFF and other members of the CALIFORNIA CLASS who has been economically injured by DEFENDANTS' past and current unlawful conduct, and all other appropriate legal and equitable relief.

## JURISDICTION AND VENUE

15.    This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

16.    Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because DEFENDANTS operate in locations across California, employ the CALIFORNIA CLASS across California, including in this County, and committed the wrongful conduct herein alleged in this County against the CALIFORNIA CLASS.

## THE CONDUCT

17.    In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANTS as a matter of company policy, practice, and procedure, intentionally, knowingly, and systematically failed to provide legally compliant meal and rest periods, failed to accurately compensate PLAINTIFF and the other members of the CALIFORNIA CLASS for missed meal and rest periods, failed to pay PLAINTIFFS and the other members of the CALIFORNIA CLASS for all time worked, failed compensate PLAINTIFF for off-the-clock work, failed to pay PLAINTIFF and the other members of the CALIFORNIA CLASS overtime at the correct regular rate of pay, failed to compensate PLAINTIFF and other members of the CALIFORNIA CLASS meal and rest premiums at the regular rate of pay, failed to pay PLAINTIFF and other CALIFORNIA CLASS

1  Members redeemed sick pay at the regular rate of pay, failed to reimburse PLAINTIFF and other
2  CALIFORNIA CLASS Members for business expenses, and failed to issue to PLAINTIFF and
3  the members of the CALIFORNIA CLASS with accurate itemized wage statements showing,
4  among other things, all applicable hourly rates in effect during the pay periods and the
5  corresponding amount of time worked at each hourly rate. DEFENDANTS' uniform policies and
6  practices are intended to purposefully avoid the accurate and full payment for all time worked as
7  required by California law which allows DEFENDANTS to illegally profit and gain an unfair
8  advantage over competitors who comply with the law. To the extent equitable tolling operates to
9  toll claims by the CALIFORNIA CLASS against DEFENDANTS, the CLASS PERIOD should
10 be adjusted accordingly.

11    A. **Meal Period Violations**

12        18.    Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANTS
13 were required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked,
14 meaning the time during which an employee is subject to the control of an employer, including
15 all the time the employee is suffered or permitted to work. From time to time during the CLASS
16 PERIOD, DEFENDANT required PLAINTIFF and CALIFORNIA CLASS Members to work
17 without paying them for all the time they were under DEFENDANTS' control. Specifically,
18 DEFENDANTS required PLAINTIFF to work while clocked out during what was supposed to
19 be PLAINTIFF's off-duty meal break. Indeed, there were many days where PLAINTIFF did not
20 even receive a partial lunch. As a result, the PLAINTIFF and other CALIFORNIA CLASS
21 Members forfeited minimum wage and overtime compensation by regularly working without their
22 time being accurately recorded and without compensation at the applicable minimum wage and
23 overtime rates. DEFENDANTS' uniform policy and practice not to pay PLAINTIFF and other
24 CALIFORNIA CLASS Members for all time worked is evidenced by DEFENDANTS' business
25 records.

26        19.    From time to time during the CLASS PERIOD, as a result of their rigorous work
27 schedules and DEFENDANTS' inadequate staffing practices, PLAINTIFF and other
28 CALIFORNIA CLASS Members are from time to time unable to take thirty (30) minute off duty

meal breaks and were not fully relieved of duty for their meal periods. PLAINTIFF and other CALIFORNIA CLASS Members are required to perform work as ordered by DEFENDANTS for more than five (5) hours during some shifts without receiving a meal break. Further, DEFENDANTS failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in which these employees are required by DEFENDANTS to work ten (10) hours of work. The nature of the work performed by PLAINTIFF and other CALIFORNIA CLASS Members does not qualify for the limited and narrowly construed "on-duty" meal period exception. When they were provided with meal periods, PLAINTIFF and other CALIFORNIA CLASS Members were, from time to time, required to remain on duty and on call. DEFENDANTS' failure to provide PLAINTIFF and the CALIFORNIA CLASS Members with legally required meal breaks is evidenced by DEFENDANTS' business records. As a result of their rigorous work schedules and DEFENDANTS' inadequate staffing, PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeit meal breaks without additional compensation and in accordance with DEFENDANTS' strict corporate policy and practice.

**B. Rest Period Violations**

20. From time to time during the CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members were also required to work in excess of four (4) hours without being provided ten (10) minute rest periods as a result of their rigorous work requirements and DEFENDANTS' inadequate staffing. Further, for the same reasons, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. When they were provided with rest breaks, PLAINTIFF and other CALIFORNIA CLASS Members were, from time to time, required to on duty and/or on call. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one-hour wages *in lieu* thereof. As a result of their rigorous work schedules and DEFENDANTS' inadequate staffing,

1 │ PLAINTIFF and other CALIFORNIA CLASS Members were from time to time denied their

2 │ proper rest periods by DEFENDANT and DEFENDANTS' managers.

3 │ **C. Unreimbursed Business Expenses**

4 │     21.   DEFENDANTS as a matter of corporate policy, practice, and procedure,

5 │ intentionally, knowingly, and systematically failed to reimburse and indemnify the PLAINTIFF

6 │ and the other CALIFORNIA CLASS Members for required business expenses incurred by the

7 │ PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging

8 │ their duties on behalf of DEFENDANTS. Under California Labor Code Section 2802, employers

9 │ are required to indemnify employees for all expenses incurred in the course and scope of their

10 │ employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or

11 │ her employee for all necessary expenditures or losses incurred by the employee in direct

12 │ consequence of the discharge of his or her duties, or of his or her obedience to the directions of

13 │ the employer, even though unlawful, unless the employee, at the time of obeying the directions,

14 │ believed them to be unlawful."

15 │     22.   In the course of their employment, DEFENDANTS required PLAINTIFF and

16 │ other CALIFORNIA CLASS Members to incur personal expenses for the maintenance of work

17 │ uniforms as a result of and in furtherance of their job duties. Specifically, PLAINTIFF and other

18 │ CALIFORNIA CLASS Members were required to maintain their work uniforms in order to

19 │ perform work and work-related tasks for DEFENDANTS.   However, DEFENDANTS

20 │ unlawfully failed to reimburse PLAINTIFF and other CALIFORNIA CLASS Members for the

21 │ use of their maintenance of work uniforms. As a result, in the course of their employment with

22 │ DEFENDANTS, the PLAINTIFF and other CALIFORNIA CLASS Members incurred

23 │ unreimbursed business expenses that included, but were not limited to, costs related to the

24 │ maintenance of work uniforms, all on behalf of and for the benefit of DEFENDANT.

25 │ **D. Wage Statement Violations**

26 │     23.   California Labor Code Section 226 required an employer to furnish its employees

27 │ and accurate itemized wage statement in writing showing (1) gross wages earned, (2) total hours

28 │ worked, (3) the number of piece-rate units earned and any applicable piece-rate, (4) all deductions,

1    (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the

2    name of the employee and only the last four digits of the employee's social security number or an

3    employee identification number other than a social security number, (8) the name and address of

4    the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay

5    period and the corresponding number of hours worked at each hourly rate by the employee.

6        24.    From time to time during the CLASS PERIOD, when PLAINTIFF and other

7    CALIFORNIA CLASS Members missed meal and rest breaks, or were paid inaccurately for

8    missed meal and rest period premiums, or were not paid for all hours worked, DEFENDANTS

9    also failed to provide PLAINTIFF and other CALIFORNIA CLASS Members with complete and

10   accurate wage statements which failed to show, among other things, all deductions, the total hours

11   worked and all applicable hourly rates in effect during the pay period and the corresponding

12   amount of time worked at each hourly rate, correct rates of pay for penalty payments or missed

13   meal and rest periods.

14       25.    In addition to the foregoing, DEFENDANTS, from time to time, failed to provide

15   PLAINTIFF and the CALIFORNIA CLASS Members with wage statements that comply with

16   Cal. Lab. Code § 226.

17       26.    As a result, DEFENDANTS issued PLAINTIFF and other members of the

18   CALIFORNIA CLASS with wage statements that violate Cal. Lab. Code § 226.   Further,

19   DEFENDANTS' violations are knowing and intentional, were not isolated due to an unintentional

20   payroll error due to clerical or inadvertent mistake.

21   **E.  Off-the-Clock Work Resulting in Minimum Wage and Overtime Violations**

22       27.    During the CLASS PERIOD, from time-to-time DEFENDANTS failed and

23   continues to fail to accurately pay PLAINTIFF and other members of the CALIFORNIA CLASS

24   for all hours worked.

25       28.    During the CLASS PERIOD, from time-to-time DEFENDANTS required

26   PLAINTIFF and other members of the CALIFORNIA CLASS to perform pre-shift or post-shift

27   work.  This resulted in PLAINTIFF and other members of the CALIFORNIA CLASS to have to

28   work while off-the-clock.

1       29.    DEFENDANTS directed and directly benefited from the undercompensated off-

2  the-clock work performed by PLAINTIFF and the other CALIFORNIA CLASS Members.

3       30.    DEFENDANTS controlled the work schedules, duties, and protocols, applications,

4  assignments, and employment conditions of PLAINTIFF and the other members of the

5  CALIFORNIA CLASS.

6       31.    DEFENDANTS were able to track the amount of time PLAINTIFF and the other

7  members of the CALIFORNIA CLASS spent working; however, DEFENDANTS failed to

8  document, track, or pay PLAINTIFF and the other members of the CALIFORNIA CLASS all

9  wages earned and owed for all the work they performed.

10      32.    PLAINTIFF and the other members of the CALIFORNIA CLASS were non-

11  exempt employees, subject to the requirements of the California Labor Code.

12      33.    DEFENDANTS' policies and practices deprived PLAINTIFF and the other

13  CALIFORNIA CLASS Members of all minimum regular, overtime, and double time wages owed

14  for the off-the-clock work activities.  Because PLAINTIFF and the other members of the

15  CALIFORNIA CLASS typically worked over forty (40) hours in a workweek, and more than

16  eight (8) hours per day, DEFENDANTS' policies and practices also deprived them of overtime

17  pay.

18      34.    DEFENDANTS knew or should have known that PLAINTIFF and the other

19  members of the CALIFORNIA CLASS off-the-clock work was compensable under the law.

20      35.    As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS

21  forfeited wages due to them for all hours worked at DEFENDANTS' direction, control, and

22  benefit for the time spent working while off-the-clock.  DEFENDANTS' uniform policy and

23  practice to not pay PLAINTIFF and the members of the CALIFORNIA CLASS wages for all

24  hours worked in accordance with applicable law is evidenced by DEFENDANTS' business

25  records.

26

27

28  ///

**CLASS ACTION COMPLAINT**

F. **Regular Rate Violation – Overtime, Double Time, Meal and Rest Period Premiums, and Redeemed Sick Pay**

36.    From time to time during the CLASS PERIOD, DEFENDANTS failed and continues to fail to accurately calculate and pay PLAINTIFF and the other CALIFORNIA CLASS Members for their overtime and double time hours worked, meal and rest period premiums, and redeemed sick pay.  As a result, PLAINTIFF and the other CALIFORNIA CLASS Members forfeited wages due to them for working overtime without compensation at the correct overtime and double time rates, meal and rest period premiums, and redeemed sick pay rates. DEFENDANTS' uniform policy and practice not to pay the CALIFORNIA CLASS Members at the correct rate for all overtime and double time worked, meal and rest period premiums, and sick pay in accordance with applicable law is evidenced by DEFENDANTS' business records.

37.    State law provides that employees must be paid overtime at one-and-one-half times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS Members were compensated at an hourly rate plus incentive pay that was tied to specific elements of an employee's performance.

38.    The second component of PLAINTIFF'S and other CALIFORNIA CLASS Members' compensation was DEFENDANTS' non-discretionary incentive program that paid PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANTS.  The non-discretionary bonus program provided all employees paid on an hourly basis with bonus compensation when the employees met the various performance goals set by DEFENDANTS.

39.    However, from time to time, when calculating the regular rate of pay in those pay periods where PLAINTIFF and other CALIFORNIA CLASS Members worked overtime, double time, paid meal and rest period premium payments, and/or redeemed sick pay, and earned non-discretionary bonuses, DEFENDANTS failed to accurately include the non-discretionary bonus compensation as part of the employee's "regular rate of pay" and/or calculated all hours worked rather than just all non-overtime hours worked.  Management and supervisors described the incentive/bonus program to potential and new employees as part of the compensation package.

1    As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA

2    CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted

3    in a systematic underpayment of overtime and double time compensation, meal and rest period

4    premium payments, and redeemed sick pay to PLAINTIFF and other CALIFORNIA CLASS

5    Members by DEFENDANTS. Specifically, California Labor Code Section 246 mandates that

6    paid sick time for non-exempt employees shall be calculated in the same manner as the regular

7    rate of pay for the workweek in which the non-exempt employee uses paid sick time, whether or

8    not the employee actually works overtime in that workweek. DEFENDANTS' conduct, as

9    articulated herein, by failing to include the incentive compensation as part of the "regular rate of

10   pay" for purposes of sick pay compensation was in violation of Cal. Lab. Code § 246 the

11   underpayment of which is recoverable under Cal. Lab. Code Sections 201, 202, 203, and/or 204.

12        40.    In violation of the applicable sections of the California Labor Code and the

13   requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANTS as a

14   matter of company policy, practice, and procedure, intentionally and knowingly failed to

15   compensate PLAINTIFF and the other members of the CALIFORNIA CLASS at the correct rate

16   of pay for all overtime and double time worked, meal and rest period premiums, and redeemed

17   sick pay as required by California law which allowed DEFENDANTS to illegally profit and gain

18   an unfair advantage over competitors who complied with the law. To the extent equitable tolling

19   operates to toll claims by the CALIFORNIA CLASS Members against DEFENDANTS, the

20   CLASS PERIOD should be adjusted accordingly.

21   **G. Unlawful Deductions**

22        41.    DEFENDANTS, from time-to-time unlawfully deducted wages from PLAINTIFF

23   and CALIFORNIA CLASS Members' pay without explanations and without authorization to do

24   so or notice to PLAINTIFF and the CALIFORNIA CLASS Members. As a result,

25   DEFENDANTS violated Labor Code § 221.

26   **H. Sick Pay Violations**

27        42.    Cal. Labor Code Section 246 (a)(1) mandates that "An employee who, on or after

28   July 1, 2015, works in California for the same employer for 30 or more days within a year from

1   the commencement of employment is entitled to paid sick days as specified in this section."

2   Further, Cal. Labor Code Sections 246(b)-(d) provide for the sick day accrual requirements.

3   From time to time, DEFENDANT failed to have a policy or practice in place that provided

4   PLAINTIFF and other members of the CALIFORNIA CLASS with sick days and/or paid sick

5   leave.

6       43.    California Labor Code Section 246(i) requires an employer to furnish its

7   employees with written wage statements setting forth the amount of paid sick leave available.

8   From time to time, DEFENDANT violated Cal. Lab. Code § 246 by failing to furnish

9   PLAINTIFF and other members of the CALIFORNIA CLASS with wage statements setting

10  forth the amount of paid sick leave available.

11  **I.   Timekeeping Manipulation**

12      44.    During the CLASS PERIOD, DEFENDANTS, from time-to-time, did not have an

13  immutable timekeeping system to accurately record and pay PLAINTIFF and other members of

14  the CALIFORNIA CLASS for the actual time PLAINTIFF and other members of the

15  CALIFORNIA CLASS worked each day, including regular time, overtime hours, sick pay, meal

16  and rest breaks. As a result, DEFENDANT was able to and did in fact, unlawfully, and

17  unilaterally alter the time recorded in DEFENDANTS' timekeeping system for PLAINTIFF and

18  other members of the CALIFORNIA CLASS in order to avoid paying these employees for all

19  hours worked, applicable overtime compensation, applicable sick pay, missed meal breaks and

20  missed rest breaks.

21      45.    As a result, PLAINTIFF and other members of the CALIFORNIA CLASS, from

22  time-to-time, forfeited time worked by working without their time being accurately recorded and

23  without compensation at the applicable pay rates.

24      46.    The mutability of the timekeeping system also allowed DEFENDANTS to alter

25  employee time records by recording fictitious thirty (30) minute meal breaks in DEFENDANTS'

26  timekeeping system so as to create the appearance that PLAINTIFF and other members of the

27  CALIFORNIA CLASS clocked out for thirty (30) minute meal break when in fact the employees

28  were not at all times provided an off-duty meal break. This practice is a direct result of

**CLASS ACTION COMPLAINT**

1   DEFENDANTS' uniform policy and practice of denying employees uninterrupted thirty (30)

2   minute off-duty meal breaks each day or otherwise compensate them for missed meal breaks.

3        47.    As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS

4   forfeited wages due them for all hours worked at DEFENDANTS' direction, control and benefit

5   for the time the timekeeping system was inoperable. DEFENDANTS' uniform policy and

6   practice to not pay PLAINTIFF and the members of the CALIFORNIA CLASS wages for all

7   hours worked in accordance with applicable law is evidenced by DEFENDANTS' business

8   records.

9   **J.  Unlawful Rounding Practices**

10       48.    During the CALIFORNIA CLASS PERIOD, DEFENDANTS did not have in

11  place an immutable timekeeping system to accurately record and pay PLAINTIFFS and other

12  CALIFORNIA CLASS Members for the actual time these employees worked each day,

13  including overtime hours. Specifically, DEFENDANTS had in place an unlawful rounding

14  policy and practice that resulted in PLAINTIFFS and CALIFORNIA CLASS Members being

15  undercompensated for all of their time worked. As a result, DEFENDANTS were able to and did

16  in fact unlawfully, and unilaterally round the time recorded in DEFENDANTS' timekeeping

17  system for PLAINTIFFS and the members of the CALIFORNIA CLASS in order to avoid paying

18  these employees for all their time worked, including the applicable overtime compensation for

19  overtime worked. As a result, PLAINTIFFS and other CALIFORNIA CLASS Members, from

20  time to time, forfeited compensation for their time worked by working without their time being

21  accurately recorded and without compensation at the applicable overtime rates.

22       49.    Further, the mutability of DEFENDANTS' timekeeping system and unlawful

23  rounding policy and practice resulted in PLAINTIFFS and CALIFORNIA CLASS Members'

24  time being inaccurately recorded. As a result, from time to time, DEFENDANTS' unlawful

25  rounding policy and practice caused PLAINTIFFS and CALIFORNIA CLASS Members to

26  perform work as ordered by DEFENDANTS for more than five (5) hours during a shift without

27  receiving an off-duty meal break.

28  ///

**K. Violations for Untimely Payment of Wages**

50.    Pursuant to California Labor Code section 204, PLAINTIFF and the CALIFORNIA CLASS members were entitled to timely payment of wages during their employment. PLAINTIFF and the CALIFORNIA CLASS members, from time to time, did not receive payment of all wages, including, but not limited to, overtime wages, minimum wages, meal period premium wages, and rest period premium wages within permissible time period.

51.    Pursuant to Cal. Lab. Code § 201, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Pursuant to Cal. Lab. Code § 202, if an employee quits his or her employment, "his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." PLAINTIFF and the CALIFORNIA CLASS Members were, from time to time, not timely provided the wages earned and unpaid at the time of their discharge and/or at the time of quitting, in violation of Cal. Lab. Code §§ 201 and 202.

52.    As such, PLAINTIFF demands up to thirty days of pay as penalty for not timely paying all wages due at time of termination for all CALIFORNIA CLASS Members whose employment ended during the CLASS PERIOD.

53.    Specifically, as to PLAINTIFF, PLAINTIFF was from time to time unable to take off duty meal and rest breaks and was not fully relieved of duty for his rest and meal periods. PLAINTIFF was required to perform work as ordered by DEFENDANTS for more than five (5) hours during a shift without receiving an off-duty meal break. Further, DEFENDANTS failed to provide PLAINTIFF with a second off-duty meal period each workday in which he was required by DEFENDANTS to work ten (10) hours of work. When DEFENDANTS provided PLAINTIFF with a rest break, they required PLAINTIFF to remain on-duty and on-call for the rest break. DEFENDANTS policy caused PLAINTIFF to remain on-call and on-duty during what was supposed to be his off-duty meal periods. PLAINTIFF therefore forfeited meal and rest breaks without additional compensation and in accordance with DEFENDANTS' strict corporate policy and practice. Moreover, DEFENDANTS also provided PLAINTIFF with

1  paystubs that failed to comply with Cal. Lab. Code § 226. Further, DEFENDANTS also failed

2  to reimburse PLAINTIFF for required business expenses related to the personal expenses

3  incurred for the maintenance of his work uniform, on behalf of and in furtherance of his

4  employment with DEFENDANTS. To date, DEFENDANTS have not fully paid PLAINTIFF

5  the minimum, overtime and double time compensation still owed to him or any penalty wages

6  owed to him under Cal. Lab. Code § 203. The amount in controversy for PLAINTIFF

7  individually does not exceed the sum or value of $75,000.

8                               **CLASS ACTION ALLEGATIONS**

9       54.    PLAINTIFF brings this Class Action on behalf of himself, and a California class

10  defined as all persons who are or previously were employed by Defendant Henkel US Operations

11  and/or Defendant Henkel of America and/or Defendant Henkel Corporation in California and

12  classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period

13  beginning four (4) years prior to the filing of this Complaint and ending on the date as determined

14  by the Court (the "CLASS PERIOD").

15      55.    PLAINTIFF and the other CALIFORNIA CLASS Members have uniformly been

16  deprived of wages and penalties from unpaid wages earned and due, including but not limited to

17  unpaid minimum wages, unpaid overtime compensation, unpaid meal and rest period premiums,

18  illegal meal and rest period policies, failed to reimburse for business expenses, failed compensate

19  for off-the-clock work, failure to provide accurate itemized wage statements, failure to maintain

20  required records, and interest, statutory and civil penalties, attorney's fees, costs, and expenses.

21      56.    The members of the class are so numerous that joinder of all class members is

22  impractical.

23      57.    Common questions of law and fact regarding DEFENDANTS' conduct, including

24  but not limited to, off-the-clock work, unpaid meal and rest period premiums, failure to accurately

25  calculate the regular rate of pay for overtime compensation, failure to accurately calculate the

26  regular rate of compensation for missed meal and rest period premiums, failing to provide legally

27  compliant meal and rest periods, failure to reimburse for business expenses, failure to provide

28  accurate itemized wage statements accurate, and failure to ensure they are paid at least minimum

wage and overtime, exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

  a.   Whether DEFENDANT maintained legally compliant meal period policies and practices;

  b.   Whether DEFENDANT maintained legally compliant rest period policies and practices;

  c.   Whether DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA CLASS Members accurate premium payments for missed meal and rest periods;

  d.   Whether DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA CLASS Members accurate overtime wages;

  e.   Whether DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA CLASS Members at least minimum wage for all hours worked;

  f.   Whether DEFENDANT failed to compensate PLAINTIFF and the CALIFORNIA CLASS Members for required business expenses;

  g.   Whether DEFENDANT issued legally compliant wage statements;

  h.   Whether DEFENDANT committed an act of unfair competition by systematically failing to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked;

  i.   Whether DEFENDANT committed an act of unfair competition by systematically failing to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work;

  j.   Whether DEFENDANT committed an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods.

**CLASS ACTION COMPLAINT**

1    58.    PLAINTIFF is a member of the CALIFORNIA CLASS and suffered damages as

2  a result of DEFENDANTS' conduct and actions alleged herein.

3    59.    PLAINTIFF'S claims are typical of the claims of the CALIFORNIA CLASS, and

4  PLAINTIFF has the same interests as the other members of the class.

5    60.    PLAINTIFF will fairly and adequately represent and protect the interests of the

6  CALIFORNIA CLASS Members.

7    61.    PLAINTIFF retained able class counsel with extensive experience in class action

8  litigation.

9    62.    Further, PLAINTIFF's interests are coincident with, and not antagonistic to, the

10  interest of the other CALIFORNIA CLASS Members.

11    63.    There is a strong community of interest among PLAINTIFF and the members of

12  the CALIFORNIA CLASS to, inter alia, ensure that the combined assets of DEFENDANTS are

13  sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries

14  sustained.

15    64.    The questions of law and fact common to the CALIFORNIA CLASS Members

16  predominate over any questions affecting only individual members, including legal and factual

17  issues relating to liability and damages.

18    65.    A class action is superior to other available methods for the fair and efficient

19  adjudication of this controversy because joinder of all class members in impractical. Moreover,

20  since the damages suffered by individual members of the class may be relatively small, the

21  expense and burden of individual litigation makes it practically impossible for the members of

22  the class individually to redress the wrongs done to them. Without class certification and

23  determination of declaratory, injunctive, statutory, and other legal questions within the class

24  format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will

25  create the risk of:

26        a.    Inconsistent or varying adjudications with respect to individual members of the

27            CALIFORNIA CLASS which would establish incompatible standards of conduct

28            for the parties opposing the CALIFORNIA CLASS; and/or,

1        b.  Adjudication with respect to individual members of the CALIFORNIA CLASS

2            which would as a practical matter be dispositive of the interests of the other

3            members not party to the adjudication or substantially impair or impeded their

4            ability to protect their interests.

5      66.    Class treatment provides manageable judicial treatment calculated to bring an

6 efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of

7 the conduct of DEFENDANT.

8                         **FIRST CAUSE OF ACTION**

9                       **Unlawful Business Practices**

10             **(Cal. Bus. And Prof. Code §§ 17200, *et seq.*)**

11     **(Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

12      67.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

13 incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

14 Complaint.

15      68.    DEFENDANT is a "person" as that term is defined under Cal. Bus. And Prof.

16 Code § 17021.

17      69.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines

18 unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203

19 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition

20 as follows:

21        Any person who engages, has engaged, or proposes to engage in unfair competition may
          be enjoined in any court of competent jurisdiction. The court may make such orders or

22        judgments, including the appointment of a receiver, as may be necessary to prevent the
          use or employment by any person of any practice which constitutes unfair competition, as

23        defined in this chapter, or as may be necessary to restore to any person in interest any
          money or property, real or personal, which may have been acquired by means of such

24        unfair competition. (Cal. Bus. & Prof. Code § 17203).

25      70.    By the conduct alleged herein, DEFENDANTS have engaged and continue to

26 engage in a business practice which violates California law, including but not limited to, the

27 applicable Wage Order(s), the California Code of Regulations and the California Labor Code

28 including Sections 201, 202, 203, 204, 210, 226.7, 510, 512, 558, 1194, 1197, 1197.1, 1198, and

1   2802, for which this Court should issue declaratory and other equitable relief pursuant to Cal.
2   Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to
3   constitute unfair competition, including restitution of wages wrongfully withheld.

4   71.    By the conduct alleged herein, DEFENDANTS' practices were unlawful and
5   unfair in that these practices violated public policy, were immoral, unethical, oppressive
6   unscrupulous or substantially injurious to employees, and were without valid justification or
7   utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203
8   of the California Business & Professions Code, including restitution of wages wrongfully
9   withheld.

10   72.    By the conduct alleged herein, DEFENDANTS' practices were deceptive and
11   fraudulent in that DEFENDANTS' uniform policy and practice failed to provide the legally
12   mandated meal and rest periods and the required amount of compensation for missed meal and
13   rest periods, failed to pay minimum and overtime wages owed, and failed to reimburse all
14   necessary business expenses incurred, due to a systematic business practice that cannot be
15   justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission
16   requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should
17   issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including
18   restitution of wages wrongfully withheld.

19   73.    By the conduct alleged herein, DEFENDANTS' practices were also unlawful,
20   unfair, and deceptive in that DEFENDANTS' employment practices caused PLAINTIFF and the
21   other members of the CALIFORNIA CLASS to be underpaid during their employment with
22   DEFENDANTS.

23   74.    By the conduct alleged herein, DEFENDANTS' practices were also unfair and
24   deceptive in that DEFENDANTS' uniform policies, practices and procedures failed to provide
25   mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members as
26   required by Cal. Lab. Code §§ 226.7 and 512.

27   75.    Therefore, PLAINTIFF demands on behalf of himself and on behalf of each
28   CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty meal

1   period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for

2   each workday in which a second off-duty meal period was not timely provided for each ten (10)

3   hours of work.

4       76.    PLAINTIFF further demands on behalf of himself and on behalf of each

5   CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest period was

6   not timely provided as required by law.

7       77.    By and through the unlawful and unfair business practices described herein,

8   DEFENDANTS have obtained valuable property, money and services from PLAINTIFF and the

9   other members of the CALIFORNIA CLASS, including earned wages for all time worked, and

10  has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

11  detriment of these employees and to the benefit of DEFENDANTS so as to allow DEFENDANTS

12  to unfairly compete against competitors who comply with the law.

13      78.    All the acts described herein as violations of, among other things, the Industrial

14  Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor

15  Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive, and

16  unscrupulous, were deceptive, and thereby constitute unlawful, unfair, and deceptive business

17  practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

18      79.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

19  and do, seek such relief as may be necessary to restore to them the money and property which

20  DEFENDANTS have acquired, or of which PLAINTIFF and the other members of the

21  CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair

22  business practices, including earned but unpaid wages for all time worked.

23      80.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

24  entitled to, and do, seek a declaration that the described business practices are unlawful, unfair,

25  and deceptive, and that injunctive relief should be issued restraining DEFENDANTS from

26  engaging in any unlawful and unfair business practices in the future.

27      PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy

28  and/or adequate remedy at law that will end the unlawful and unfair business practices of

1  DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a

2  result of the unlawful and unfair business practices described herein, PLAINTIFF and the other

3  members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal

4  and economic harm unless DEFENDANTS are restrained from continuing to engage in these

5  unlawful and unfair business practices.

6  **SECOND CAUSE OF ACTION**

7  **Failure To Pay Minimum Wages**

8  **(Cal. Lab. Code §§ 1194, 1197 and 1197.1)**

9  **Alleged by PLAINTIFF and the CALIFORNIA CLASS against ALL Defendants)**

10  81.  PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

11  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

12  Complaint.

13  82.  PLAINTIFF and the other members of the CALIFORNIA CLASS bring a claim

14  for DEFENDANTs' willful and intentional violations of the California Labor Code and the

15  Industrial Welfare Commission requirements for DEFENDANTS' failure to accurately calculate

16  and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

17  83.  Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public

18  policy, an employer must timely pay its employees for all hours worked.

19  84.  Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the

20  commission is the minimum wage to be paid to employees, and the payment of a less wage than

21  the minimum so fixed in unlawful.

22  85.  Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

23  including minimum wage compensation and interest thereon, together with the costs of suit.

24  86.  DEFENDANTS maintained a uniform wage practice of paying PLAINTIFF and

25  the other members of the CALIFORNIA CLASS without regard to the correct amount of time

26  they work.  As set forth herein, DEFENDANTS' uniform policy and practice was to unlawfully

27  and intentionally deny timely payment of wages due to PLAINTIFF and the other members of

28  the CALIFORNIA CLASS.

87.    DEFENDANTS' uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA CLASS as a whole, as a result of implementing a uniform policy and practice that denies accurate compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS in regard to minimum wage pay.

88.    In committing these violations of the California Labor Code, DEFENDANTS inaccurately calculated the correct time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA CLASS. DEFENDANTS acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

89.    As a direct result of DEFENDANTS' unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANTS.

90.    During the CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

91.    By virtue of DEFENDANTS' unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them, and which will be ascertained according to proof at trial.

92.    DEFENDANTS knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS were under-compensated for their time worked. DEFENDANTS systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANTS perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA CLASS the correct minimum wages for their time worked.

93.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA CLASS for all time worked and provide them with the requisite compensation, DEFENDANTS acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

94.    PLAINTIFF and the other members of the CALIFORNIA CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANTS, in a sum as provided by the California Labor Code and/or other applicable statutes.    To the extent minimum wage compensation is determined to be owed to the CALIFORNIA CLASS Members who have terminated their employment, DEFENDANTS' conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA CLASS Members.  DEFENDANTS' conduct as alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA CLASS Members are entitled to seek and recover statutory costs.

### THIRD CAUSE OF ACTION

**Failure To Pay Overtime Compensation**

**(Cal. Lab. Code §§ 204, 510, 1194 and 1198)**

**(Alleged by PLAINTIFF and the CALIFORNIA CLASS against ALL Defendants)**

95.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

96.    PLAINTIFF and the other members of the CALIFORNIA CLASS bring a claim for DEFENDANTS' willful and intentional violations of the California Labor Code and the

**CLASS ACTION COMPLAINT**

1  Industrial Welfare Commission requirements for DEFENDANTS' failure to pay these employees
2  for all overtime worked, including, work performed in excess of eight (8) hours in a workday,
3  and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

4       97.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public
5  policy, an employer must timely pay its employees for all hours worked.

6       98.    Cal. Lab. Code § 510 provides that employees in California shall not be employed
7  more than eight (8) hours per workday and/or more than forty (40) hours per workweek unless
8  they receive additional compensation beyond their regular wages in amounts specified by law.

9       99.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,
10  including minimum and overtime compensation and interest thereon, together with the costs of
11  suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours
12  than those fixed by the Industrial Welfare Commission is unlawful.

13       100.   During the CLASS PERIOD, PLAINTIFF and CALIFORNIA CLASS Members
14  were required by DEFENDANTS to work for DEFENDANTS and were not paid for all the time
15  they worked, including overtime work.

16       101.   DEFENDANTS' uniform pattern of unlawful wage and hour practices manifested,
17  without limitation, applicable to the CALIFORNIA CLASS as a whole, as a result of
18  implementing a uniform policy and practice that failed to accurately record overtime worked by
19  PLAINTIFF and other CALIFORNIA CLASS Members and denied accurate compensation to
20  PLAINTIFF and the other members of the CALIFORNIA CLASS for overtime worked,
21  including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve
22  (12) hours in a workday, and/or forty (40) hours in any workweek.

23       102.   In committing these violations of the California Labor Code, DEFENDANTS
24  inaccurately recorded overtime worked and consequently underpaid the overtime worked by
25  PLAINTIFF and other CALIFORNIA CLASS Members.  DEFENDANTS acted in an illegal
26  attempt to avoid the payment of all earned wages, and other benefits in violation of the California
27  Labor Code, the Industrial Welfare Commission requirements and other applicable laws and
28  regulations.

1    103. As a direct result of DEFENDANTS' unlawful wage practices as alleged herein,

2  PLAINTIFF and the other members of the CALIFORNIA CLASS did not receive the correct

3  overtime compensation for their time worked for DEFENDANTS.

4    104. Cal. Lab. Code § 515 sets out various categories of employees who are exempt

5  from the overtime requirements of the law. None of these exemptions are applicable to

6  PLAINTIFF and the other members of the CALIFORNIA CLASS. Further, PLAINTIFF and the

7  other members of the CALIFORNIA CLASS are not subject to a valid collective bargaining

8  agreement that would preclude the causes of action contained herein this Complaint. Rather,

9  PLAINTIFF brings this Action on behalf of himself and the CALIFORNIA CLASS based on

10  DEFENDANTS' violations of non-negotiable, non-waivable rights provided by the State of

11  California.

12    105. During the CLASS PERIOD, PLAINTIFF and the other members of the

13  CALIFORNIA CLASS were paid less for overtime worked that they were entitled to, constituting

14  a failure to pay all earned wages.

15    106. DEFENDANTS failed to accurately pay PLAINTIFF and the other members of

16  the CALIFORNIA CLASS overtime wages for the time they worked which was in excess of the

17  maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194, & 1198, even

18  though PLAINTIFF and the other members of the CALIFORNIA CLASS were regularly required

19  to work, and did in fact work overtime, and did in fact work overtime as to which DEFENDANTS

20  failed to accurately record and pay as evidenced by DEFENDANTS' business records and

21  witnessed by employees.

22    107. By virtue of DEFENDANTS' unlawful failure to accurately pay all earned

23  compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS for the true

24  amount of overtime they worked, PLAINTIFF and the other members of the CALIFORNIA

25  CLASS have suffered and will continue to suffer an economic injury in amounts which are

26  presently unknown to them, and which will be ascertained according to proof at trial.

27    108. DEFENDANTS knew or should have known that PLAINTIFF and the other

28  members of the CALIFORNIA CLASS were undercompensated for their time worked.

**CLASS ACTION COMPLAINT**

1    DEFENDANTS systematically elected, either through intentional malfeasance or gross

2    nonfeasance, to not pay them for their labor as a matter of uniform company policy, practice and

3    procedure, and DEFENDANTS perpetrated this systematic scheme by refusing to pay

4    PLAINTIFF and the other members of the CALIFORNIA CLASS the correct overtime wages for

5    their overtime worked.

6         109.  In performing the acts and practices herein alleged in violation of California labor

7    laws, and refusing to compensate the members of the CALIFORNIA CLASS for all time worked

8    and provide them with the requisite compensation, DEFENDANTS acted and continue to act

9    intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the

10   CALIFORNIA CLASS with a conscious of and utter disregard for their legal rights, or the

11   consequences to them, and with the despicable intent of depriving them of their property and legal

12   rights, and otherwise causing them injury in order to increase company profits at the expense of

13   these employees.

14        110.  Therefore, PLAINTIFF and the other members of the CALIFORNIA CLASS

15   request recovery of overtime wages, according to proof, interest, statutory costs, as well as the

16   assessment of any statutory penalties against DEFENDANTS, in a sum as provided by the

17   California Labor Code and/or other applicable statutes. To the extent overtime compensation is

18   determined to be owed to the CALIFORNIA CLASS Members who have terminated their

19   employment, DEFENDANTS' conduct also violates Labor Code §§ 201 and/or 202, and therefore

20   these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which

21   penalties are sought herein. DEFENDANTS' conduct as alleged herein was willful, intentional,

22   and not in good faith. Further, PLAINTIFF and other CALIFORNIA CLASS Members are

23   entitled to seek and recover statutory costs.

24

25

26

27

28   / / /

**CLASS ACTION COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOURTH CAUSE OF ACTION**

**Failure To Provide Required Meal Periods**

**(Cal. Lab. Code §§ 226.7 & 512)**

**(Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

111.    PLAINTIFF and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

112.    During the CLASS PERIOD, DEFENDANTS failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA CLASS Members as required by the applicable Wage Order and Labor Code. The nature of the work performed by PLAINTIFF and CALIFORNIA CLASS Members did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were often not fully relieved of duty by DEFENDANTS for their meal periods. Additionally, DEFENDANTS' failure to provide PLAINTIFF and the CALIFORNIA CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANTS' business records.    Further, DEFENDANTS failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period in some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work.    As a result, PLAINTIFF and other members of the CALIFORNIA CLASS forfeited meal breaks without additional compensation and in accordance with DEFENDANTS' strict corporate policy and practice.

113.    DEFENDANTS further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

/ / /

**CLASS ACTION COMPLAINT**

1    114.    As a proximate result of the aforementioned violations, PLAINTIFF and

2    CALIFORNIA CLASS Members have been damaged in an amount according to proof at trial,

3    and seek all wages earned and due, interest, penalties, expenses and costs of suit.

4    **FIFTH CAUSE OF ACTION**

5    **Failure To Provide Required Rest Periods**

6    **(Cal. Lab. Code §§ 226.7 & 512)**

7    **(Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

8    115.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

9    incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

10    Complaint.

11    116.    From time to time, PLAINTIFF and other CALIFORNIA CLASS Members were

12    required to work in excess of four (4) hours without being provided ten (10) minute rest periods.

13    Further, these employees were denied their first rest periods of at least ten (10) minutes for some

14    shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10)

15    minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and

16    third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more.

17    PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one-hour

18    wages *in lieu* thereof. As a result of their rigorous work schedules, PLAINTIFF and other

19    CALIFORNIA CLASS Members were periodically denied their proper rest periods by

20    DEFENDANTS and DEFENDANTS' managers. In addition, DEFENDANTS failed to

21    compensate PLAINTIFF and other CALIFORNIA CLASS Members for their rest periods as

22    required by the applicable Wage Order and Labor Code. As a result, DEFENDANTS' failure to

23    provide PLAINTIFFS and the CALIFORNIA CLASS Members with all the legally required paid

24    rest periods is evidenced by DEFENDANTS' business records.

25    117.    DEFENDANTS further violated California Labor Code §§ 226.7 and the

26    applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA CLASS

27    Members who were not provided a rest period, in accordance with the applicable Wage Order,

28

1  one additional hour of compensation at each employee's regular rate of pay for each workday that

2  rest period was not provided.

3       118.   As a proximate result of the aforementioned violations, PLAINTIFF and

4  CALIFORNIA CLASS Members have been damaged in an amount according to proof at trial,

5  and seek all wages earned and due, interest, penalties, expenses and costs of suit.

6                                  **SIXTH CAUSE OF ACTION**

7                       **Failure To Provide Accurate Itemized Statements**

8                                    **(Cal. Lab. Code § 226)**

9            **(Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

10      119.   PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

11  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

12  Complaint.

13      120.   Cal. Labor Code § 226 provides that an employer must furnish employees with an

14  "accurate itemized" statement in writing showing:

15           a.   Gross wages earned,

16           b.   (2) total hours worked by the employee, except for any employee whose

17                compensation is solely based on a salary and who is exempt from payment of

18                overtime under subdivision (a) of Section 515 or any applicable order of the

19                Industrial Welfare Commission,

20           c.   the number of piece-rate units earned and any applicable piece rate if the employee

21                is paid on a piece-rate basis,

22           d.   all deductions, provided that all deductions made on written orders of the employee

23                may be aggregated and shown as one item,

24           e.   net wages earned,

25           f.   the inclusive dates of the period for which the employee is paid,

26           g.   the name of the employee and his or her social security number, except that by

27                January 1, 2008, only the last four digits of his or her social security number of an

28

1    employee identification number other than social security number may be shown

2    on the itemized statement,

3    h. the name and address of the legal entity that is the employer, and

4    i. all applicable hourly rates in effect during the pay period and the corresponding

5    number of hours worked at each hourly rate by the employee.

6   121. When DEFENDANTS did not accurately record PLAINTIFF'S and other

7 CALIFORNIA CLASS Members' missed meal and rest breaks, or were paid inaccurate missed

8 meal and rest break premiums, or were not paid for all hours worked, DEFENDANTS violated

9 Cal. Lab. Code § 226 in that DEFENDANTS failed to provide PLAINTIFFS and other

10 CALIFORNIA CLASS Members with complete and accurate wage statements which failed to

11 show, among other things, all deductions, the accurate gross wages earned, net wages earned, the

12 total hours worked and all applicable hourly rates in effect during the pay period and the

13 corresponding amount of time worked at each hourly rate, and correct rates of pay for penalty

14 payments or missed meal and rest periods.

15   122. Further, from time to time, DEFENDANTS issued wage statements that included

16 items such as vacation pay, meal break penalties, sick pay and double-counted shift differential

17 payments into the calculation for total hours worked, in violation of Cal. Lab. Code § 226(a)(2).

18   123. In addition to the foregoing, DEFENDANTS failed to provide itemized wage

19 statements to PLAINTIFF and members of the CALIFORNIA CLASS that complied with the

20 requirements of California Labor Code Section 226.

21   124. DEFENDANTS knowingly and intentionally failed to comply with Cal. Lab. Code

22 § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA

23 CLASS. These damages include, but are not limited to, costs expended calculating the correct

24 wages for all missed meal and rest breaks and the amount of employment taxes which were not

25 properly paid to state and federal tax authorities. These damages are difficult to estimate.

26 Therefore, PLAINTIFF and the other members of the CALIFORNIA CLASS may elect to recover

27 liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation

28 occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period

1    pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no

2    event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member

3    of the CALIFORNIA CLASS herein).

4                           **SEVENTH CAUSE OF ACTION**

5                           **Failure To Pay Wages When Due**

6                           **(Cal. Lab. Code § 203)**

7        **(Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

8        125.   PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

9    incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

10   Complaint.

11       126.   Cal. Lab. Code § 200 provides that:

12           As used in this article:

13       (d)    "Wages" includes all amounts for labor performed by employees of every
             description, whether the amount is fixed or ascertained by the standard of time,
14           task, piece, Commission basis, or other method of calculation.

         (e)    "Labor" includes labor, work, or service whether rendered or performed under
15           contract, subcontract, partnership, station plan, or other agreement if the to be
             paid for is performed personally by the person demanding payment.
16
         127.   Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges
17
     an employee, the wages earned and unpaid at the time of discharge are due and payable
18
     immediately."
19
         128.   Cal. Lab. Code § 202 provides, in relevant part, that:
20
             If an employee not having a written contract for a definite period quits his or her
21           employment, his or her wages shall become due and payable not later than 72 hours
             thereafter, unless the employee has given 72 hours previous notice of his or her intention
22           to quit, in which case the employee is entitled to his or her wages at the time of quitting.
             Notwithstanding any other provision of law, an employee who quits without providing a
23           72-hour notice shall be entitled to receive payment by mail if he or she so requests and
             designates a mailing address. The date of the mailing shall constitute the date of payment
24           for purposes of the requirement to provide payment within 72 hours of the notice of
             quitting.
25
         129.   There was no definite term in PLAINTIFFS' or any CALIFORNIA CLASS
26
     Members' employment contract.
27
         130.   Cal. Lab. Code § 203 provides:
28

---
                           **CLASS ACTION COMPLAINT**

1
2
3

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

4      131.    The employment of PLAINTIFF and many CALIFORNIA CLASS Members

5  terminated, and DEFENDANTS have not tendered payment of wages to these employees who

6  missed meal and rest breaks, as required by law.

7      132.    Therefore, as provided by Cal Lab. Code § 203, on behalf of themselves and the

8  members of the CALIFORNIA CLASS whose employment has, PLAINTIFF demands up to

9  thirty (30) days of pay as penalty for not paying all wages due at time of termination for all

10  employees who terminated employment during the CLASS PERIOD and demand an accounting

11  and payment of all wages due, plus interest and statutory costs as allowed by law.

12              **EIGHTH CAUSE OF ACTION**

13      **Failure To Reimburse Employees for Required Expenses**

14              **(Cal. Lab. Code §§ 2802)**

15  **(Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

16      133.  PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

17  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

18  Complaint.

19      134.  Cal. Lab. Code § 2802 provides, in relevant part, that:

20
21
22

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

23      135.  From time to time during the CLASS PERIOD, DEFENDANTS violated Cal. Lab.

24  Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA CLASS

25  members for required expenses incurred in the discharge of their job duties for DEFENDANTS'

26  benefit. DEFENDANTS failed to reimburse PLAINTIFF and the CALIFORNIA CLASS

27  members for expenses which included, but were not limited to, the maintenance of his work

28  uniform, all on behalf of and for the benefit of DEFENDANTS. Specifically, PLAINTIFF and

other CALIFORNIA CLASS Members were required by DEFENDANTS to maintain their work uniforms to execute their essential job duties on behalf of DEFENDANTS. DEFENDANTS' uniform policy, practice and procedure was to not reimburse PLAINTIFF and the CALIFORNIA CLASS members for expenses resulting from the maintenance of their work uniforms within the course and scope of their employment for DEFENDANTS. These expenses were necessary to complete their principal job duties. DEFENDANTS are estopped by DEFENDANTS' conduct to assert any waiver of this expectation. Although these expenses were necessary expenses incurred by PLAINTIFF and the CALIFORNIA CLASS members, DEFENDANTS failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

136.  PLAINTIFF therefore demand reimbursement for expenditures or losses incurred by him and the CALIFORNIA CLASS members in the discharge of their job duties for DEFENDANTS, or their obedience to the directions of DEFENDANTS, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

### NINTH CAUSE OF ACTION

### For Failure to Pay Vacation Wages

### (By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)

137.  PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

138.  At all relevant times, California Labor Code §227.3 provides for the following: Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination. The Labor Commissioner or a designated representative, in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness.

139.  At all times relevant, including at times throughout the four-year period preceding the filing of the original complaint, PLAINTIFF, and upon information and belief, and CALIFORNIA CLASS Members were subject to an employer policy and/or contract of

34

1  employment that provided for paid vacations not otherwise provided by a collective-bargaining

2  agreement.    Upon PLAINTIFF's and CALIFORNIA CLASS Members' separation of

3  employment, they had not used all of their vested vacation and thus their unused, vested vacation

4  was required to have been paid at their final rate upon separation of employment. As a result of

5  the failure to pay out the vested but unused vacation pay, DEFENDANTS violated Labor Code

6  §227.3. Further, DEFENDANTS from time to time subjected PLAINTIFF and CALIFORNIA

7  CLASS Members to forfeit their vested, but unused vacation time, in further violation of Cal.

8  Lab. Code § 227.3.

9      140.    PLAINTIFF seeks, on her behalf and on behalf of the CALIFORNIA CLASS, all

10  damages and remedies available under California Labor Code §227.3, including payment of the

11  vacation wages at the final rate.

12                              **PRAYER FOR RELIEF**

13      WHEREFORE, PLAINTIFF prays for a judgment against each Defendant, jointly and

14  severally, as follows:

15      1.  On behalf of the CALIFORNIA CLASS:

16          a.  That the Court certify the First Cause of Action asserted by the CALIFORNIA

17              CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

18          b.  An order temporarily, preliminarily and permanently enjoining and restraining

19              DEFENDANTS from engaging in similar unlawful conduct as set forth herein;

20          c.  An order requiring DEFENDANTS to pay all overtime wages and all sums

21              unlawfully withheld from compensation due to PLAINTIFF and the other members

22              of the CALIFORNIA CLASS; and

23          d.  Restitutionary disgorgement of DEFENDANTS' ill-gotten gains into a fluid fund

24              for restitution of the sums incidental to DEFENDANTS' violations due to

25              PLAINTIFF and to the other members of the CALIFORNIA CLASS.

26      2.  On behalf of the CALIFORNIA CLASS:

27          a.  That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and

28              Ninth Causes of Action asserted by the CALIFORNIA CLASS as a class action

1                pursuant to Cal. Code of Civ. Proc. § 382;

2        b.   Compensatory damages, according to proof at trial, including compensatory

3              damages for overtime compensation due to PLAINTIFF and the other members of

4              the CALIFORNIA CLASS, during the applicable CLASS PERIOD plus interest

5              thereon at the statutory rate;

6        c.   Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and

7              the applicable IWC Wage Order;

8        d.   The greater of all actual damages or fifty dollars ($50) for the initial pay period in

9              which a violation occurs and one hundred dollars ($100) per each member of the

10           CALIFORNIA CLASS for each violation in a subsequent pay period, not exceeding

11           an aggregate penalty of four thousand dollars ($4,000), and an award of costs for

12           violation of Cal. Lab. Code § 226

13      e.   The wages of all terminated employees from the CALIFORNIA CLASS as a

14           penalty from the due date thereof at the same rate until paid or until an action

15           therefore is commenced, in accordance with Cal. Lab. Code § 203.

16      f.   The amount of the expenses PLAINTIFF and each member of the CALIFORNIA

17           CLASS incurred in the course of their job duties, plus interest, and costs of suit.

28  ///

3.  On all claims:

    a.  An award of interest, including prejudgment interest at the legal rate;

    b.  Such other and further relief as the Court deems just and equitable; and

    c.  An award of penalties, attorneys' fees, and costs of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code § 218.5, § 226, § 246 and/or § 1194.

DATED:  July 24, 2023            **ZAKAY LAW GROUP, APLC**

                                    By:_____

                                      Shani O. Zakay, Esq.
                                      Attorney for PLAINTIFF

## **DEMAND FOR A JURY TRIAL**

PLAINTIFF demands a jury trial on issues triable to a jury.

DATED:  July 24, 2023            **ZAKAY LAW GROUP, APLC**

                                    By:_____

                                      Shani O. Zakay, Esq.
                                      Attorney for PLAINTIFF

Electronically Filed Superior Court of CA County of Contra Costa 7/24/2023 10:29 AM By: S. Gonzalez, Deputy

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Shani O. Zakay, Esq. (SBN 277924) Zakay Law Group, APLC 5440 Morehouse Drive, Suite 3600 San Diego, CA 92121 TELEPHONE NO.: (619) 255-9047   FAX NO.: (858) 404-9203 ATTORNEY FOR *(Name)*: PLAINTIFF | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME:
DE SANCTIS v. HENKEL US OPERATIONS CORPORATION, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: C23-01799 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: VIOLATION OF CAL. BUS. & PROF. CODE §17200 ET SEQ.
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 24, 2023
Shani O. Zakay, Esq.
_____
(TYPE OR PRINT NAME)                    ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courtinfo.ca.gov* |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

 **Superior Court of California, County of Los Angeles**

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com
(213) 683-1600
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
(833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.**  They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
https://dcba.lacounty.gov/countywidedrp/

**Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:

STATE BAR NUMBER

Reserved for Clerk's File Stamp

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
        (INSERT DATE)                                              (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1.  Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2.  At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3.  Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: | |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

Print      Save                    Clear

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK
BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

General Order Re )  ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation )  EXTENDING TIME TO RESPOND BY
Stipulations )  30 DAYS WHEN PARTIES AGREE
)  TO EARLY ORGANIZATIONAL
)  MEETING STIPULATION
_____)

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: *May 11, 2011*

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
)

FIRST AMENDED GENERAL ORDER

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)  Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i) Any printed document required pursuant to a Standing or General Order;

    ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii) Pleadings and motions that include points and authorities;

    iv) Demurrers;

    v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi) Motions for Summary Judgment/Adjudication; and

    vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

11)  SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

# EXHIBIT B



**null / ALL**
**Transmittal Number: 27455341**
**Date Processed: 08/14/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Melissa Jacobs<br>Henkel of America, Inc.<br>1 Henkel Way<br>Rocky Hill, CT 06067-3581 |
| **Electronic copy provided to:** | Sarah Jeffreys<br>Deborah Vennos |

| | |
|---|---|
| **Entity:** | Henkel of America, Inc.<br>Entity ID Number  2778107 |
| **Entity Served:** | Henkel Of America, Inc. |
| **Title of Action:** | Dino De Sanctis vs. Henkel US Operations Corporation |
| **Matter Name/ID:** | Dino De Sanctis vs. Henkel US Operations Corporation (14390922) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Contra Costa County Superior Court, CA |
| **Case/Reference No:** | C23-01799 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 08/10/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Zakay Law Group, APLC<br>619-255-9047 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically Filed Superior Court of CA County of Contra Costa 7/24/2023 10:29 AM By: S. Gonzalez, Deputy

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HENKEL US OPERATIONS CORPORATION, a Delaware corporation;
HENKEL OF AMERICA, INC., a Delaware corporation;  HENKEL
CORPORATION, a Delaware corporation; and DOES 1-50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DINO DE SANCTIS, an individual, on behalf of himself, and on behalf of
all persons similarly situated,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
    *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:                                                                 **CASE NUMBER:**
*(El nombre y dirección de la corte es):*                                                           *(Número del Caso):*
Superior Court of California - Contra Costa - Wakefield Taylor Court
725 Court Street
Martinez, CA 94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shani O. Zakay, Esq.     SBN:277924     Tel: (619) 255-9047  Fax: (858) 404-9203
Zakay Law Group, APLC - 5440 Morehouse Drive, Suite 3600, San Diego, CA 92121

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Henkel corporation, A Delaware corporation

    under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 08|10|2023

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Print This Form            For your protection and privacy, please            Clear This Form

Electronically Filed Superior Court of CA County of Contra Costa 7/24/2023 10:29 AM By: S. Gonzalez, Deputy

**ZAKAY LAW GROUP, APLC**
1  Shani O. Zakay (State Bar #277924)
2  Jackland K. Hom (State Bar #327243)
   Julieann Alvarado (State Bar #334727)
3  5440 Morehouse Drive, Suite 3600
   San Diego, CA 92121
4  Telephone: (619) 255-9047
   Facsimile: (858) 404-9203
5  *shani@zakaylaw.com*
6  *jackland@zakaylaw.com*
   *julieann@zakaylaw.com*
7
   **JCL LAW FIRM, APC**
8  Jean-Claude Lapuyade (State Bar #248676)
9  5440 Morehouse Drive, Suite 3600
   San Diego, CA 92121                                          SUMMONS ISSUED
10 Telephone: (619) 599-8292
   Facsimile: (619) 599-8291
11 *jlapuyade@jcl-lawfirm.com*              Per local Rule, This case is assigned to
12 Attorneys for PLAINTIFF                  Judge Treat, Charles S, for all purposes.

13              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14                **IN AND FOR THE COUNTY OF CONTRA COSTA**

15

| | |
|---|---|
| 16 DINO DE SANCTIS, an individual, on behalf of himself, and on behalf of all persons similarly situated, | Case No: C23-01799 |
| 17 | **CLASS ACTION COMPLAINT FOR:** |
| 18                      Plaintiff, | 1) UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §17200 *et seq*; |
| 19            v. | |
| 20 HENKEL US OPERATIONS CORPORATION, a Delaware corporation; | 2) FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1; |
| 21 HENKEL OF AMERICA, INC., a Delaware corporation; HENKEL CORPORATION, a | 3) FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq*; |
| 22 Delaware corporation; and DOES 1-50, Inclusive, | |
| 23 | 4) FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; |
| 24                    Defendants. | |
| 25 | 5) FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; |
| 26 | |
| 27 | |

28

---

1
**CLASS ACTION COMPLAINT**

6) FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;
7) FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203;
8) FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802;
9) FAILURE TO PAY VACATION WAGES DUE IN VIOLATION OF CAL. LAB. CODE 227.3.

**DEMAND FOR A JURY TRIAL**

PLAINTIFF DINO DE SANCTIS ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees, alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

## PRELIMINARY ALLEGATIONS

1.      Defendant HENKEL US OPERATIONS CORPORATION ("Defendant Henkel US Operations") is a Delaware corporation that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2.      Defendant HENKEL OF AMERICA, INC. ("Defendant Henkel of America") is a Delaware corporation that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

3.      Defendant HENKEL CORPORATION ("Defendant Henkel Corporation") is a Delaware corporation that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

4.      Defendant Henkel US Operations, Defendant Henkel of America and Defendant Henkel Corporation were the joint employers of PLAINTIFF and the other members of the CALIFORNIA CLASS as evidenced by the documents issued to PLAINTIFF and the other members of the CALIFORNIA CLASS, by the company PLAINTIFF and the other members of the CALIFORNIA CLASS performed work for respectively, and as these entities each exerted control over the hours, wages and/or working conditions of PLAINTIFF and the other members

1  of the CALIFORNIA CLASS. Therefore, Defendant Henkel US Operations, Defendant Henkel
2  of America and Defendant Henkel Corporation are jointly responsible as employers for the
3  conduct alleged herein as "DEFENDANTS" and/or "DEFENDANT."

4      5.      DEFENDANT operates a consumer goods company throughout California,
5  including in the county of Contra Costa, where PLAINTIFF worked.

6      6.      PLAINTIFF was employed by DEFENDANTS in California from November of
7  2022 to May of 2023 as a non-exempt employee, paid on an hourly basis, and entitled to the
8  legally required meal and rest periods and payment of minimum and overtime wages due for all
9  time worked.

10     7.      PLAINTIFF brings this Class Action on behalf of himself and a California class,
11 defined as all persons who are or previously were employed by Defendant Henkel US Operations
12 and/or Defendant Henkel of America and/or Defendant Henkel Corporation in California and
13 classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period
14 beginning four (4) years prior to the filing of this Complaint and ending on the date as determined
15 by the Court (the "CLASS PERIOD"). The amount in controversy for the aggregate claim of the
16 CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

17     8.      PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA
18 CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during
19 the CLASS PERIOD caused by DEFENDANTS' uniform policy and practice which failed to
20 lawfully compensate these employees. DEFENDANTS' uniform policy and practice alleged
21 herein was an unlawful, unfair, and deceptive business practice whereby DEFENDANTS retained
22 and continue to retain wages due PLAINTIFF and the other members of the CALIFORNIA
23 CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction
24 enjoining such conduct by DEFENDANTS in the future, relief for the named PLAINTIFF and
25 the other members of the CALIFORNIA CLASS who have been economically injured by
26 DEFENDANTS' past and current unlawful conduct, and all other appropriate legal and equitable
27 relief.
28 / / /

1        9.    The true names and capacities, whether individual, corporate, subsidiary,

2  partnership, associate or otherwise of DEFENDANTS DOES 1 through 50, inclusive, are

3  presently unknown to PLAINTIFFS who therefore sues these DEFENDANTS by such fictitious

4  names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFFS will seek leave to amend this

5  Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are

6  ascertained. PLAINTIFFS is informed and believes, and based upon that information and belief

7  alleges, that the DEFENDANTS named in this Complaint, including DOES 1 through 50,

8  inclusive, are responsible in some manner for one or more of the events and happenings that

9  proximately caused the injuries and damages hereinafter alleged.

10       10.   The agents, servants and/or employees of the Defendants and each of them acting

11  on behalf of the Defendants acted within the course and scope of his, her or its authority as the

12  agent, servant and/or employee of the Defendants, and personally participated in the conduct

13  alleged herein on behalf of the Defendants with respect to the conduct alleged herein.

14  Consequently, the acts of each Defendant are legally attributable to the other Defendants and all

15  Defendants are jointly and severally liable to PLAINTIFF and the other members of the

16  CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the

17  Defendants' agents, servants and/or employees.

18       11.   DEFENDANTS were PLAINTIFF's employers or persons acting on behalf of the

19  PLAINTIFF's employer, within the meaning of California Labor Code § 558, who violated or

20  caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision

21  regulating hours and days of work in any order of the Industrial Welfare Commission and, as

22  such, are subject to civil penalties for each underpaid employee, as set forth in Labor Code § 558,

23  at all relevant times.

24       12.   DEFENDANTS were PLAINTIFF's employers or persons acting on behalf of

25  PLAINTIFF's employer either individually or as an officer, agent, or employee of another person,

26  within the meaning of California Labor Code § 1197.1, who paid or caused to be paid to any

27  employee a wage less than the minimum fixed by California state law, and as such, are subject to

28  civil penalties for each underpaid employee.

13.    DEFENDANTS' uniform policies and practices alleged herein were unlawful, unfair, and deceptive business practices whereby DEFENDANTS retained and continue to retain wages due to PLAINTIFF and other members of the CALIFORNIA CLASS.

14.    PLAINTIFF and other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANTS in the future, relief for the named PLAINTIFF and other members of the CALIFORNIA CLASS who has been economically injured by DEFENDANTS' past and current unlawful conduct, and all other appropriate legal and equitable relief.

**JURISDICTION AND VENUE**

15.    This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

16.    Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because DEFENDANTS operate in locations across California, employ the CALIFORNIA CLASS across California, including in this County, and committed the wrongful conduct herein alleged in this County against the CALIFORNIA CLASS.

**THE CONDUCT**

17.    In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANTS as a matter of company policy, practice, and procedure, intentionally, knowingly, and systematically failed to provide legally compliant meal and rest periods, failed to accurately compensate PLAINTIFF and the other members of the CALIFORNIA CLASS for missed meal and rest periods, failed to pay PLAINTIFFS and the other members of the CALIFORNIA CLASS for all time worked, failed compensate PLAINTIFF for off-the-clock work, failed to pay PLAINTIFF and the other members of the CALIFORNIA CLASS overtime at the correct regular rate of pay, failed to compensate PLAINTIFF and other members of the CALIFORNIA CLASS meal and rest premiums at the regular rate of pay, failed to pay PLAINTIFF and other CALIFORNIA CLASS

1  Members redeemed sick pay at the regular rate of pay, failed to reimburse PLAINTIFF and other

2  CALIFORNIA CLASS Members for business expenses, and failed to issue to PLAINTIFF and

3  the members of the CALIFORNIA CLASS with accurate itemized wage statements showing,

4  among other things, all applicable hourly rates in effect during the pay periods and the

5  corresponding amount of time worked at each hourly rate. DEFENDANTS' uniform policies and

6  practices are intended to purposefully avoid the accurate and full payment for all time worked as

7  required by California law which allows DEFENDANTS to illegally profit and gain an unfair

8  advantage over competitors who comply with the law. To the extent equitable tolling operates to

9  toll claims by the CALIFORNIA CLASS against DEFENDANTS, the CLASS PERIOD should

10  be adjusted accordingly.

11  **A. <u>Meal Period Violations</u>**

12  18.    Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANTS

13  were required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked,

14  meaning the time during which an employee is subject to the control of an employer, including

15  all the time the employee is suffered or permitted to work. From time to time during the CLASS

16  PERIOD, DEFENDANT required PLAINTIFF and CALIFORNIA CLASS Members to work

17  without paying them for all the time they were under DEFENDANTS' control. Specifically,

18  DEFENDANTS required PLAINTIFF to work while clocked out during what was supposed to

19  be PLAINTIFF's off-duty meal break. Indeed, there were many days where PLAINTIFF did not

20  even receive a partial lunch. As a result, the PLAINTIFF and other CALIFORNIA CLASS

21  Members forfeited minimum wage and overtime compensation by regularly working without their

22  time being accurately recorded and without compensation at the applicable minimum wage and

23  overtime rates. DEFENDANTS' uniform policy and practice not to pay PLAINTIFF and other

24  CALIFORNIA CLASS Members for all time worked is evidenced by DEFENDANTS' business

25  records.

26  19.    From time to time during the CLASS PERIOD, as a result of their rigorous work

27  schedules and DEFENDANTS' inadequate staffing practices, PLAINTIFF and other

28  CALIFORNIA CLASS Members are from time to time unable to take thirty (30) minute off duty

1  meal breaks and were not fully relieved of duty for their meal periods. PLAINTIFF and other

2  CALIFORNIA CLASS Members are required to perform work as ordered by DEFENDANTS for

3  more than five (5) hours during some shifts without receiving a meal break. Further,

4  DEFENDANTS failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a

5  second off-duty meal period for some workdays in which these employees are required by

6  DEFENDANTS to work ten (10) hours of work.  The nature of the work performed by

7  PLAINTIFF and other CALIFORNIA CLASS Members does not qualify for the limited and

8  narrowly construed "on-duty" meal period exception.  When they were provided with meal

9  periods, PLAINTIFF and other CALIFORNIA CLASS Members were, from time to time,

10  required to remain on duty and on call. DEFENDANTS' failure to provide PLAINTIFF and the

11  CALIFORNIA CLASS Members with legally required meal breaks is evidenced by

12  DEFENDANTS' business records. As a result of their rigorous work schedules and

13  DEFENDANTS' inadequate staffing, PLAINTIFF and other members of the CALIFORNIA

14  CLASS therefore forfeit meal breaks without additional compensation and in accordance with

15  DEFENDANTS' strict corporate policy and practice.

16  **B. Rest Period Violations**

17      20.    From time to time during the CLASS PERIOD, PLAINTIFF and other

18  CALIFORNIA CLASS Members were also required to work in excess of four (4) hours without

19  being provided ten (10) minute rest periods as a result of their rigorous work requirements and

20  DEFENDANTS' inadequate staffing. Further, for the same reasons, these employees were denied

21  their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four

22  (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some

23  shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and

24  third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from

25  time to time. When they were provided with rest breaks, PLAINTIFF and other CALIFORNIA

26  CLASS Members were, from time to time, required to on duty and/or on call. PLAINTIFF and

27  other CALIFORNIA CLASS Members were also not provided with one-hour wages *in lieu*

28  thereof. As a result of their rigorous work schedules and DEFENDANTS' inadequate staffing,

1    PLAINTIFF and other CALIFORNIA CLASS Members were from time to time denied their

2    proper rest periods by DEFENDANT and DEFENDANTS' managers.

3    **C.** **Unreimbursed Business Expenses**

4    21.    DEFENDANTS as a matter of corporate policy, practice, and procedure,

5    intentionally, knowingly, and systematically failed to reimburse and indemnify the PLAINTIFF

6    and the other CALIFORNIA CLASS Members for required business expenses incurred by the

7    PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging

8    their duties on behalf of DEFENDANTS. Under California Labor Code Section 2802, employers

9    are required to indemnify employees for all expenses incurred in the course and scope of their

10    employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or

11    her employee for all necessary expenditures or losses incurred by the employee in direct

12    consequence of the discharge of his or her duties, or of his or her obedience to the directions of

13    the employer, even though unlawful, unless the employee, at the time of obeying the directions,

14    believed them to be unlawful."

15    22.    In the course of their employment, DEFENDANTS required PLAINTIFF and

16    other CALIFORNIA CLASS Members to incur personal expenses for the maintenance of work

17    uniforms as a result of and in furtherance of their job duties.  Specifically, PLAINTIFF and other

18    CALIFORNIA CLASS Members were required to maintain their work uniforms in order to

19    perform work and work-related tasks for DEFENDANTS.    However, DEFENDANTS

20    unlawfully failed to reimburse PLAINTIFF and other CALIFORNIA CLASS Members for the

21    use of their maintenance of work uniforms. As a result, in the course of their employment with

22    DEFENDANTS, the PLAINTIFF and other CALIFORNIA CLASS Members incurred

23    unreimbursed business expenses that included, but were not limited to, costs related to the

24    maintenance of work uniforms, all on behalf of and for the benefit of DEFENDANT.

25    **D.** **Wage Statement Violations**

26    23.    California Labor Code Section 226 required an employer to furnish its employees

27    and accurate itemized wage statement in writing showing (1) gross wages earned, (2) total hours

28    worked, (3) the number of piece-rate units earned and any applicable piece-rate, (4) all deductions,

1   (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the

2   name of the employee and only the last four digits of the employee's social security number or an

3   employee identification number other than a social security number, (8) the name and address of

4   the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay

5   period and the corresponding number of hours worked at each hourly rate by the employee.

6           24.    From time to time during the CLASS PERIOD, when PLAINTIFF and other

7   CALIFORNIA CLASS Members missed meal and rest breaks, or were paid inaccurately for

8   missed meal and rest period premiums, or were not paid for all hours worked, DEFENDANTS

9   also failed to provide PLAINTIFF and other CALIFORNIA CLASS Members with complete and

10  accurate wage statements which failed to show, among other things, all deductions, the total hours

11  worked and all applicable hourly rates in effect during the pay period and the corresponding

12  amount of time worked at each hourly rate, correct rates of pay for penalty payments or missed

13  meal and rest periods.

14          25.    In addition to the foregoing, DEFENDANTS, from time to time, failed to provide

15  PLAINTIFF and the CALIFORNIA CLASS Members with wage statements that comply with

16  Cal. Lab. Code § 226.

17          26.    As a result, DEFENDANTS issued PLAINTIFF and other members of the

18  CALIFORNIA CLASS with wage statements that violate Cal. Lab. Code § 226.  Further,

19  DEFENDANTS' violations are knowing and intentional, were not isolated due to an unintentional

20  payroll error due to clerical or inadvertent mistake.

21  **E.  Off-the-Clock Work Resulting in Minimum Wage and Overtime Violations**

22          27.    During the CLASS PERIOD, from time-to-time DEFENDANTS failed and

23  continues to fail to accurately pay PLAINTIFF and other members of the CALIFORNIA CLASS

24  for all hours worked.

25          28.    During the CLASS PERIOD, from time-to-time DEFENDANTS required

26  PLAINTIFF and other members of the CALIFORNIA CLASS to perform pre-shift or post-shift

27  work.  This resulted in PLAINTIFF and other members of the CALIFORNIA CLASS to have to

28  work while off-the-clock.

29.    DEFENDANTS directed and directly benefited from the undercompensated off-the-clock work performed by PLAINTIFF and the other CALIFORNIA CLASS Members.

30.    DEFENDANTS controlled the work schedules, duties, and protocols, applications, assignments, and employment conditions of PLAINTIFF and the other members of the CALIFORNIA CLASS.

31.    DEFENDANTS were able to track the amount of time PLAINTIFF and the other members of the CALIFORNIA CLASS spent working; however, DEFENDANTS failed to document, track, or pay PLAINTIFF and the other members of the CALIFORNIA CLASS all wages earned and owed for all the work they performed.

32.    PLAINTIFF and the other members of the CALIFORNIA CLASS were non-exempt employees, subject to the requirements of the California Labor Code.

33.    DEFENDANTS' policies and practices deprived PLAINTIFF and the other CALIFORNIA CLASS Members of all minimum regular, overtime, and double time wages owed for the off-the-clock work activities.  Because PLAINTIFF and the other members of the CALIFORNIA CLASS typically worked over forty (40) hours in a workweek, and more than eight (8) hours per day, DEFENDANTS' policies and practices also deprived them of overtime pay.

34.    DEFENDANTS knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS off-the-clock work was compensable under the law.

35.    As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS forfeited wages due to them for all hours worked at DEFENDANTS' direction, control, and benefit for the time spent working while off-the-clock.  DEFENDANTS' uniform policy and practice to not pay PLAINTIFF and the members of the CALIFORNIA CLASS wages for all hours worked in accordance with applicable law is evidenced by DEFENDANTS' business records.

///

**CLASS ACTION COMPLAINT**

**F.  Regular Rate Violation – Overtime, Double Time, Meal and Rest Period Premiums, and Redeemed Sick Pay**

36.    From time to time during the CLASS PERIOD, DEFENDANTS failed and continues to fail to accurately calculate and pay PLAINTIFF and the other CALIFORNIA CLASS Members for their overtime and double time hours worked, meal and rest period premiums, and redeemed sick pay.  As a result, PLAINTIFF and the other CALIFORNIA CLASS Members forfeited wages due to them for working overtime without compensation at the correct overtime and double time rates, meal and rest period premiums, and redeemed sick pay rates. DEFENDANTS' uniform policy and practice not to pay the CALIFORNIA CLASS Members at the correct rate for all overtime and double time worked, meal and rest period premiums, and sick pay in accordance with applicable law is evidenced by DEFENDANTS' business records.

37.    State law provides that employees must be paid overtime at one-and-one-half times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS Members were compensated at an hourly rate plus incentive pay that was tied to specific elements of an employee's performance.

38.    The second component of PLAINTIFF'S and other CALIFORNIA CLASS Members' compensation was DEFENDANTS' non-discretionary incentive program that paid PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANTS.  The non-discretionary bonus program provided all employees paid on an hourly basis with bonus compensation when the employees met the various performance goals set by DEFENDANTS.

39.    However, from time to time, when calculating the regular rate of pay in those pay periods where PLAINTIFF and other CALIFORNIA CLASS Members worked overtime, double time, paid meal and rest period premium payments, and/or redeemed sick pay, and earned non-discretionary bonuses, DEFENDANTS failed to accurately include the non-discretionary bonus compensation as part of the employee's "regular rate of pay" and/or calculated all hours worked rather than just all non-overtime hours worked.  Management and supervisors described the incentive/bonus program to potential and new employees as part of the compensation package.

1    As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA

2    CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted

3    in a systematic underpayment of overtime and double time compensation, meal and rest period

4    premium payments, and redeemed sick pay to PLAINTIFF and other CALIFORNIA CLASS

5    Members by DEFENDANTS. Specifically, California Labor Code Section 246 mandates that

6    paid sick time for non-exempt employees shall be calculated in the same manner as the regular

7    rate of pay for the workweek in which the non-exempt employee uses paid sick time, whether or

8    not the employee actually works overtime in that workweek. DEFENDANTS' conduct, as

9    articulated herein, by failing to include the incentive compensation as part of the "regular rate of

10   pay" for purposes of sick pay compensation was in violation of Cal. Lab. Code § 246 the

11   underpayment of which is recoverable under Cal. Lab. Code Sections 201, 202, 203, and/or 204.

12        40.    In violation of the applicable sections of the California Labor Code and the

13   requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANTS as a

14   matter of company policy, practice, and procedure, intentionally and knowingly failed to

15   compensate PLAINTIFF and the other members of the CALIFORNIA CLASS at the correct rate

16   of pay for all overtime and double time worked, meal and rest period premiums, and redeemed

17   sick pay as required by California law which allowed DEFENDANTS to illegally profit and gain

18   an unfair advantage over competitors who complied with the law. To the extent equitable tolling

19   operates to toll claims by the CALIFORNIA CLASS Members against DEFENDANTS, the

20   CLASS PERIOD should be adjusted accordingly.

21   **G. Unlawful Deductions**

22        41.    DEFENDANTS, from time-to-time unlawfully deducted wages from PLAINTIFF

23   and CALIFORNIA CLASS Members' pay without explanations and without authorization to do

24   so or notice to PLAINTIFF and the CALIFORNIA CLASS Members. As a result,

25   DEFENDANTS violated Labor Code § 221.

26   **H. Sick Pay Violations**

27        42.    Cal. Labor Code Section 246 (a)(1) mandates that "An employee who, on or after

28   July 1, 2015, works in California for the same employer for 30 or more days within a year from

1    the commencement of employment is entitled to paid sick days as specified in this section."

2    Further, Cal. Labor Code Sections 246(b)-(d) provide for the sick day accrual requirements.

3    From time to time, DEFENDANT failed to have a policy or practice in place that provided

4    PLAINTIFF and other members of the CALIFORNIA CLASS with sick days and/or paid sick

5    leave.

6        43.    California Labor Code Section 246(i) requires an employer to furnish its

7    employees with written wage statements setting forth the amount of paid sick leave available.

8    From time to time, DEFENDANT violated Cal. Lab. Code § 246 by failing to furnish

9    PLAINTIFF and other members of the CALIFORNIA CLASS with wage statements setting

10    forth the amount of paid sick leave available.

11    **I.    Timekeeping Manipulation**

12        44.    During the CLASS PERIOD, DEFENDANTS, from time-to-time, did not have an

13    immutable timekeeping system to accurately record and pay PLAINTIFF and other members of

14    the CALIFORNIA CLASS for the actual time PLAINTIFF and other members of the

15    CALIFORNIA CLASS worked each day, including regular time, overtime hours, sick pay, meal

16    and rest breaks. As a result, DEFENDANT was able to and did in fact, unlawfully, and

17    unilaterally alter the time recorded in DEFENDANTS' timekeeping system for PLAINTIFF and

18    other members of the CALIFORNIA CLASS in order to avoid paying these employees for all

19    hours worked, applicable overtime compensation, applicable sick pay, missed meal breaks and

20    missed rest breaks.

21        45.    As a result, PLAINTIFF and other members of the CALIFORNIA CLASS, from

22    time-to-time, forfeited time worked by working without their time being accurately recorded and

23    without compensation at the applicable pay rates.

24        46.    The mutability of the timekeeping system also allowed DEFENDANTS to alter

25    employee time records by recording fictitious thirty (30) minute meal breaks in DEFENDANTS'

26    timekeeping system so as to create the appearance that PLAINTIFF and other members of the

27    CALIFORNIA CLASS clocked out for thirty (30) minute meal break when in fact the employees

28    were not at all times provided an off-duty meal break. This practice is a direct result of

1  DEFENDANTS' uniform policy and practice of denying employees uninterrupted thirty (30)

2  minute off-duty meal breaks each day or otherwise compensate them for missed meal breaks.

3      47.    As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS

4  forfeited wages due them for all hours worked at DEFENDANTS' direction, control and benefit

5  for the time the timekeeping system was inoperable. DEFENDANTS' uniform policy and

6  practice to not pay PLAINTIFF and the members of the CALIFORNIA CLASS wages for all

7  hours worked in accordance with applicable law is evidenced by DEFENDANTS' business

8  records.

9  **J.   Unlawful Rounding Practices**

10     48.    During the CALIFORNIA CLASS PERIOD, DEFENDANTS did not have in

11  place an immutable timekeeping system to accurately record and pay PLAINTIFFS and other

12  CALIFORNIA CLASS Members for the actual time these employees worked each day,

13  including overtime hours. Specifically, DEFENDANTS had in place an unlawful rounding

14  policy and practice that resulted in PLAINTIFFS and CALIFORNIA CLASS Members being

15  undercompensated for all of their time worked. As a result, DEFENDANTS were able to and did

16  in fact unlawfully, and unilaterally round the time recorded in DEFENDANTS' timekeeping

17  system for PLAINTIFFS and the members of the CALIFORNIA CLASS in order to avoid paying

18  these employees for all their time worked, including the applicable overtime compensation for

19  overtime worked. As a result, PLAINTIFFS and other CALIFORNIA CLASS Members, from

20  time to time, forfeited compensation for their time worked by working without their time being

21  accurately recorded and without compensation at the applicable overtime rates.

22     49.    Further, the mutability of DEFENDANTS' timekeeping system and unlawful

23  rounding policy and practice resulted in PLAINTIFFS and CALIFORNIA CLASS Members'

24  time being inaccurately recorded. As a result, from time to time, DEFENDANTS' unlawful

25  rounding policy and practice caused PLAINTIFFS and CALIFORNIA CLASS Members to

26  perform work as ordered by DEFENDANTS for more than five (5) hours during a shift without

27  receiving an off-duty meal break.

28  / / /

**K. Violations for Untimely Payment of Wages**

50.    Pursuant to California Labor Code section 204, PLAINTIFF and the CALIFORNIA CLASS members were entitled to timely payment of wages during their employment. PLAINTIFF and the CALIFORNIA CLASS members, from time to time, did not receive payment of all wages, including, but not limited to, overtime wages, minimum wages, meal period premium wages, and rest period premium wages within permissible time period.

51.    Pursuant to Cal. Lab. Code § 201, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Pursuant to Cal. Lab. Code § 202, if an employee quits his or her employment, "his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." PLAINTIFF and the CALIFORNIA CLASS Members were, from time to time, not timely provided the wages earned and unpaid at the time of their discharge and/or at the time of quitting, in violation of Cal. Lab. Code §§ 201 and 202.

52.    As such, PLAINTIFF demands up to thirty days of pay as penalty for not timely paying all wages due at time of termination for all CALIFORNIA CLASS Members whose employment ended during the CLASS PERIOD.

53.    Specifically, as to PLAINTIFF, PLAINTIFF was from time to time unable to take off duty meal and rest breaks and was not fully relieved of duty for his rest and meal periods. PLAINTIFF was required to perform work as ordered by DEFENDANTS for more than five (5) hours during a shift without receiving an off-duty meal break. Further, DEFENDANTS failed to provide PLAINTIFF with a second off-duty meal period each workday in which he was required by DEFENDANTS to work ten (10) hours of work. When DEFENDANTS provided PLAINTIFF with a rest break, they required PLAINTIFF to remain on-duty and on-call for the rest break. DEFENDANTS policy caused PLAINTIFF to remain on-call and on-duty during what was supposed to be his off-duty meal periods. PLAINTIFF therefore forfeited meal and rest breaks without additional compensation and in accordance with DEFENDANTS' strict corporate policy and practice. Moreover, DEFENDANTS also provided PLAINTIFF with

1    paystubs that failed to comply with Cal. Lab. Code § 226. Further, DEFENDANTS also failed

2    to reimburse PLAINTIFF for required business expenses related to the personal expenses

3    incurred for the maintenance of his work uniform, on behalf of and in furtherance of his

4    employment with DEFENDANTS. To date, DEFENDANTS have not fully paid PLAINTIFF

5    the minimum, overtime and double time compensation still owed to him or any penalty wages

6    owed to him under Cal. Lab. Code § 203. The amount in controversy for PLAINTIFF

7    individually does not exceed the sum or value of $75,000.

8                          **CLASS ACTION ALLEGATIONS**

9            54.    PLAINTIFF brings this Class Action on behalf of himself, and a California class

10   defined as all persons who are or previously were employed by Defendant Henkel US Operations

11   and/or Defendant Henkel of America and/or Defendant Henkel Corporation in California and

12   classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period

13   beginning four (4) years prior to the filing of this Complaint and ending on the date as determined

14   by the Court (the "CLASS PERIOD").

15           55.    PLAINTIFF and the other CALIFORNIA CLASS Members have uniformly been

16   deprived of wages and penalties from unpaid wages earned and due, including but not limited to

17   unpaid minimum wages, unpaid overtime compensation, unpaid meal and rest period premiums,

18   illegal meal and rest period policies, failed to reimburse for business expenses, failed compensate

19   for off-the-clock work, failure to provide accurate itemized wage statements, failure to maintain

20   required records, and interest, statutory and civil penalties, attorney's fees, costs, and expenses.

21           56.    The members of the class are so numerous that joinder of all class members is

22   impractical.

23           57.    Common questions of law and fact regarding DEFENDANTS' conduct, including

24   but not limited to, off-the-clock work, unpaid meal and rest period premiums, failure to accurately

25   calculate the regular rate of pay for overtime compensation, failure to accurately calculate the

26   regular rate of compensation for missed meal and rest period premiums, failing to provide legally

27   compliant meal and rest periods, failure to reimburse for business expenses, failure to provide

28   accurate itemized wage statements accurate, and failure to ensure they are paid at least minimum

wage and overtime, exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

a. Whether DEFENDANT maintained legally compliant meal period policies and practices;

b. Whether DEFENDANT maintained legally compliant rest period policies and practices;

c. Whether DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA CLASS Members accurate premium payments for missed meal and rest periods;

d. Whether DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA CLASS Members accurate overtime wages;

e. Whether DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA CLASS Members at least minimum wage for all hours worked;

f. Whether DEFENDANT failed to compensate PLAINTIFF and the CALIFORNIA CLASS Members for required business expenses;

g. Whether DEFENDANT issued legally compliant wage statements;

h. Whether DEFENDANT committed an act of unfair competition by systematically failing to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked;

i. Whether DEFENDANT committed an act of unfair competition by systematically failing to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work;

j. Whether DEFENDANT committed an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods.

58.    PLAINTIFF is a member of the CALIFORNIA CLASS and suffered damages as a result of DEFENDANTS' conduct and actions alleged herein.

59.    PLAINTIFF'S claims are typical of the claims of the CALIFORNIA CLASS, and PLAINTIFF has the same interests as the other members of the class.

60.    PLAINTIFF will fairly and adequately represent and protect the interests of the CALIFORNIA CLASS Members.

61.    PLAINTIFF retained able class counsel with extensive experience in class action litigation.

62.    Further, PLAINTIFF's interests are coincident with, and not antagonistic to, the interest of the other CALIFORNIA CLASS Members.

63.    There is a strong community of interest among PLAINTIFF and the members of the CALIFORNIA CLASS to, inter alia, ensure that the combined assets of DEFENDANTS are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained.

64.    The questions of law and fact common to the CALIFORNIA CLASS Members predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

65.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members in impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. Without class certification and determination of declaratory, injunctive, statutory, and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

a.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

b.  Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of the interests of the other members not party to the adjudication or substantially impair or impeded their ability to protect their interests.

66.    Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT.

## FIRST CAUSE OF ACTION

### Unlawful Business Practices

### (Cal. Bus. And Prof. Code §§ 17200, *et seq.*)

### (Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)

67.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

68.    DEFENDANT is a "person" as that term is defined under Cal. Bus. And Prof. Code § 17021.

69.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. (Cal. Bus. & Prof. Code § 17203).

70.    By the conduct alleged herein, DEFENDANTS have engaged and continue to engage in a business practice which violates California law, including but not limited to, the applicable Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 201, 202, 203, 204, 210, 226.7, 510, 512, 558, 1194, 1197, 1197.1, 1198, and

1   2802, for which this Court should issue declaratory and other equitable relief pursuant to Cal.

2   Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to

3   constitute unfair competition, including restitution of wages wrongfully withheld.

4       71.   By the conduct alleged herein, DEFENDANTS' practices were unlawful and

5   unfair in that these practices violated public policy, were immoral, unethical, oppressive

6   unscrupulous or substantially injurious to employees, and were without valid justification or

7   utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203

8   of the California Business & Professions Code, including restitution of wages wrongfully

9   withheld.

10       72.   By the conduct alleged herein, DEFENDANTS' practices were deceptive and

11   fraudulent in that DEFENDANTS' uniform policy and practice failed to provide the legally

12   mandated meal and rest periods and the required amount of compensation for missed meal and

13   rest periods, failed to pay minimum and overtime wages owed, and failed to reimburse all

14   necessary business expenses incurred, due to a systematic business practice that cannot be

15   justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission

16   requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should

17   issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including

18   restitution of wages wrongfully withheld.

19       73.   By the conduct alleged herein, DEFENDANTS' practices were also unlawful,

20   unfair, and deceptive in that DEFENDANTS' employment practices caused PLAINTIFF and the

21   other members of the CALIFORNIA CLASS to be underpaid during their employment with

22   DEFENDANTS.

23       74.   By the conduct alleged herein, DEFENDANTS' practices were also unfair and

24   deceptive in that DEFENDANTS' uniform policies, practices and procedures failed to provide

25   mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members as

26   required by Cal. Lab. Code §§ 226.7 and 512.

27       75.   Therefore, PLAINTIFF demands on behalf of himself and on behalf of each

28   CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty meal

**CLASS ACTION COMPLAINT**

1  period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for

2  each workday in which a second off-duty meal period was not timely provided for each ten (10)

3  hours of work.

4      76.    PLAINTIFF further demands on behalf of himself and on behalf of each

5  CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest period was

6  not timely provided as required by law.

7      77.    By and through the unlawful and unfair business practices described herein,

8  DEFENDANTS have obtained valuable property, money and services from PLAINTIFF and the

9  other members of the CALIFORNIA CLASS, including earned wages for all time worked, and

10  has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

11  detriment of these employees and to the benefit of DEFENDANTS so as to allow DEFENDANTS

12  to unfairly compete against competitors who comply with the law.

13      78.    All the acts described herein as violations of, among other things, the Industrial

14  Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor

15  Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive, and

16  unscrupulous, were deceptive, and thereby constitute unlawful, unfair, and deceptive business

17  practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

18      79.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

19  and do, seek such relief as may be necessary to restore to them the money and property which

20  DEFENDANTS have acquired, or of which PLAINTIFF and the other members of the

21  CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair

22  business practices, including earned but unpaid wages for all time worked.

23      80.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

24  entitled to, and do, seek a declaration that the described business practices are unlawful, unfair,

25  and deceptive, and that injunctive relief should be issued restraining DEFENDANTS from

26  engaging in any unlawful and unfair business practices in the future.

27      PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy

28  and/or adequate remedy at law that will end the unlawful and unfair business practices of

**CLASS ACTION COMPLAINT**

1  DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a

2  result of the unlawful and unfair business practices described herein, PLAINTIFF and the other

3  members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal

4  and economic harm unless DEFENDANTS are restrained from continuing to engage in these

5  unlawful and unfair business practices.

6                                    **SECOND CAUSE OF ACTION**

7                                    **Failure To Pay Minimum Wages**

8                              **(Cal. Lab. Code §§ 1194, 1197 and 1197.1)**

9            **Alleged by PLAINTIFF and the CALIFORNIA CLASS against ALL Defendants)**

10          81.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

11  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

12  Complaint.

13          82.    PLAINTIFF and the other members of the CALIFORNIA CLASS bring a claim

14  for DEFENDANTs' willful and intentional violations of the California Labor Code and the

15  Industrial Welfare Commission requirements for DEFENDANTS' failure to accurately calculate

16  and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

17          83.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public

18  policy, an employer must timely pay its employees for all hours worked.

19          84.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the

20  commission is the minimum wage to be paid to employees, and the payment of a less wage than

21  the minimum so fixed in unlawful.

22          85.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

23  including minimum wage compensation and interest thereon, together with the costs of suit.

24          86.    DEFENDANTS maintained a uniform wage practice of paying PLAINTIFF and

25  the other members of the CALIFORNIA CLASS without regard to the correct amount of time

26  they work.  As set forth herein, DEFENDANTS' uniform policy and practice was to unlawfully

27  and intentionally deny timely payment of wages due to PLAINTIFF and the other members of

28  the CALIFORNIA CLASS.

87.   DEFENDANTS' uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA CLASS as a whole, as a result of implementing a uniform policy and practice that denies accurate compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS in regard to minimum wage pay.

88.   In committing these violations of the California Labor Code, DEFENDANTS inaccurately calculated the correct time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA CLASS. DEFENDANTS acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

89.   As a direct result of DEFENDANTS' unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANTS.

90.   During the CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

91.   By virtue of DEFENDANTS' unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them, and which will be ascertained according to proof at trial.

92.   DEFENDANTS knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS were under-compensated for their time worked. DEFENDANTS systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANTS perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA CLASS the correct minimum wages for their time worked.

93.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA CLASS for all time worked and provide them with the requisite compensation, DEFENDANTS acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

94.    PLAINTIFF and the other members of the CALIFORNIA CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANTS, in a sum as provided by the California Labor Code and/or other applicable statutes.   To the extent minimum wage compensation is determined to be owed to the CALIFORNIA CLASS Members who have terminated their employment, DEFENDANTS' conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA CLASS Members. DEFENDANTS' conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA CLASS Members are entitled to seek and recover statutory costs.

## THIRD CAUSE OF ACTION

### Failure To Pay Overtime Compensation

### (Cal. Lab. Code §§ 204, 510, 1194 and 1198)

### (Alleged by PLAINTIFF and the CALIFORNIA CLASS against ALL Defendants)

95.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

96.    PLAINTIFF and the other members of the CALIFORNIA CLASS bring a claim for DEFENDANTS' willful and intentional violations of the California Labor Code and the

1   Industrial Welfare Commission requirements for DEFENDANTS' failure to pay these employees
2   for all overtime worked, including, work performed in excess of eight (8) hours in a workday,
3   and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

4       97.   Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public
5   policy, an employer must timely pay its employees for all hours worked.

6       98.   Cal. Lab. Code § 510 provides that employees in California shall not be employed
7   more than eight (8) hours per workday and/or more than forty (40) hours per workweek unless
8   they receive additional compensation beyond their regular wages in amounts specified by law.

9       99.   Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,
10  including minimum and overtime compensation and interest thereon, together with the costs of
11  suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours
12  than those fixed by the Industrial Welfare Commission is unlawful.

13      100.  During the CLASS PERIOD, PLAINTIFF and CALIFORNIA CLASS Members
14  were required by DEFENDANTS to work for DEFENDANTS and were not paid for all the time
15  they worked, including overtime work.

16      101.  DEFENDANTS' uniform pattern of unlawful wage and hour practices manifested,
17  without limitation, applicable to the CALIFORNIA CLASS as a whole, as a result of
18  implementing a uniform policy and practice that failed to accurately record overtime worked by
19  PLAINTIFF and other CALIFORNIA CLASS Members and denied accurate compensation to
20  PLAINTIFF and the other members of the CALIFORNIA CLASS for overtime worked,
21  including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve
22  (12) hours in a workday, and/or forty (40) hours in any workweek.

23      102.  In committing these violations of the California Labor Code, DEFENDANTS
24  inaccurately recorded overtime worked and consequently underpaid the overtime worked by
25  PLAINTIFF and other CALIFORNIA CLASS Members.  DEFENDANTS acted in an illegal
26  attempt to avoid the payment of all earned wages, and other benefits in violation of the California
27  Labor Code, the Industrial Welfare Commission requirements and other applicable laws and
28  regulations.

103. As a direct result of DEFENDANTS' unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA CLASS did not receive the correct overtime compensation for their time worked for DEFENDANTS.

104. Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to PLAINTIFF and the other members of the CALIFORNIA CLASS. Further, PLAINTIFF and the other members of the CALIFORNIA CLASS are not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint. Rather, PLAINTIFF brings this Action on behalf of himself and the CALIFORNIA CLASS based on DEFENDANTS' violations of non-negotiable, non-waivable rights provided by the State of California.

105. During the CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA CLASS were paid less for overtime worked that they were entitled to, constituting a failure to pay all earned wages.

106. DEFENDANTS failed to accurately pay PLAINTIFF and the other members of the CALIFORNIA CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194, & 1198, even though PLAINTIFF and the other members of the CALIFORNIA CLASS were regularly required to work, and did in fact work overtime, and did in fact work overtime as to which DEFENDANTS failed to accurately record and pay as evidenced by DEFENDANTS' business records and witnessed by employees.

107. By virtue of DEFENDANTS' unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS for the true amount of overtime they worked, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them, and which will be ascertained according to proof at trial.

108. DEFENDANTS knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS were undercompensated for their time worked.

1  DEFENDANTS systematically elected, either through intentional malfeasance or gross

2  nonfeasance, to not pay them for their labor as a matter of uniform company policy, practice and

3  procedure, and DEFENDANTS perpetrated this systematic scheme by refusing to pay

4  PLAINTIFF and the other members of the CALIFORNIA CLASS the correct overtime wages for

5  their overtime worked.

6    109. In performing the acts and practices herein alleged in violation of California labor

7  laws, and refusing to compensate the members of the CALIFORNIA CLASS for all time worked

8  and provide them with the requisite compensation, DEFENDANTS acted and continue to act

9  intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the

10  CALIFORNIA CLASS with a conscious of and utter disregard for their legal rights, or the

11  consequences to them, and with the despicable intent of depriving them of their property and legal

12  rights, and otherwise causing them injury in order to increase company profits at the expense of

13  these employees.

14    110. Therefore, PLAINTIFF and the other members of the CALIFORNIA CLASS

15  request recovery of overtime wages, according to proof, interest, statutory costs, as well as the

16  assessment of any statutory penalties against DEFENDANTS, in a sum as provided by the

17  California Labor Code and/or other applicable statutes. To the extent overtime compensation is

18  determined to be owed to the CALIFORNIA CLASS Members who have terminated their

19  employment, DEFENDANTS' conduct also violates Labor Code §§ 201 and/or 202, and therefore

20  these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which

21  penalties are sought herein. DEFENDANTS' conduct as alleged herein was willful, intentional,

22  and not in good faith. Further, PLAINTIFF and other CALIFORNIA CLASS Members are

23  entitled to seek and recover statutory costs.

24

25

26

27

28  / / /

**FOURTH CAUSE OF ACTION**

**Failure To Provide Required Meal Periods**

**(Cal. Lab. Code §§ 226.7 & 512)**

**(Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

111.   PLAINTIFF and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

112.   During the CLASS PERIOD, DEFENDANTS failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA CLASS Members as required by the applicable Wage Order and Labor Code. The nature of the work performed by PLAINTIFF and CALIFORNIA CLASS Members did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were often not fully relieved of duty by DEFENDANTS for their meal periods. Additionally, DEFENDANTS' failure to provide PLAINTIFF and the CALIFORNIA CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANTS' business records.   Further, DEFENDANTS failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period in some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work.  As a result, PLAINTIFF and other members of the CALIFORNIA CLASS forfeited meal breaks without additional compensation and in accordance with DEFENDANTS' strict corporate policy and practice.

113.   DEFENDANTS further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

/ / /

1    114.  As a proximate result of the aforementioned violations, PLAINTIFF and

2  CALIFORNIA CLASS Members have been damaged in an amount according to proof at trial,

3  and seek all wages earned and due, interest, penalties, expenses and costs of suit.

4                              **FIFTH CAUSE OF ACTION**

5                        **Failure To Provide Required Rest Periods**

6                            **(Cal. Lab. Code §§ 226.7 & 512)**

7    **(Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

8    115.  PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

9  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

10  Complaint.

11    116.  From time to time, PLAINTIFF and other CALIFORNIA CLASS Members were

12  required to work in excess of four (4) hours without being provided ten (10) minute rest periods.

13  Further, these employees were denied their first rest periods of at least ten (10) minutes for some

14  shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10)

15  minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and

16  third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more.

17  PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one-hour

18  wages *in lieu* thereof. As a result of their rigorous work schedules, PLAINTIFF and other

19  CALIFORNIA CLASS Members were periodically denied their proper rest periods by

20  DEFENDANTS and DEFENDANTS' managers. In addition, DEFENDANTS failed to

21  compensate PLAINTIFF and other CALIFORNIA CLASS Members for their rest periods as

22  required by the applicable Wage Order and Labor Code. As a result, DEFENDANTS' failure to

23  provide PLAINTIFFS and the CALIFORNIA CLASS Members with all the legally required paid

24  rest periods is evidenced by DEFENDANTS' business records.

25    117.  DEFENDANTS further violated California Labor Code §§ 226.7 and the

26  applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA CLASS

27  Members who were not provided a rest period, in accordance with the applicable Wage Order,

28

one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

118. As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## SIXTH CAUSE OF ACTION

### Failure To Provide Accurate Itemized Statements

### (Cal. Lab. Code § 226)

### (Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)

119. PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

120. Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

    a. Gross wages earned,

    b. (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

    c. the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

    d. all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

    e. net wages earned,

    f. the inclusive dates of the period for which the employee is paid,

    g. the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number of an

1    employee identification number other than social security number may be shown

2    on the itemized statement,

3    h.   the name and address of the legal entity that is the employer, and

4    i.   all applicable hourly rates in effect during the pay period and the corresponding

5    number of hours worked at each hourly rate by the employee.

6    121.   When DEFENDANTS did not accurately record PLAINTIFF'S and other

7    CALIFORNIA CLASS Members' missed meal and rest breaks, or were paid inaccurate missed

8    meal and rest break premiums, or were not paid for all hours worked, DEFENDANTS violated

9    Cal. Lab. Code § 226 in that DEFENDANTS failed to provide PLAINTIFFS and other

10   CALIFORNIA CLASS Members with complete and accurate wage statements which failed to

11   show, among other things, all deductions, the accurate gross wages earned, net wages earned, the

12   total hours worked and all applicable hourly rates in effect during the pay period and the

13   corresponding amount of time worked at each hourly rate, and correct rates of pay for penalty

14   payments or missed meal and rest periods.

15   122.   Further, from time to time, DEFENDANTS issued wage statements that included

16   items such as vacation pay, meal break penalties, sick pay and double-counted shift differential

17   payments into the calculation for total hours worked, in violation of Cal. Lab. Code § 226(a)(2).

18   123.   In addition to the foregoing, DEFENDANTS failed to provide itemized wage

19   statements to PLAINTIFF and members of the CALIFORNIA CLASS that complied with the

20   requirements of California Labor Code Section 226.

21   124.   DEFENDANTS knowingly and intentionally failed to comply with Cal. Lab. Code

22   § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA

23   CLASS. These damages include, but are not limited to, costs expended calculating the correct

24   wages for all missed meal and rest breaks and the amount of employment taxes which were not

25   properly paid to state and federal tax authorities. These damages are difficult to estimate.

26   Therefore, PLAINTIFF and the other members of the CALIFORNIA CLASS may elect to recover

27   liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation

28   occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period

1  pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no

2  event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member

3  of the CALIFORNIA CLASS herein).

4                              **SEVENTH CAUSE OF ACTION**

5                              **Failure To Pay Wages When Due**

6                              **(Cal. Lab. Code § 203)**

7  **(Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

8        125.   PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

9  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

10  Complaint.

11        126.   Cal. Lab. Code § 200 provides that:

12              As used in this article:

13        (d)   "Wages" includes all amounts for labor performed by employees of every
             description, whether the amount is fixed or ascertained by the standard of time,
14             task, piece, Commission basis, or other method of calculation.

15        (e)   "Labor" includes labor, work, or service whether rendered or performed under
             contract, subcontract, partnership, station plan, or other agreement if the the to be
             paid for is performed personally by the person demanding payment.

16        127.   Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges

17  an employee, the wages earned and unpaid at the time of discharge are due and payable

18  immediately."

19        128.   Cal. Lab. Code § 202 provides, in relevant part, that:

20        If an employee not having a written contract for a definite period quits his or her
        employment, his or her wages shall become due and payable not later than 72 hours
21        thereafter, unless the employee has given 72 hours previous notice of his or her intention
        to quit, in which case the employee is entitled to his or her wages at the time of quitting.
22        Notwithstanding any other provision of law, an employee who quits without providing a
        72-hour notice shall be entitled to receive payment by mail if he or she so requests and
23        designates a mailing address. The date of the mailing shall constitute the date of payment
        for purposes of the requirement to provide payment within 72 hours of the notice of
24        quitting.

25        129.   There was no definite term in PLAINTIFFS' or any CALIFORNIA CLASS

26  Members' employment contract.

27        130.   Cal. Lab. Code § 203 provides:

28

---
32
**CLASS ACTION COMPLAINT**

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

131.    The employment of PLAINTIFF and many CALIFORNIA CLASS Members terminated, and DEFENDANTS have not tendered payment of wages to these employees who missed meal and rest breaks, as required by law.

132.    Therefore, as provided by Cal Lab. Code § 203, on behalf of themselves and the members of the CALIFORNIA CLASS whose employment has, PLAINTIFF demands up to thirty (30) days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CLASS PERIOD and demand an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## EIGHTH CAUSE OF ACTION

### Failure To Reimburse Employees for Required Expenses

### (Cal. Lab. Code §§ 2802)

### (Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)

133.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

134.    Cal. Lab. Code § 2802 provides, in relevant part, that:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

135.    From time to time during the CLASS PERIOD, DEFENDANTS violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANTS' benefit. DEFENDANTS failed to reimburse PLAINTIFF and the CALIFORNIA CLASS members for expenses which included, but were not limited to, the maintenance of his work uniform, all on behalf of and for the benefit of DEFENDANTS. Specifically, PLAINTIFF and

1  other CALIFORNIA CLASS Members were required by DEFENDANTS to maintain their work

2  uniforms to execute their essential job duties on behalf of DEFENDANTS. DEFENDANTS'

3  uniform policy, practice and procedure was to not reimburse PLAINTIFF and the CALIFORNIA

4  CLASS members for expenses resulting from the maintenance of their work uniforms within the

5  course and scope of their employment for DEFENDANTS. These expenses were necessary to

6  complete their principal job duties. DEFENDANTS are estopped by DEFENDANTS' conduct

7  to assert any waiver of this expectation. Although these expenses were necessary expenses

8  incurred by PLAINTIFF and the CALIFORNIA CLASS members, DEFENDANTS failed to

9  indemnify and reimburse PLAINTIFF and the CALIFORNIA CLASS members for these

10  expenses as an employer is required to do under the laws and regulations of California.

11      136. PLAINTIFF therefore demand reimbursement for expenditures or losses incurred

12  by him and the CALIFORNIA CLASS members in the discharge of their job duties for

13  DEFENDANTS, or their obedience to the directions of DEFENDANTS, with interest at the

14  statutory rate and costs under Cal. Lab. Code § 2802.

15                      **NINTH CAUSE OF ACTION**

16                **For Failure to Pay Vacation Wages**

17      **(By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

18      137.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

19  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

20  Complaint.

21      138.    At all relevant times, California Labor Code §227.3 provides for the following:

22      Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all

23  vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time

24  served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination.  The Labor

25  Commissioner or a designated representative, in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness.

26      139.    At all times relevant, including at times throughout the four-year period preceding

27  the filing of the original complaint, PLAINTIFF, and upon information and belief, and

28  CALIFORNIA CLASS Members were subject to an employer policy and/or contract of

employment that provided for paid vacations not otherwise provided by a collective-bargaining agreement.   Upon PLAINTIFF's and CALIFORNIA CLASS Members' separation of employment, they had not used all of their vested vacation and thus their unused, vested vacation was required to have been paid at their final rate upon separation of employment. As a result of the failure to pay out the vested but unused vacation pay, DEFENDANTS violated Labor Code §227.3. Further, DEFENDANTS from time to time subjected PLAINTIFF and CALIFORNIA CLASS Members to forfeit their vested, but unused vacation time, in further violation of Cal. Lab. Code § 227.3.

140.   PLAINTIFF seeks, on her behalf and on behalf of the CALIFORNIA CLASS, all damages and remedies available under California Labor Code §227.3, including payment of the vacation wages at the final rate.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for a judgment against each Defendant, jointly and severally, as follows:

1.  On behalf of the CALIFORNIA CLASS:

    a.  That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    b.  An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANTS from engaging in similar unlawful conduct as set forth herein;

    c.  An order requiring DEFENDANTS to pay all overtime wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and

    d.  Restitutionary disgorgement of DEFENDANTS' ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANTS' violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2.  On behalf of the CALIFORNIA CLASS:

    a.  That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action asserted by the CALIFORNIA CLASS as a class action

1       pursuant to Cal. Code of Civ. Proc. § 382;

2    b.  Compensatory damages, according to proof at trial, including compensatory

3        damages for overtime compensation due to PLAINTIFF and the other members of

4        the CALIFORNIA CLASS, during the applicable CLASS PERIOD plus interest

5        thereon at the statutory rate;

6    c.  Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and

7        the applicable IWC Wage Order;

8    d.  The greater of all actual damages or fifty dollars ($50) for the initial pay period in

9        which a violation occurs and one hundred dollars ($100) per each member of the

10       CALIFORNIA CLASS for each violation in a subsequent pay period, not exceeding

11       an aggregate penalty of four thousand dollars ($4,000), and an award of costs for

12       violation of Cal. Lab. Code § 226

13   e.  The wages of all terminated employees from the CALIFORNIA CLASS as a

14       penalty from the due date thereof at the same rate until paid or until an action

15       therefore is commenced, in accordance with Cal. Lab. Code § 203.

16   f.  The amount of the expenses PLAINTIFF and each member of the CALIFORNIA

17       CLASS incurred in the course of their job duties, plus interest, and costs of suit.

28   ///

3. On all claims:

    a.  An award of interest, including prejudgment interest at the legal rate;

    b.  Such other and further relief as the Court deems just and equitable; and

    c.  An award of penalties, attorneys' fees, and costs of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code § 218.5, § 226, § 246 and/or § 1194.

DATED:  July 24, 2023              **ZAKAY LAW GROUP, APLC**

                                     By: _____

                                     Shani O. Zakay, Esq.
                                     Attorney for PLAINTIFF

## DEMAND FOR A JURY TRIAL

PLAINTIFF demands a jury trial on issues triable to a jury.

DATED:  July 24, 2023              **ZAKAY LAW GROUP, APLC**

                                       By: _____

                                       Shani O. Zakay, Esq.
                                     Attorney for PLAINTIFF

**CLASS ACTION COMPLAINT**

Electronically Filed Superior Court of CA County of Contra Costa 7/24/2023 10:29 AM By: S. Gonzalez, Deputy

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Shani O. Zakay, Esq. (SBN 277924)<br>Zakay Law Group, APLC<br>5440 Morehouse Drive, Suite 3600<br>San Diego, CA 92121<br>TELEPHONE NO.: (619) 255-9047    FAX NO.: (858) 404-9203<br>ATTORNEY FOR *(Name):* PLAINTIFF | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa |
|---|
| STREET ADDRESS: 725 Court Street |
| MAILING ADDRESS: 725 Court Street |
| CITY AND ZIP CODE: Martinez, CA 94553 |
| BRANCH NAME: Wakefield Taylor Courthouse |

| CASE NAME:<br>DE SANCTIS v. HENKEL US OPERATIONS CORPORATION, et al. |
|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: C23-01799 |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties          d. ☑ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel          e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve                       in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* VIOLATION OF CAL. BUS. & PROF. CODE §17200 ET SEQ.
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 24, 2023

Shani O. Zakay, Esq.
_____(TYPE OR PRINT NAME)_____                    ►          _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com
     (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.**
   They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
   https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| | | |
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
        (INSERT DATE)                                      (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| COURTHOUSE ADDRESS: |
| PLAINTIFF: |
| DEFENDANT: |

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

---

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

| Print | Save |
|---|---|

| Clear |
|---|

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:

STATE BAR NUMBER

Reserved for Clerk's File Stamp

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

CASE NUMBER:

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

Print          Save                                    Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save |   | Clear |
|---|---|---|---|

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | )<br>)<br>)<br>)<br>)<br>) | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_      _Carolyn B. Kuhl_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 0 3 2019**

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
_____)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"** An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"** For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"** An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"** A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

1  d) Documents in Related Cases

2    Documents in related cases must be electronically filed in the eFiling portal for that case type if

3    electronic filing has been implemented in that case type, regardless of whether the case has

4    been related to a Civil case.

5  3) EXEMPT LITIGANTS

6    a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt

7      from mandatory electronic filing requirements.

8    b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of

9      Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused

10     from filing documents electronically and be permitted to file documents by conventional

11     means if the party shows undue hardship or significant prejudice.

12 4) EXEMPT FILINGS

13   a) The following documents shall not be filed electronically:

14     i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of

15         Civil Procedure sections 170.6 or 170.3;

16     ii)  Bonds/Undertaking documents;

17     iii) Trial and Evidentiary Hearing Exhibits

18     iv)  Any ex parte application that is filed concurrently with a new complaint including those

19         that will be handled by a Writs and Receivers department in the Mosk courthouse; and

20     v)   Documents submitted conditionally under seal.  The actual motion or application shall be

21         electronically filed.  A courtesy copy of the electronically filed motion or application to

22         submit documents conditionally under seal must be provided with the documents

23         submitted conditionally under seal.

24   b) Lodgments

25     Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in

26 paper form.  The actual document entitled, "Notice of Lodgment," shall be filed electronically.

27 //

28 //

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)   Depositions;

   ii)  Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv)  Transcripts (including excerpts within transcripts);

   v)   Points and Authorities;

   vi)  Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)    Any printed document required pursuant to a Standing or General Order;

   ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii)  Pleadings and motions that include points and authorities;

   iv)   Demurrers;

   v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)   Motions for Summary Judgment/Adjudication; and

   vii)  Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1   11) SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3       Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4       Division of the Los Angeles County Superior Court.

5

6           This First Amended General Order supersedes any previous order related to electronic filing,

7       and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8       Supervising Judge and/or Presiding Judge.

9

10      DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

# EXHIBIT C



**null / ALL**
**Transmittal Number: 27455345**
**Date Processed: 08/14/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Melissa Jacobs<br>Henkel of America, Inc.<br>1 Henkel Way<br>Rocky Hill, CT 06067-3581 |
| **Electronic copy provided to:** | Deborah Vennos<br>Sarah Jeffreys |

| | |
|---|---|
| **Entity:** | Henkel Corporation<br>Entity ID Number  3688620 |
| **Entity Served:** | Henkel Corporation |
| **Title of Action:** | Dino De Sanctis vs. Henkel US Operations Corporation |
| **Matter Name/ID:** | Dino De Sanctis vs. Henkel US Operations Corporation (14390922) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Contra Costa County Superior Court, CA |
| **Case/Reference No:** | C23-01799 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 08/10/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Zakay Law Group, APLC<br>619-255-9047 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically Filed Superior Court of CA County of Contra Costa 7/24/2023 10:29 AM By: S. Gonzalez, Deputy

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HENKEL US OPERATIONS CORPORATION, a Delaware corporation;
HENKEL OF AMERICA, INC., a Delaware corporation;  HENKEL
CORPORATION, a Delaware corporation; and DOES 1-50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DINO DE SANCTIS, an individual, on behalf of himself, and on behalf of
all persons similarly situated,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California - Contra Costa - Wakefield Taylor Court
725 Court Street
Martinez, CA 94553

**CASE NUMBER:**
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shani O. Zakay, Esq.    SBN:277924    Tel: (619) 255-9047  Fax: (858) 404-9203
Zakay Law Group, APLC - 5440 Morehouse Drive, Suite 3600, San Diego, CA 92121

| DATE:<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  Henkel corporation, A Delaware corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*  08|10|2023

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Print This Form          For your protection and privacy, please          Clear This Form

Electronically Filed Superior Court of CA County of Contra Costa 7/24/2023 10:29 AM By: S. Gonzalez, Deputy

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
Jackland K. Hom (State Bar #327243)
Julieann Alvarado (State Bar #334727)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 255-9047
Facsimile: (858) 404-9203
*shani@zakaylaw.com*
*jackland@zakaylaw.com*
*julieann@zakaylaw.com*

**JCL LAW FIRM, APC**
Jean-Claude Lapuyade (State Bar #248676)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 599-8292
Facsimile: (619) 599-8291
*jlapuyade@jcl-lawfirm.com*

SUMMONS ISSUED

Per local Rule, This case is assigned to
Judge Treat, Charles S, for all purposes.

Attorneys for PLAINTIFF

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| DINO DE SANCTIS, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>     Plaintiff,<br>  v.<br><br>HENKEL US OPERATIONS CORPORATION, a Delaware corporation; HENKEL OF AMERICA, INC., a Delaware corporation; HENKEL CORPORATION, a Delaware corporation; and DOES 1-50, Inclusive,<br><br>     Defendants. | Case No: C23-01799<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1) UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §17200 *et seq*;<br>2) FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;<br>3) FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq*;<br>4) FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>5) FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; |

1

**CLASS ACTION COMPLAINT**

1

2

3

4

5

6

7

8

9

6) FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;
7) FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203;
8) FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802;
9) FAILURE TO PAY VACATION WAGES DUE IN VIOLATION OF CAL. LAB. CODE 227.3.

**DEMAND FOR A JURY TRIAL**

10    PLAINTIFF DINO DE SANCTIS ("PLAINTIFF"), an individual, on behalf of himself and

11  all other similarly situated current and former employees, alleges on information and belief, except

12  for his own acts and knowledge which are based on personal knowledge, the following:

13                                  **PRELIMINARY ALLEGATIONS**

14    1.    Defendant HENKEL US OPERATIONS CORPORATION ("Defendant Henkel

15  US Operations") is a Delaware corporation that at all relevant times mentioned herein conducted

16  and continues to conduct substantial and regular business throughout California.

17    2.    Defendant HENKEL OF AMERICA, INC. ("Defendant Henkel of America") is a

18  Delaware corporation that at all relevant times mentioned herein conducted and continues to

19  conduct substantial and regular business throughout California.

20    3.    Defendant HENKEL CORPORATION ("Defendant Henkel Corporation") is a

21  Delaware corporation that at all relevant times mentioned herein conducted and continues to

22  conduct substantial and regular business throughout California.

23    4.    Defendant Henkel US Operations, Defendant Henkel of America and Defendant

24  Henkel Corporation were the joint employers of PLAINTIFF and the other members of the

25  CALIFORNIA CLASS as evidenced by the documents issued to PLAINTIFF and the other

26  members of the CALIFORNIA CLASS, by the company PLAINTIFF and the other members of

27  the CALIFORNIA CLASS performed work for respectively, and as these entities each exerted

28  control over the hours, wages and/or working conditions of PLAINTIFF and the other members

1   of the CALIFORNIA CLASS. Therefore, Defendant Henkel US Operations, Defendant Henkel

2   of America and Defendant Henkel Corporation are jointly responsible as employers for the

3   conduct alleged herein as "DEFENDANTS" and/or "DEFENDANT."

4        5.     DEFENDANT operates a consumer goods company throughout California,

5   including in the county of Contra Costa, where PLAINTIFF worked.

6        6.     PLAINTIFF was employed by DEFENDANTS in California from November of

7   2022 to May of 2023 as a non-exempt employee, paid on an hourly basis, and entitled to the

8   legally required meal and rest periods and payment of minimum and overtime wages due for all

9   time worked.

10       7.     PLAINTIFF brings this Class Action on behalf of himself and a California class,

11   defined as all persons who are or previously were employed by Defendant Henkel US Operations

12   and/or Defendant Henkel of America and/or Defendant Henkel Corporation in California and

13   classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period

14   beginning four (4) years prior to the filing of this Complaint and ending on the date as determined

15   by the Court (the "CLASS PERIOD"). The amount in controversy for the aggregate claim of the

16   CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

17       8.     PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA

18   CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during

19   the CLASS PERIOD caused by DEFENDANTS' uniform policy and practice which failed to

20   lawfully compensate these employees. DEFENDANTS' uniform policy and practice alleged

21   herein was an unlawful, unfair, and deceptive business practice whereby DEFENDANTS retained

22   and continue to retain wages due PLAINTIFF and the other members of the CALIFORNIA

23   CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction

24   enjoining such conduct by DEFENDANTS in the future, relief for the named PLAINTIFF and

25   the other members of the CALIFORNIA CLASS who have been economically injured by

26   DEFENDANTS' past and current unlawful conduct, and all other appropriate legal and equitable

27   relief.

28   ///

1      9.     The true names and capacities, whether individual, corporate, subsidiary,
2  partnership, associate or otherwise of DEFENDANTS DOES 1 through 50, inclusive, are
3  presently unknown to PLAINTIFFS who therefore sues these DEFENDANTS by such fictitious
4  names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFFS will seek leave to amend this
5  Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are
6  ascertained. PLAINTIFFS is informed and believes, and based upon that information and belief
7  alleges, that the DEFENDANTS named in this Complaint, including DOES 1 through 50,
8  inclusive, are responsible in some manner for one or more of the events and happenings that
9  proximately caused the injuries and damages hereinafter alleged.

10     10.    The agents, servants and/or employees of the Defendants and each of them acting
11  on behalf of the Defendants acted within the course and scope of his, her or its authority as the
12  agent, servant and/or employee of the Defendants, and personally participated in the conduct
13  alleged herein on behalf of the Defendants with respect to the conduct alleged herein.
14  Consequently, the acts of each Defendant are legally attributable to the other Defendants and all
15  Defendants are jointly and severally liable to PLAINTIFF and the other members of the
16  CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the
17  Defendants' agents, servants and/or employees.

18     11.    DEFENDANTS were PLAINTIFF's employers or persons acting on behalf of the
19  PLAINTIFF's employer, within the meaning of California Labor Code § 558, who violated or
20  caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision
21  regulating hours and days of work in any order of the Industrial Welfare Commission and, as
22  such, are subject to civil penalties for each underpaid employee, as set forth in Labor Code § 558,
23  at all relevant times.

24     12.    DEFENDANTS were PLAINTIFF's employers or persons acting on behalf of
25  PLAINTIFF's employer either individually or as an officer, agent, or employee of another person,
26  within the meaning of California Labor Code § 1197.1, who paid or caused to be paid to any
27  employee a wage less than the minimum fixed by California state law, and as such, are subject to
28  civil penalties for each underpaid employee.

13.    DEFENDANTS' uniform policies and practices alleged herein were unlawful, unfair, and deceptive business practices whereby DEFENDANTS retained and continue to retain wages due to PLAINTIFF and other members of the CALIFORNIA CLASS.

14.    PLAINTIFF and other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANTS in the future, relief for the named PLAINTIFF and other members of the CALIFORNIA CLASS who has been economically injured by DEFENDANTS' past and current unlawful conduct, and all other appropriate legal and equitable relief.

**JURISDICTION AND VENUE**

15.    This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

16.    Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because DEFENDANTS operate in locations across California, employ the CALIFORNIA CLASS across California, including in this County, and committed the wrongful conduct herein alleged in this County against the CALIFORNIA CLASS.

**THE CONDUCT**

17.    In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANTS as a matter of company policy, practice, and procedure, intentionally, knowingly, and systematically failed to provide legally compliant meal and rest periods, failed to accurately compensate PLAINTIFF and the other members of the CALIFORNIA CLASS for missed meal and rest periods, failed to pay PLAINTIFFS and the other members of the CALIFORNIA CLASS for all time worked, failed compensate PLAINTIFF for off-the-clock work, failed to pay PLAINTIFF and the other members of the CALIFORNIA CLASS overtime at the correct regular rate of pay, failed to compensate PLAINTIFF and other members of the CALIFORNIA CLASS meal and rest premiums at the regular rate of pay, failed to pay PLAINTIFF and other CALIFORNIA CLASS

1    Members redeemed sick pay at the regular rate of pay, failed to reimburse PLAINTIFF and other

2    CALIFORNIA CLASS Members for business expenses, and failed to issue to PLAINTIFF and

3    the members of the CALIFORNIA CLASS with accurate itemized wage statements showing,

4    among other things, all applicable hourly rates in effect during the pay periods and the

5    corresponding amount of time worked at each hourly rate. DEFENDANTS' uniform policies and

6    practices are intended to purposefully avoid the accurate and full payment for all time worked as

7    required by California law which allows DEFENDANTS to illegally profit and gain an unfair

8    advantage over competitors who comply with the law. To the extent equitable tolling operates to

9    toll claims by the CALIFORNIA CLASS against DEFENDANTS, the CLASS PERIOD should

10   be adjusted accordingly.

11   **A. Meal Period Violations**

12       18.    Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANTS

13   were required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked,

14   meaning the time during which an employee is subject to the control of an employer, including

15   all the time the employee is suffered or permitted to work. From time to time during the CLASS

16   PERIOD, DEFENDANT required PLAINTIFF and CALIFORNIA CLASS Members to work

17   without paying them for all the time they were under DEFENDANTS' control. Specifically,

18   DEFENDANTS required PLAINTIFF to work while clocked out during what was supposed to

19   be PLAINTIFF's off-duty meal break. Indeed, there were many days where PLAINTIFF did not

20   even receive a partial lunch. As a result, the PLAINTIFF and other CALIFORNIA CLASS

21   Members forfeited minimum wage and overtime compensation by regularly working without their

22   time being accurately recorded and without compensation at the applicable minimum wage and

23   overtime rates. DEFENDANTS' uniform policy and practice not to pay PLAINTIFF and other

24   CALIFORNIA CLASS Members for all time worked is evidenced by DEFENDANTS' business

25   records.

26       19.    From time to time during the CLASS PERIOD, as a result of their rigorous work

27   schedules and DEFENDANTS' inadequate staffing practices, PLAINTIFF and other

28   CALIFORNIA CLASS Members are from time to time unable to take thirty (30) minute off duty

1  meal breaks and were not fully relieved of duty for their meal periods. PLAINTIFF and other
2  CALIFORNIA CLASS Members are required to perform work as ordered by DEFENDANTS for
3  more than five (5) hours during some shifts without receiving a meal break. Further,
4  DEFENDANTS failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a
5  second off-duty meal period for some workdays in which these employees are required by
6  DEFENDANTS to work ten (10) hours of work.  The nature of the work performed by
7  PLAINTIFF and other CALIFORNIA CLASS Members does not qualify for the limited and
8  narrowly construed "on-duty" meal period exception.  When they were provided with meal
9  periods, PLAINTIFF and other CALIFORNIA CLASS Members were, from time to time,
10 required to remain on duty and on call. DEFENDANTS' failure to provide PLAINTIFF and the
11 CALIFORNIA CLASS Members with legally required meal breaks is evidenced by
12 DEFENDANTS' business records. As a result of their rigorous work schedules and
13 DEFENDANTS' inadequate staffing, PLAINTIFF and other members of the CALIFORNIA
14 CLASS therefore forfeit meal breaks without additional compensation and in accordance with
15 DEFENDANTS' strict corporate policy and practice.

16 **B. Rest Period Violations**

17     20.    From time to time during the CLASS PERIOD, PLAINTIFF and other
18 CALIFORNIA CLASS Members were also required to work in excess of four (4) hours without
19 being provided ten (10) minute rest periods as a result of their rigorous work requirements and
20 DEFENDANTS' inadequate staffing. Further, for the same reasons, these employees were denied
21 their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four
22 (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some
23 shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and
24 third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from
25 time to time. When they were provided with rest breaks, PLAINTIFF and other CALIFORNIA
26 CLASS Members were, from time to time, required to on duty and/or on call. PLAINTIFF and
27 other CALIFORNIA CLASS Members were also not provided with one-hour wages *in lieu*
28 thereof. As a result of their rigorous work schedules and DEFENDANTS' inadequate staffing,

1   PLAINTIFF and other CALIFORNIA CLASS Members were from time to time denied their

2   proper rest periods by DEFENDANT and DEFENDANTS' managers.

3      **C. Unreimbursed Business Expenses**

4          21.   DEFENDANTS as a matter of corporate policy, practice, and procedure,

5   intentionally, knowingly, and systematically failed to reimburse and indemnify the PLAINTIFF

6   and the other CALIFORNIA CLASS Members for required business expenses incurred by the

7   PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging

8   their duties on behalf of DEFENDANTS. Under California Labor Code Section 2802, employers

9   are required to indemnify employees for all expenses incurred in the course and scope of their

10  employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or

11  her employee for all necessary expenditures or losses incurred by the employee in direct

12  consequence of the discharge of his or her duties, or of his or her obedience to the directions of

13  the employer, even though unlawful, unless the employee, at the time of obeying the directions,

14  believed them to be unlawful."

15         22.   In the course of their employment, DEFENDANTS required PLAINTIFF and

16  other CALIFORNIA CLASS Members to incur personal expenses for the maintenance of work

17  uniforms as a result of and in furtherance of their job duties.  Specifically, PLAINTIFF and other

18  CALIFORNIA CLASS Members were required to maintain their work uniforms in order to

19  perform work and work-related tasks for DEFENDANTS.    However, DEFENDANTS

20  unlawfully failed to reimburse PLAINTIFF and other CALIFORNIA CLASS Members for the

21  use of their maintenance of work uniforms. As a result, in the course of their employment with

22  DEFENDANTS, the PLAINTIFF and other CALIFORNIA CLASS Members incurred

23  unreimbursed business expenses that included, but were not limited to, costs related to the

24  maintenance of work uniforms, all on behalf of and for the benefit of DEFENDANT.

25     **D. Wage Statement Violations**

26         23.   California Labor Code Section 226 required an employer to furnish its employees

27  and accurate itemized wage statement in writing showing (1) gross wages earned, (2) total hours

28  worked, (3) the number of piece-rate units earned and any applicable piece-rate, (4) all deductions,

1  (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the

2  name of the employee and only the last four digits of the employee's social security number or an

3  employee identification number other than a social security number, (8) the name and address of

4  the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay

5  period and the corresponding number of hours worked at each hourly rate by the employee.

6      24.    From time to time during the CLASS PERIOD, when PLAINTIFF and other

7  CALIFORNIA CLASS Members missed meal and rest breaks, or were paid inaccurately for

8  missed meal and rest period premiums, or were not paid for all hours worked, DEFENDANTS

9  also failed to provide PLAINTIFF and other CALIFORNIA CLASS Members with complete and

10 accurate wage statements which failed to show, among other things, all deductions, the total hours

11 worked and all applicable hourly rates in effect during the pay period and the corresponding

12 amount of time worked at each hourly rate, correct rates of pay for penalty payments or missed

13 meal and rest periods.

14     25.    In addition to the foregoing, DEFENDANTS, from time to time, failed to provide

15 PLAINTIFF and the CALIFORNIA CLASS Members with wage statements that comply with

16 Cal. Lab. Code § 226.

17     26.    As a result, DEFENDANTS issued PLAINTIFF and other members of the

18 CALIFORNIA CLASS with wage statements that violate Cal. Lab. Code § 226.  Further,

19 DEFENDANTS' violations are knowing and intentional, were not isolated due to an unintentional

20 payroll error due to clerical or inadvertent mistake.

21 **E.  Off-the-Clock Work Resulting in Minimum Wage and Overtime Violations**

22     27.    During the CLASS PERIOD, from time-to-time DEFENDANTS failed and

23 continues to fail to accurately pay PLAINTIFF and other members of the CALIFORNIA CLASS

24 for all hours worked.

25     28.    During the CLASS PERIOD, from time-to-time DEFENDANTS required

26 PLAINTIFF and other members of the CALIFORNIA CLASS to perform pre-shift or post-shift

27 work.  This resulted in PLAINTIFF and other members of the CALIFORNIA CLASS to have to

28 work while off-the-clock.

29.    DEFENDANTS directed and directly benefited from the undercompensated off-the-clock work performed by PLAINTIFF and the other CALIFORNIA CLASS Members.

30.    DEFENDANTS controlled the work schedules, duties, and protocols, applications, assignments, and employment conditions of PLAINTIFF and the other members of the CALIFORNIA CLASS.

31.    DEFENDANTS were able to track the amount of time PLAINTIFF and the other members of the CALIFORNIA CLASS spent working; however, DEFENDANTS failed to document, track, or pay PLAINTIFF and the other members of the CALIFORNIA CLASS all wages earned and owed for all the work they performed.

32.    PLAINTIFF and the other members of the CALIFORNIA CLASS were non-exempt employees, subject to the requirements of the California Labor Code.

33.    DEFENDANTS' policies and practices deprived PLAINTIFF and the other CALIFORNIA CLASS Members of all minimum regular, overtime, and double time wages owed for the off-the-clock work activities.   Because PLAINTIFF and the other members of the CALIFORNIA CLASS typically worked over forty (40) hours in a workweek, and more than eight (8) hours per day, DEFENDANTS' policies and practices also deprived them of overtime pay.

34.    DEFENDANTS knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS off-the-clock work was compensable under the law.

35.    As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS forfeited wages due to them for all hours worked at DEFENDANTS' direction, control, and benefit for the time spent working while off-the-clock.   DEFENDANTS' uniform policy and practice to not pay PLAINTIFF and the members of the CALIFORNIA CLASS wages for all hours worked in accordance with applicable law is evidenced by DEFENDANTS' business records.

/ / /

**F. Regular Rate Violation – Overtime, Double Time, Meal and Rest Period Premiums, and Redeemed Sick Pay**

36.    From time to time during the CLASS PERIOD, DEFENDANTS failed and continues to fail to accurately calculate and pay PLAINTIFF and the other CALIFORNIA CLASS Members for their overtime and double time hours worked, meal and rest period premiums, and redeemed sick pay.  As a result, PLAINTIFF and the other CALIFORNIA CLASS Members forfeited wages due to them for working overtime without compensation at the correct overtime and double time rates, meal and rest period premiums, and redeemed sick pay rates. DEFENDANTS' uniform policy and practice not to pay the CALIFORNIA CLASS Members at the correct rate for all overtime and double time worked, meal and rest period premiums, and sick pay in accordance with applicable law is evidenced by DEFENDANTS' business records.

37.    State law provides that employees must be paid overtime at one-and-one-half times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS Members were compensated at an hourly rate plus incentive pay that was tied to specific elements of an employee's performance.

38.    The second component of PLAINTIFF'S and other CALIFORNIA CLASS Members' compensation was DEFENDANTS' non-discretionary incentive program that paid PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANTS.  The non-discretionary bonus program provided all employees paid on an hourly basis with bonus compensation when the employees met the various performance goals set by DEFENDANTS.

39.    However, from time to time, when calculating the regular rate of pay in those pay periods where PLAINTIFF and other CALIFORNIA CLASS Members worked overtime, double time, paid meal and rest period premium payments, and/or redeemed sick pay, and earned non-discretionary bonuses, DEFENDANTS failed to accurately include the non-discretionary bonus compensation as part of the employee's "regular rate of pay" and/or calculated all hours worked rather than just all non-overtime hours worked.  Management and supervisors described the incentive/bonus program to potential and new employees as part of the compensation package.

1  As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA

2  CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted

3  in a systematic underpayment of overtime and double time compensation, meal and rest period

4  premium payments, and redeemed sick pay to PLAINTIFF and other CALIFORNIA CLASS

5  Members by DEFENDANTS. Specifically, California Labor Code Section 246 mandates that

6  paid sick time for non-exempt employees shall be calculated in the same manner as the regular

7  rate of pay for the workweek in which the non-exempt employee uses paid sick time, whether or

8  not the employee actually works overtime in that workweek. DEFENDANTS' conduct, as

9  articulated herein, by failing to include the incentive compensation as part of the "regular rate of

10  pay" for purposes of sick pay compensation was in violation of Cal. Lab. Code § 246 the

11  underpayment of which is recoverable under Cal. Lab. Code Sections 201, 202, 203, and/or 204.

12      40.    In violation of the applicable sections of the California Labor Code and the

13  requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANTS as a

14  matter of company policy, practice, and procedure, intentionally and knowingly failed to

15  compensate PLAINTIFF and the other members of the CALIFORNIA CLASS at the correct rate

16  of pay for all overtime and double time worked, meal and rest period premiums, and redeemed

17  sick pay as required by California law which allowed DEFENDANTS to illegally profit and gain

18  an unfair advantage over competitors who complied with the law. To the extent equitable tolling

19  operates to toll claims by the CALIFORNIA CLASS Members against DEFENDANTS, the

20  CLASS PERIOD should be adjusted accordingly.

21  **G. Unlawful Deductions**

22      41.    DEFENDANTS, from time-to-time unlawfully deducted wages from PLAINTIFF

23  and CALIFORNIA CLASS Members' pay without explanations and without authorization to do

24  so or notice to PLAINTIFF and the CALIFORNIA CLASS Members. As a result,

25  DEFENDANTS violated Labor Code § 221.

26  **H. Sick Pay Violations**

27      42.    Cal. Labor Code Section 246 (a)(1) mandates that "An employee who, on or after

28  July 1, 2015, works in California for the same employer for 30 or more days within a year from

the commencement of employment is entitled to paid sick days as specified in this section."
Further, Cal. Labor Code Sections 246(b)-(d) provide for the sick day accrual requirements.
From time to time, DEFENDANT failed to have a policy or practice in place that provided
PLAINTIFF and other members of the CALIFORNIA CLASS with sick days and/or paid sick
leave.

43.    California Labor Code Section 246(i) requires an employer to furnish its
employees with written wage statements setting forth the amount of paid sick leave available.
From time to time, DEFENDANT violated Cal. Lab. Code § 246 by failing to furnish
PLAINTIFF and other members of the CALIFORNIA CLASS with wage statements setting
forth the amount of paid sick leave available.

**I.    Timekeeping Manipulation**

44.    During the CLASS PERIOD, DEFENDANTS, from time-to-time, did not have an
immutable timekeeping system to accurately record and pay PLAINTIFF and other members of
the CALIFORNIA CLASS for the actual time PLAINTIFF and other members of the
CALIFORNIA CLASS worked each day, including regular time, overtime hours, sick pay, meal
and rest breaks. As a result, DEFENDANT was able to and did in fact, unlawfully, and
unilaterally alter the time recorded in DEFENDANTS' timekeeping system for PLAINTIFF and
other members of the CALIFORNIA CLASS in order to avoid paying these employees for all
hours worked, applicable overtime compensation, applicable sick pay, missed meal breaks and
missed rest breaks.

45.    As a result, PLAINTIFF and other members of the CALIFORNIA CLASS, from
time-to-time, forfeited time worked by working without their time being accurately recorded and
without compensation at the applicable pay rates.

46.    The mutability of the timekeeping system also allowed DEFENDANTS to alter
employee time records by recording fictitious thirty (30) minute meal breaks in DEFENDANTS'
timekeeping system so as to create the appearance that PLAINTIFF and other members of the
CALIFORNIA CLASS clocked out for thirty (30) minute meal break when in fact the employees
were not at all times provided an off-duty meal break. This practice is a direct result of

1    DEFENDANTS' uniform policy and practice of denying employees uninterrupted thirty (30)

2    minute off-duty meal breaks each day or otherwise compensate them for missed meal breaks.

3        47.    As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS

4    forfeited wages due them for all hours worked at DEFENDANTS' direction, control and benefit

5    for the time the timekeeping system was inoperable. DEFENDANTS' uniform policy and

6    practice to not pay PLAINTIFF and the members of the CALIFORNIA CLASS wages for all

7    hours worked in accordance with applicable law is evidenced by DEFENDANTS' business

8    records.

9    **J.  Unlawful Rounding Practices**

10        48.    During the CALIFORNIA CLASS PERIOD, DEFENDANTS did not have in

11    place an immutable timekeeping system to accurately record and pay PLAINTIFFS and other

12    CALIFORNIA CLASS Members for the actual time these employees worked each day,

13    including overtime hours. Specifically, DEFENDANTS had in place an unlawful rounding

14    policy and practice that resulted in PLAINTIFFS and CALIFORNIA CLASS Members being

15    undercompensated for all of their time worked. As a result, DEFENDANTS were able to and did

16    in fact unlawfully, and unilaterally round the time recorded in DEFENDANTS' timekeeping

17    system for PLAINTIFFS and the members of the CALIFORNIA CLASS in order to avoid paying

18    these employees for all their time worked, including the applicable overtime compensation for

19    overtime worked. As a result, PLAINTIFFS and other CALIFORNIA CLASS Members, from

20    time to time, forfeited compensation for their time worked by working without their time being

21    accurately recorded and without compensation at the applicable overtime rates.

22        49.    Further, the mutability of DEFENDANTS' timekeeping system and unlawful

23    rounding policy and practice resulted in PLAINTIFFS and CALIFORNIA CLASS Members'

24    time being inaccurately recorded. As a result, from time to time, DEFENDANTS' unlawful

25    rounding policy and practice caused PLAINTIFFS and CALIFORNIA CLASS Members to

26    perform work as ordered by DEFENDANTS for more than five (5) hours during a shift without

27    receiving an off-duty meal break.

28    / / /

**K. Violations for Untimely Payment of Wages**

50.   Pursuant to California Labor Code section 204, PLAINTIFF and the CALIFORNIA CLASS members were entitled to timely payment of wages during their employment. PLAINTIFF and the CALIFORNIA CLASS members, from time to time, did not receive payment of all wages, including, but not limited to, overtime wages, minimum wages, meal period premium wages, and rest period premium wages within permissible time period.

51.   Pursuant to Cal. Lab. Code § 201, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Pursuant to Cal. Lab. Code § 202, if an employee quits his or her employment, "his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." PLAINTIFF and the CALIFORNIA CLASS Members were, from time to time, not timely provided the wages earned and unpaid at the time of their discharge and/or at the time of quitting, in violation of Cal. Lab. Code §§ 201 and 202.

52.   As such, PLAINTIFF demands up to thirty days of pay as penalty for not timely paying all wages due at time of termination for all CALIFORNIA CLASS Members whose employment ended during the CLASS PERIOD.

53.   Specifically, as to PLAINTIFF, PLAINTIFF was from time to time unable to take off duty meal and rest breaks and was not fully relieved of duty for his rest and meal periods. PLAINTIFF was required to perform work as ordered by DEFENDANTS for more than five (5) hours during a shift without receiving an off-duty meal break. Further, DEFENDANTS failed to provide PLAINTIFF with a second off-duty meal period each workday in which he was required by DEFENDANTS to work ten (10) hours of work. When DEFENDANTS provided PLAINTIFF with a rest break, they required PLAINTIFF to remain on-duty and on-call for the rest break. DEFENDANTS policy caused PLAINTIFF to remain on-call and on-duty during what was supposed to be his off-duty meal periods. PLAINTIFF therefore forfeited meal and rest breaks without additional compensation and in accordance with DEFENDANTS' strict corporate policy and practice. Moreover, DEFENDANTS also provided PLAINTIFF with

1    paystubs that failed to comply with Cal. Lab. Code § 226. Further, DEFENDANTS also failed

2    to reimburse PLAINTIFF for required business expenses related to the personal expenses

3    incurred for the maintenance of his work uniform, on behalf of and in furtherance of his

4    employment with DEFENDANTS. To date, DEFENDANTS have not fully paid PLAINTIFF

5    the minimum, overtime and double time compensation still owed to him or any penalty wages

6    owed to him under Cal. Lab. Code § 203. The amount in controversy for PLAINTIFF

7    individually does not exceed the sum or value of $75,000.

8                          **CLASS ACTION ALLEGATIONS**

9          54.    PLAINTIFF brings this Class Action on behalf of himself, and a California class

10   defined as all persons who are or previously were employed by Defendant Henkel US Operations

11   and/or Defendant Henkel of America and/or Defendant Henkel Corporation in California and

12   classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period

13   beginning four (4) years prior to the filing of this Complaint and ending on the date as determined

14   by the Court (the "CLASS PERIOD").

15         55.    PLAINTIFF and the other CALIFORNIA CLASS Members have uniformly been

16   deprived of wages and penalties from unpaid wages earned and due, including but not limited to

17   unpaid minimum wages, unpaid overtime compensation, unpaid meal and rest period premiums,

18   illegal meal and rest period policies, failed to reimburse for business expenses, failed compensate

19   for off-the-clock work, failure to provide accurate itemized wage statements, failure to maintain

20   required records, and interest, statutory and civil penalties, attorney's fees, costs, and expenses.

21         56.    The members of the class are so numerous that joinder of all class members is

22   impractical.

23         57.    Common questions of law and fact regarding DEFENDANTS' conduct, including

24   but not limited to, off-the-clock work, unpaid meal and rest period premiums, failure to accurately

25   calculate the regular rate of pay for overtime compensation, failure to accurately calculate the

26   regular rate of compensation for missed meal and rest period premiums, failing to provide legally

27   compliant meal and rest periods, failure to reimburse for business expenses, failure to provide

28   accurate itemized wage statements accurate, and failure to ensure they are paid at least minimum

wage and overtime, exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

    a.  Whether DEFENDANT maintained legally compliant meal period policies and practices;

    b.  Whether DEFENDANT maintained legally compliant rest period policies and practices;

    c.  Whether DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA CLASS Members accurate premium payments for missed meal and rest periods;

    d.  Whether DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA CLASS Members accurate overtime wages;

    e.  Whether DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA CLASS Members at least minimum wage for all hours worked;

    f.  Whether DEFENDANT failed to compensate PLAINTIFF and the CALIFORNIA CLASS Members for required business expenses;

    g.  Whether DEFENDANT issued legally compliant wage statements;

    h.  Whether DEFENDANT committed an act of unfair competition by systematically failing to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked;

    i.  Whether DEFENDANT committed an act of unfair competition by systematically failing to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work;

    j.  Whether DEFENDANT committed an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods.

1    58.    PLAINTIFF is a member of the CALIFORNIA CLASS and suffered damages as

2    a result of DEFENDANTS' conduct and actions alleged herein.

3    59.    PLAINTIFF'S claims are typical of the claims of the CALIFORNIA CLASS, and

4    PLAINTIFF has the same interests as the other members of the class.

5    60.    PLAINTIFF will fairly and adequately represent and protect the interests of the

6    CALIFORNIA CLASS Members.

7    61.    PLAINTIFF retained able class counsel with extensive experience in class action

8    litigation.

9    62.    Further, PLAINTIFF's interests are coincident with, and not antagonistic to, the

10    interest of the other CALIFORNIA CLASS Members.

11    63.    There is a strong community of interest among PLAINTIFF and the members of

12    the CALIFORNIA CLASS to, inter alia, ensure that the combined assets of DEFENDANTS are

13    sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries

14    sustained.

15    64.    The questions of law and fact common to the CALIFORNIA CLASS Members

16    predominate over any questions affecting only individual members, including legal and factual

17    issues relating to liability and damages.

18    65.    A class action is superior to other available methods for the fair and efficient

19    adjudication of this controversy because joinder of all class members in impractical. Moreover,

20    since the damages suffered by individual members of the class may be relatively small, the

21    expense and burden of individual litigation makes it practically impossible for the members of

22    the class individually to redress the wrongs done to them. Without class certification and

23    determination of declaratory, injunctive, statutory, and other legal questions within the class

24    format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will

25    create the risk of:

26        a.    Inconsistent or varying adjudications with respect to individual members of the

27            CALIFORNIA CLASS which would establish incompatible standards of conduct

28            for the parties opposing the CALIFORNIA CLASS; and/or,

b. Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of the interests of the other members not party to the adjudication or substantially impair or impeded their ability to protect their interests.

66. Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT.

**FIRST CAUSE OF ACTION**

**Unlawful Business Practices**

**(Cal. Bus. And Prof. Code §§ 17200, *et seq.*)**

**(Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

67. PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

68. DEFENDANT is a "person" as that term is defined under Cal. Bus. And Prof. Code § 17021.

69. California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. (Cal. Bus. & Prof. Code § 17203).

70. By the conduct alleged herein, DEFENDANTS have engaged and continue to engage in a business practice which violates California law, including but not limited to, the applicable Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 201, 202, 203, 204, 210, 226.7, 510, 512, 558, 1194, 1197, 1197.1, 1198, and

1    2802, for which this Court should issue declaratory and other equitable relief pursuant to Cal.

2    Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to

3    constitute unfair competition, including restitution of wages wrongfully withheld.

4        71.    By the conduct alleged herein, DEFENDANTS' practices were unlawful and

5    unfair in that these practices violated public policy, were immoral, unethical, oppressive

6    unscrupulous or substantially injurious to employees, and were without valid justification or

7    utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203

8    of the California Business & Professions Code, including restitution of wages wrongfully

9    withheld.

10        72.    By the conduct alleged herein, DEFENDANTS' practices were deceptive and

11    fraudulent in that DEFENDANTS' uniform policy and practice failed to provide the legally

12    mandated meal and rest periods and the required amount of compensation for missed meal and

13    rest periods, failed to pay minimum and overtime wages owed, and failed to reimburse all

14    necessary business expenses incurred, due to a systematic business practice that cannot be

15    justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission

16    requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should

17    issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including

18    restitution of wages wrongfully withheld.

19        73.    By the conduct alleged herein, DEFENDANTS' practices were also unlawful,

20    unfair, and deceptive in that DEFENDANTS' employment practices caused PLAINTIFF and the

21    other members of the CALIFORNIA CLASS to be underpaid during their employment with

22    DEFENDANTS.

23        74.    By the conduct alleged herein, DEFENDANTS' practices were also unfair and

24    deceptive in that DEFENDANTS' uniform policies, practices and procedures failed to provide

25    mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members as

26    required by Cal. Lab. Code §§ 226.7 and 512.

27        75.    Therefore, PLAINTIFF demands on behalf of himself and on behalf of each

28    CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty meal

1    period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for

2    each workday in which a second off-duty meal period was not timely provided for each ten (10)

3    hours of work.

4          76.    PLAINTIFF further demands on behalf of himself and on behalf of each

5    CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest period was

6    not timely provided as required by law.

7          77.    By and through the unlawful and unfair business practices described herein,

8    DEFENDANTS have obtained valuable property, money and services from PLAINTIFF and the

9    other members of the CALIFORNIA CLASS, including earned wages for all time worked, and

10   has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

11   detriment of these employees and to the benefit of DEFENDANTS so as to allow DEFENDANTS

12   to unfairly compete against competitors who comply with the law.

13         78.    All the acts described herein as violations of, among other things, the Industrial

14   Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor

15   Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive, and

16   unscrupulous, were deceptive, and thereby constitute unlawful, unfair, and deceptive business

17   practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

18         79.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

19   and do, seek such relief as may be necessary to restore to them the money and property which

20   DEFENDANTS have acquired, or of which PLAINTIFF and the other members of the

21   CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair

22   business practices, including earned but unpaid wages for all time worked.

23         80.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

24   entitled to, and do, seek a declaration that the described business practices are unlawful, unfair,

25   and deceptive, and that injunctive relief should be issued restraining DEFENDANTS from

26   engaging in any unlawful and unfair business practices in the future.

27         PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy

28   and/or adequate remedy at law that will end the unlawful and unfair business practices of

1  DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a

2  result of the unlawful and unfair business practices described herein, PLAINTIFF and the other

3  members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal

4  and economic harm unless DEFENDANTS are restrained from continuing to engage in these

5  unlawful and unfair business practices.

6  **SECOND CAUSE OF ACTION**

7  **Failure To Pay Minimum Wages**

8  **(Cal. Lab. Code §§ 1194, 1197 and 1197.1)**

9  **Alleged by PLAINTIFF and the CALIFORNIA CLASS against ALL Defendants)**

10  81.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

11  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

12  Complaint.

13  82.    PLAINTIFF and the other members of the CALIFORNIA CLASS bring a claim

14  for DEFENDANTs' willful and intentional violations of the California Labor Code and the

15  Industrial Welfare Commission requirements for DEFENDANTS' failure to accurately calculate

16  and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

17  83.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public

18  policy, an employer must timely pay its employees for all hours worked.

19  84.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the

20  commission is the minimum wage to be paid to employees, and the payment of a less wage than

21  the minimum so fixed in unlawful.

22  85.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

23  including minimum wage compensation and interest thereon, together with the costs of suit.

24  86.    DEFENDANTS maintained a uniform wage practice of paying PLAINTIFF and

25  the other members of the CALIFORNIA CLASS without regard to the correct amount of time

26  they work.  As set forth herein, DEFENDANTS' uniform policy and practice was to unlawfully

27  and intentionally deny timely payment of wages due to PLAINTIFF and the other members of

28  the CALIFORNIA CLASS.

1    87.   DEFENDANTS' uniform pattern of unlawful wage and hour practices manifested,
2  without limitation, applicable to the CALIFORNIA CLASS as a whole, as a result of
3  implementing a uniform policy and practice that denies accurate compensation to PLAINTIFF
4  and the other members of the CALIFORNIA CLASS in regard to minimum wage pay.

5    88.   In committing these violations of the California Labor Code, DEFENDANTS
6  inaccurately calculated the correct time worked and consequently underpaid the actual time
7  worked by PLAINTIFF and other members of the CALIFORNIA CLASS. DEFENDANTS acted
8  in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of
9  the California Labor Code, the Industrial Welfare Commission requirements and other applicable
10  laws and regulations.

11    89.   As a direct result of DEFENDANTS' unlawful wage practices as alleged herein,
12  PLAINTIFF and the other members of the CALIFORNIA CLASS did not receive the correct
13  minimum wage compensation for their time worked for DEFENDANTS.

14    90.   During the CLASS PERIOD, PLAINTIFF and the other members of the
15  CALIFORNIA CLASS were paid less for time worked that they were entitled to, constituting a
16  failure to pay all earned wages.

17    91.   By virtue of DEFENDANTS' unlawful failure to accurately pay all earned
18  compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS for the true
19  time they worked, PLAINTIFF and the other members of the CALIFORNIA CLASS have
20  suffered and will continue to suffer an economic injury in amounts which are presently unknown
21  to them, and which will be ascertained according to proof at trial.

22    92.   DEFENDANTS knew or should have known that PLAINTIFF and the other
23  members of the CALIFORNIA CLASS were under-compensated for their time worked.
24  DEFENDANTS systematically elected, either through intentional malfeasance or gross
25  nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice
26  and procedure, and DEFENDANTS perpetrated this systematic scheme by refusing to pay
27  PLAINTIFF and the other members of the CALIFORNIA CLASS the correct minimum wages
28  for their time worked.

93.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA CLASS for all time worked and provide them with the requisite compensation, DEFENDANTS acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

94.    PLAINTIFF and the other members of the CALIFORNIA CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANTS, in a sum as provided by the California Labor Code and/or other applicable statutes.    To the extent minimum wage compensation is determined to be owed to the CALIFORNIA CLASS Members who have terminated their employment, DEFENDANTS' conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA CLASS Members. DEFENDANTS' conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA CLASS Members are entitled to seek and recover statutory costs.

### THIRD CAUSE OF ACTION

**Failure To Pay Overtime Compensation**

**(Cal. Lab. Code §§ 204, 510, 1194 and 1198)**

**(Alleged by PLAINTIFF and the CALIFORNIA CLASS against ALL Defendants)**

95.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

96.    PLAINTIFF and the other members of the CALIFORNIA CLASS bring a claim for DEFENDANTS' willful and intentional violations of the California Labor Code and the

1   Industrial Welfare Commission requirements for DEFENDANTS' failure to pay these employees

2   for all overtime worked, including, work performed in excess of eight (8) hours in a workday,

3   and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

4       97.   Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public

5   policy, an employer must timely pay its employees for all hours worked.

6       98.   Cal. Lab. Code § 510 provides that employees in California shall not be employed

7   more than eight (8) hours per workday and/or more than forty (40) hours per workweek unless

8   they receive additional compensation beyond their regular wages in amounts specified by law.

9       99.   Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

10  including minimum and overtime compensation and interest thereon, together with the costs of

11  suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours

12  than those fixed by the Industrial Welfare Commission is unlawful.

13      100.  During the CLASS PERIOD, PLAINTIFF and CALIFORNIA CLASS Members

14  were required by DEFENDANTS to work for DEFENDANTS and were not paid for all the time

15  they worked, including overtime work.

16      101.  DEFENDANTS' uniform pattern of unlawful wage and hour practices manifested,

17  without limitation, applicable to the CALIFORNIA CLASS as a whole, as a result of

18  implementing a uniform policy and practice that failed to accurately record overtime worked by

19  PLAINTIFF and other CALIFORNIA CLASS Members and denied accurate compensation to

20  PLAINTIFF and the other members of the CALIFORNIA CLASS for overtime worked,

21  including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve

22  (12) hours in a workday, and/or forty (40) hours in any workweek.

23      102.  In committing these violations of the California Labor Code, DEFENDANTS

24  inaccurately recorded overtime worked and consequently underpaid the overtime worked by

25  PLAINTIFF and other CALIFORNIA CLASS Members.  DEFENDANTS acted in an illegal

26  attempt to avoid the payment of all earned wages, and other benefits in violation of the California

27  Labor Code, the Industrial Welfare Commission requirements and other applicable laws and

28  regulations.

103. As a direct result of DEFENDANTS' unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA CLASS did not receive the correct overtime compensation for their time worked for DEFENDANTS.

104. Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to PLAINTIFF and the other members of the CALIFORNIA CLASS. Further, PLAINTIFF and the other members of the CALIFORNIA CLASS are not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint. Rather, PLAINTIFF brings this Action on behalf of himself and the CALIFORNIA CLASS based on DEFENDANTS' violations of non-negotiable, non-waivable rights provided by the State of California.

105. During the CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA CLASS were paid less for overtime worked that they were entitled to, constituting a failure to pay all earned wages.

106. DEFENDANTS failed to accurately pay PLAINTIFF and the other members of the CALIFORNIA CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194, & 1198, even though PLAINTIFF and the other members of the CALIFORNIA CLASS were regularly required to work, and did in fact work overtime, and did in fact work overtime as to which DEFENDANTS failed to accurately record and pay as evidenced by DEFENDANTS' business records and witnessed by employees.

107. By virtue of DEFENDANTS' unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS for the true amount of overtime they worked, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them, and which will be ascertained according to proof at trial.

108. DEFENDANTS knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS were undercompensated for their time worked.

DEFENDANTS systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay them for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANTS perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA CLASS the correct overtime wages for their overtime worked.

109. In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA CLASS for all time worked and provide them with the requisite compensation, DEFENDANTS acted and continue to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

110. Therefore, PLAINTIFF and the other members of the CALIFORNIA CLASS request recovery of overtime wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANTS, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA CLASS Members who have terminated their employment, DEFENDANTS' conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein. DEFENDANTS' conduct as alleged herein was willful, intentional, and not in good faith. Further, PLAINTIFF and other CALIFORNIA CLASS Members are entitled to seek and recover statutory costs.

///

**FOURTH CAUSE OF ACTION**

**Failure To Provide Required Meal Periods**

**(Cal. Lab. Code §§ 226.7 & 512)**

**(Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

111.   PLAINTIFF and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

112.   During the CLASS PERIOD, DEFENDANTS failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA CLASS Members as required by the applicable Wage Order and Labor Code. The nature of the work performed by PLAINTIFF and CALIFORNIA CLASS Members did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were often not fully relieved of duty by DEFENDANTS for their meal periods. Additionally, DEFENDANTS' failure to provide PLAINTIFF and the CALIFORNIA CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANTS' business records.   Further, DEFENDANTS failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period in some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work.  As a result, PLAINTIFF and other members of the CALIFORNIA CLASS forfeited meal breaks without additional compensation and in accordance with DEFENDANTS' strict corporate policy and practice.

113.   DEFENDANTS further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

/ / /

1    114.   As a proximate result of the aforementioned violations, PLAINTIFF and

2  CALIFORNIA CLASS Members have been damaged in an amount according to proof at trial,

3  and seek all wages earned and due, interest, penalties, expenses and costs of suit.

4                              **FIFTH CAUSE OF ACTION**

5                      **Failure To Provide Required Rest Periods**

6                          **(Cal. Lab. Code §§ 226.7 & 512)**

7      **(Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

8    115.   PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

9  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

10  Complaint.

11    116.   From time to time, PLAINTIFF and other CALIFORNIA CLASS Members were

12  required to work in excess of four (4) hours without being provided ten (10) minute rest periods.

13  Further, these employees were denied their first rest periods of at least ten (10) minutes for some

14  shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10)

15  minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and

16  third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more.

17  PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one-hour

18  wages *in lieu* thereof. As a result of their rigorous work schedules, PLAINTIFF and other

19  CALIFORNIA CLASS Members were periodically denied their proper rest periods by

20  DEFENDANTS and DEFENDANTS' managers. In addition, DEFENDANTS failed to

21  compensate PLAINTIFF and other CALIFORNIA CLASS Members for their rest periods as

22  required by the applicable Wage Order and Labor Code. As a result, DEFENDANTS' failure to

23  provide PLAINTIFFS and the CALIFORNIA CLASS Members with all the legally required paid

24  rest periods is evidenced by DEFENDANTS' business records.

25    117.  DEFENDANTS further violated California Labor Code §§ 226.7 and the

26  applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA CLASS

27  Members who were not provided a rest period, in accordance with the applicable Wage Order,

28

one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

118.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## SIXTH CAUSE OF ACTION

### Failure To Provide Accurate Itemized Statements

### (Cal. Lab. Code § 226)

### (Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)

119.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

120.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

    a.  Gross wages earned,

    b.  (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

    c.  the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

    d.  all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

    e.  net wages earned,

    f.  the inclusive dates of the period for which the employee is paid,

    g.  the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number of an

1    employee identification number other than social security number may be shown

2    on the itemized statement,

3    h.  the name and address of the legal entity that is the employer, and

4    i.  all applicable hourly rates in effect during the pay period and the corresponding

5    number of hours worked at each hourly rate by the employee.

6    121.  When DEFENDANTS did not accurately record PLAINTIFF'S and other

7 CALIFORNIA CLASS Members' missed meal and rest breaks, or were paid inaccurate missed

8 meal and rest break premiums, or were not paid for all hours worked, DEFENDANTS violated

9 Cal. Lab. Code § 226 in that DEFENDANTS failed to provide PLAINTIFFS and other

10 CALIFORNIA CLASS Members with complete and accurate wage statements which failed to

11 show, among other things, all deductions, the accurate gross wages earned, net wages earned, the

12 total hours worked and all applicable hourly rates in effect during the pay period and the

13 corresponding amount of time worked at each hourly rate, and correct rates of pay for penalty

14 payments or missed meal and rest periods.

15    122.  Further, from time to time, DEFENDANTS issued wage statements that included

16 items such as vacation pay, meal break penalties, sick pay and double-counted shift differential

17 payments into the calculation for total hours worked, in violation of Cal. Lab. Code § 226(a)(2).

18    123.  In addition to the foregoing, DEFENDANTS failed to provide itemized wage

19 statements to PLAINTIFF and members of the CALIFORNIA CLASS that complied with the

20 requirements of California Labor Code Section 226.

21    124.  DEFENDANTS knowingly and intentionally failed to comply with Cal. Lab. Code

22 § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA

23 CLASS. These damages include, but are not limited to, costs expended calculating the correct

24 wages for all missed meal and rest breaks and the amount of employment taxes which were not

25 properly paid to state and federal tax authorities. These damages are difficult to estimate.

26 Therefore, PLAINTIFF and the other members of the CALIFORNIA CLASS may elect to recover

27 liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation

28 occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period

1  pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no

2  event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member

3  of the CALIFORNIA CLASS herein).

4  **SEVENTH CAUSE OF ACTION**

5  **Failure To Pay Wages When Due**

6  **(Cal. Lab. Code § 203)**

7  **(Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

8      125.  PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

9  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

10  Complaint.

11      126.  Cal. Lab. Code § 200 provides that:

12      As used in this article:

13  (d)  "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time,

14  task, piece, Commission basis, or other method of calculation.

15  (e)  "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the to be paid for is performed personally by the person demanding payment.

16      127.  Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges

17  an employee, the wages earned and unpaid at the time of discharge are due and payable

18  immediately."

19      128.  Cal. Lab. Code § 202 provides, in relevant part, that:

20  If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours

21  thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

22  Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and

23  designates a mailing address. The date of the mailing shall constitute the date of payment

24  for purposes of the requirement to provide payment within 72 hours of the notice of

25  quitting.

26      129.  There was no definite term in PLAINTIFFS' or any CALIFORNIA CLASS

27  Members' employment contract.

28      130.  Cal. Lab. Code § 203 provides:

**CLASS ACTION COMPLAINT**

1
2
3

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

4      131.    The employment of PLAINTIFF and many CALIFORNIA CLASS Members

5  terminated, and DEFENDANTS have not tendered payment of wages to these employees who

6  missed meal and rest breaks, as required by law.

7      132.    Therefore, as provided by Cal Lab. Code § 203, on behalf of themselves and the

8  members of the CALIFORNIA CLASS whose employment has, PLAINTIFF demands up to

9  thirty (30) days of pay as penalty for not paying all wages due at time of termination for all

10  employees who terminated employment during the CLASS PERIOD and demand an accounting

11  and payment of all wages due, plus interest and statutory costs as allowed by law.

12                          **EIGHTH CAUSE OF ACTION**

13              **Failure To Reimburse Employees for Required Expenses**

14                          **(Cal. Lab. Code §§ 2802)**

15      **(Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

16      133.  PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

17  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

18  Complaint.

19      134.  Cal. Lab. Code § 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

20
21
22

23      135.  From time to time during the CLASS PERIOD, DEFENDANTS violated Cal. Lab.

24  Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA CLASS

25  members for required expenses incurred in the discharge of their job duties for DEFENDANTS'

26  benefit. DEFENDANTS failed to reimburse PLAINTIFF and the CALIFORNIA CLASS

27  members for expenses which included, but were not limited to, the maintenance of his work

28  uniform, all on behalf of and for the benefit of DEFENDANTS. Specifically, PLAINTIFF and

1   other CALIFORNIA CLASS Members were required by DEFENDANTS to maintain their work

2   uniforms to execute their essential job duties on behalf of DEFENDANTS. DEFENDANTS'

3   uniform policy, practice and procedure was to not reimburse PLAINTIFF and the CALIFORNIA

4   CLASS members for expenses resulting from the maintenance of their work uniforms within the

5   course and scope of their employment for DEFENDANTS. These expenses were necessary to

6   complete their principal job duties. DEFENDANTS are estopped by DEFENDANTS' conduct

7   to assert any waiver of this expectation. Although these expenses were necessary expenses

8   incurred by PLAINTIFF and the CALIFORNIA CLASS members, DEFENDANTS failed to

9   indemnify and reimburse PLAINTIFF and the CALIFORNIA CLASS members for these

10  expenses as an employer is required to do under the laws and regulations of California.

11      136. PLAINTIFF therefore demand reimbursement for expenditures or losses incurred

12  by him and the CALIFORNIA CLASS members in the discharge of their job duties for

13  DEFENDANTS, or their obedience to the directions of DEFENDANTS, with interest at the

14  statutory rate and costs under Cal. Lab. Code § 2802.

15                          **NINTH CAUSE OF ACTION**

16                        **For Failure to Pay Vacation Wages**

17          **(By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

18      137.   PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

19  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

20  Complaint.

21      138.   At all relevant times, California Labor Code §227.3 provides for the following:
        Unless otherwise provided by a collective-bargaining agreement, whenever a
22      contract of employment or employer policy provides for paid vacations, and an
        employee is terminated without having taken off his vested vacation time, all
23      vested vacation shall be paid to him as wages at his final rate in accordance with
        such contract of employment or employer policy respecting eligibility or time
24      served; provided, however, that an employment contract or employer policy shall
        not provide for forfeiture of vested vacation time upon termination.  The Labor
25      Commissioner or a designated representative, in the resolution of any dispute with
        regard to vested vacation time, shall apply the principles of equity and fairness.
26
        139.   At all times relevant, including at times throughout the four-year period preceding
27
    the filing of the original complaint, PLAINTIFF, and upon information and belief, and
28
    CALIFORNIA CLASS Members were subject to an employer policy and/or contract of

                                        34

employment that provided for paid vacations not otherwise provided by a collective-bargaining agreement.    Upon PLAINTIFF's and CALIFORNIA CLASS Members' separation of employment, they had not used all of their vested vacation and thus their unused, vested vacation was required to have been paid at their final rate upon separation of employment. As a result of the failure to pay out the vested but unused vacation pay, DEFENDANTS violated Labor Code §227.3. Further, DEFENDANTS from time to time subjected PLAINTIFF and CALIFORNIA CLASS Members to forfeit their vested, but unused vacation time, in further violation of Cal. Lab. Code § 227.3.

140.    PLAINTIFF seeks, on her behalf and on behalf of the CALIFORNIA CLASS, all damages and remedies available under California Labor Code §227.3, including payment of the vacation wages at the final rate.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for a judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the CALIFORNIA CLASS:

   a. That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

   b. An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANTS from engaging in similar unlawful conduct as set forth herein;

   c. An order requiring DEFENDANTS to pay all overtime wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and

   d. Restitutionary disgorgement of DEFENDANTS' ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANTS' violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2. On behalf of the CALIFORNIA CLASS:

   a. That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action asserted by the CALIFORNIA CLASS as a class action

1        pursuant to Cal. Code of Civ. Proc. § 382;

2    b.  Compensatory damages, according to proof at trial, including compensatory

3        damages for overtime compensation due to PLAINTIFF and the other members of

4        the CALIFORNIA CLASS, during the applicable CLASS PERIOD plus interest

5        thereon at the statutory rate;

6    c.  Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and

7        the applicable IWC Wage Order;

8    d.  The greater of all actual damages or fifty dollars ($50) for the initial pay period in

9        which a violation occurs and one hundred dollars ($100) per each member of the

10       CALIFORNIA CLASS for each violation in a subsequent pay period, not exceeding

11       an aggregate penalty of four thousand dollars ($4,000), and an award of costs for

12       violation of Cal. Lab. Code § 226

13    e.  The wages of all terminated employees from the CALIFORNIA CLASS as a

14       penalty from the due date thereof at the same rate until paid or until an action

15       therefore is commenced, in accordance with Cal. Lab. Code § 203.

16    f.  The amount of the expenses PLAINTIFF and each member of the CALIFORNIA

17       CLASS incurred in the course of their job duties, plus interest, and costs of suit.

28  ///

3. On all claims:

    a.  An award of interest, including prejudgment interest at the legal rate;

    b.  Such other and further relief as the Court deems just and equitable; and

    c.  An award of penalties, attorneys' fees, and costs of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code § 218.5, § 226, § 246 and/or § 1194.

DATED:  July 24, 2023               **ZAKAY LAW GROUP, APLC**

                        By:  _____

                            Shani O. Zakay, Esq.
                            Attorney for PLAINTIFF

## DEMAND FOR A JURY TRIAL

PLAINTIFF demands a jury trial on issues triable to a jury.

DATED:  July 24, 2023               **ZAKAY LAW GROUP, APLC**

                        By:  _____

                            Shani O. Zakay, Esq.
                            Attorney for PLAINTIFF

**CLASS ACTION COMPLAINT**

Electronically Filed Superior Court of CA County of Contra Costa 7/24/2023 10:29 AM By: S. Gonzalez, Deputy

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Shani O. Zakay, Esq. (SBN 277924)<br>Zakay Law Group, APLC<br>5440 Morehouse Drive, Suite 3600<br>San Diego, CA 92121<br>TELEPHONE NO.: (619) 255-9047    FAX NO.: (858) 404-9203<br>ATTORNEY FOR *(Name):* PLAINTIFF | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME:
DE SANCTIS v. HENKEL US OPERATIONS CORPORATION, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: C23-01799 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties   d. ☑ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* VIOLATION OF CAL. BUS. & PROF. CODE §17200 ET SEQ.
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 24, 2023
Shani O. Zakay, Esq.
_____ (TYPE OR PRINT NAME)   ▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a.  **The Civil Mediation Vendor Resource List**
    If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

    - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com
      (213) 683-1600
    - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
      (833) 476-9145

    **These organizations cannot accept every case and they may decline cases at their discretion.**  They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

    **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b.  **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
    https://dcba.lacounty.gov/countywidedrp/

    **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3.  **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4.  **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

                    (INSERT DATE)                         (INSERT DATE)

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     ➤  _____
        (TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)
Date:

_____     ➤  _____
        (TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)
Date:

_____     ➤  _____
        (TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)
Date:

_____     ➤  _____
        (TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)
Date:

_____     ➤  _____
        (TYPE OR PRINT NAME)                   (ATTORNEY FOR _____)
Date:

_____     ➤  _____
        (TYPE OR PRINT NAME)                   (ATTORNEY FOR _____)
Date:

_____     ➤  _____
        (TYPE OR PRINT NAME)                   (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

iii.  Be filed within two (2) court days of receipt of the Request; and

iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ (ATTORNEY FOR _____ )

➢ (ATTORNEY FOR _____ )

➢ (ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

# FILED

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_    _[signature]_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

    i)   Depositions;

    ii)  Declarations;

    iii) Exhibits (including exhibits to declarations);

    iv) Transcripts (including excerpts within transcripts);

    v)   Points and Authorities;

    vi)  Citations; and

    vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1   11)  SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3   Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4   Division of the Los Angeles County Superior Court.

5

6       This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10   DATED: May 3, 2019 

11                                            KEVIN C. BRAZILE

12                                            Presiding Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

9/8/23, 11:46 AM
Case 3:23-cv-04641-TSH Document 1 Filed 09/11/23 Page 203 of 216
legalefiling.com/efiling/DisplayOrder.aspx?sessionid=471d5260-541d-4349-830d-eb778d99c34f



(StatusOnLine.aspx?sessionid=471d5260-541d-4349-830d-eb778d99c34f)

## Display Order Number 659381 (Subsequent Filing 12973443 )

**Court Case:**
C23-01799 - DINO DE SANCTIS vs. HENKEL US OPERATIONS CORPORATION

**Court Location:** Contra Costa Civil - Martinez

**Case Category:** Civil - Unlimited

**Case Type:** 15: Unlimited Other Employment

**Filing Attorney:** Galen Sallomi

| Fee Name | Amount |
|---|---|
| Filing Fee | 435.00 |
| Total Service Fees | 3.50 |
| Convenience Fee | 118.48 |
| Total Optional Service Fees | 3,870.00 |
| **Total Fees** | **4,426.98** |

**Parties In Case:**

| Party Type | Party Name | Lead Attorney |
|---|---|---|
| Plaintiff/Petitioner | DINO DE SANCTIS | SHANI O ZAKAY |
| Defendant/Respondent | HENKEL US OPERATIONS CORPORATION | |
| Defendant/Respondent | HENKEL OF AMERICA, INC | |
| Defendant/Respondent | HENKEL CORPORATION | |

**Filings In Order:**

| Filing Code | Reference Number | Description | Filing Status | Cancel |
|---|---|---|---|---|
| Answer/Response/Denial - Unlimited | sf164624 | DEFENDANTS HENKEL US... | Submitting | Cancel |

**Reference:** sf164624

**Party Responsible For Payment:** HENKEL US OPERATIONS CORPORATION

**Payment Account:** 1 NW CC 5720

Back To Completed Orders

1  SEYFARTH SHAW LLP
   Andrew M. McNaught (SBN 209093)
2  amcnaught@seyfarth.com
   Galen P. Sallomi (SBN 306743)
3  gsallomi@seyfarth.com
   560 Mission Street, 31st Floor
4  San Francisco, California 94105
   Telephone:    (415) 397-2823
5  Facsimile:    (415) 397-8549

6  Attorneys for Defendants
   HENKEL US OPERATIONS CORPORATION,
7  HENKEL OF AMERICA, INC. and HENKEL
   CORPORATION

8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                 FOR THE COUNTY OF CONTRA COSTA

12

| | |
|---|---|
| 13  DINO DE SANCTIS, an individual, on behalf of himself; and on behalf of all persons similarly<br>14  situated, | Case No. C23-01799<br><br>*[Assigned for All Purposes to Hon. Charles S. Treat]* |
| 15              Plaintiff, | **DEFENDANTS HENKEL US** |
| 16       v. | **OPERATIONS CORPORATION, HENKEL OF AMERICA, INC. AND HENKEL** |
| 17  HENKEL US OPERATIONS CORPORATION, a Delaware corporation; HENKEL OF AMERICA, | **CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| 18  INC., a Delaware corporation; HENKEL CORPORATION, a Delaware corporation; and | Complaint Filed:  July 24, 2023 |
| 19  DOES 1-50, Inclusive, | |
| 20              Defendants. | |

21

22        Defendants HENKEL US OPERATIONS CORPORATION, HENKEL OF AMERICA, INC.

23  and HENKEL CORPORATION (collectively, "Defendants"), hereby answer the unverified Complaint

24  filed by plaintiff Dino De Sanctis ("Plaintiff"), as follows:

25                      **GENERAL DENIAL**

26        Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d), Defendants

27  deny, generally and specifically, each and every allegation, statement, matter and purported cause of

28  action contained in the Complaint, and without limiting the generality of the foregoing, deny, generally

and specifically, that Plaintiff and those persons he seeks to represent have been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendants.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparation for trial. The additional defenses asserted herein are based on Defendants' knowledge, information, and belief at this time, and Defendants specifically reserve the right to modify, amend, or supplement any additional defense contained herein at any time. Without conceding that they bear the burden of proof or persuasion as to any one of them, Defendants allege the following additional defenses to the Complaint:

## FIRST ADDITIONAL DEFENSE

### (Failure to State a Claim For Relief—All Causes of Action)

1. The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

## SECOND ADDITIONAL DEFENSE

### (Statute of Limitations—All Causes of Action)

2. The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the applicable statutes of limitations, including, without limitation, those set forth in California Code of Civil Procedure §§ 337, 338, 339, 340, and 343, California Business & Professions Code § 17208, and 15 U.S.C. § 1681p.

## THIRD ADDITIONAL DEFENSE

### (Estoppel—All Causes of Action)

3. The Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and/or those individuals he seeks to represent are estopped by their conduct from asserting any cause of action against Defendants.

//

//

//

**FOURTH ADDITIONAL DEFENSE**

**(Unclean Hands—All Causes of Action)**

4.    The Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and/or those individuals he seeks to represent have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by the doctrine of unclean hands.

**FIFTH ADDITIONAL DEFENSE**

**(Laches—All Causes of Action)**

5.    The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of laches.

**SIXTH ADDITIONAL DEFENSE**

**(Offset—All Causes of Action)**

6.    To the extent a court holds that Plaintiff, or any putative class member, is entitled to damages or penalties, which Defendants denies, Defendants are entitled to an offset for any overpayment of wages, business expenses, forgiveness of debt, and/or other consideration previously provided to Plaintiff and/or those individuals he seeks to represent.

**SEVENTH ADDITIONAL DEFENSE**

**(Ratification—All Causes of Action)**

7.    Plaintiff's Complaint, and each cause of action alleged therein, is barred on the ground that Plaintiff and/or those individuals he seeks to represent ratified Defendants' alleged actions.

**EIGHTH ADDITIONAL DEFENSE**

**(Waiver—All Causes of Action)**

8.    The Complaint, and each cause of action alleged therein, is barred on the ground that Plaintiff and/or those individuals he seeks to represent have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by virtue of the doctrine of waiver.

**NINTH ADDITIONAL DEFENSE**

**(*Res Judicata* and/or Collateral Estoppel—All Causes of Action)**

9.    The Complaint is barred by the doctrines of *res judicata*, and/or collateral estoppel, to the extent that Plaintiff and/or those individuals he seeks to represent have asserted any similar claims to

2

those alleged in the Complaint in a previous adjudication on the merits or in other pending or past actions.

### TENTH ADDITIONAL DEFENSE

**(Good Faith—All Causes of Action)**

10.    Plaintiff and those individuals he seeks to represent are not entitled to any penalty because, at all times relevant and material herein, Defendants did not knowingly, intentionally, or willfully fail to comply with any provisions of the California Labor Code or applicable wage orders, but rather acted in good faith and had reasonable grounds for believing that they did not violate the California Labor Code or the applicable wage orders.

### ELEVENTH ADDITIONAL DEFENSE

**(Release—All Causes of Action)**

11.    Plaintiff's Complaint, and each cause of action alleged therein, is barred to the extent that Plaintiff and/or those individuals he seeks to represent have given a release in exchange for adequate consideration.

### TWELFTH ADDITIONAL DEFENSE

**(Accord and Satisfaction—All Causes of Action)**

12.    Defendants alleges that Plaintiff's claims are barred by the doctrine of accord and satisfaction.  Specifically, Plaintiff and/or those individuals he seeks to represent were properly and fully compensated for all work performed for Defendants, and acceptance of these payments constituted an accord and satisfaction for all debts, if any, owed by Defendants.

### THIRTEENTH ADDITIONAL DEFENSE

**(Contribution by Plaintiff's Own Acts—All Causes of Action)**

13.    The Complaint, and each purported cause of action alleged therein, is barred because any alleged injuries or damages were proximately caused or contributed to by the acts, omissions, or failure to act by Plaintiff and/or those individuals he seeks to represent.

### FOURTEENTH ADDITIONAL DEFENSE

**(Avoidable Consequences—All Causes of Action)**

14.    The Complaint, and each purported cause of action alleged therein, is barred by the

3

doctrine of avoidable consequences.

## FIFTEENTH ADDITIONAL DEFENSE

### (No Harm—First Cause of Action)

15.    Plaintiff and/or those individuals he seeks to represent suffered no concrete harm, and therefore lack standing to bring suit against Defendants.

## SIXTEENTH ADDITIONAL DEFENSE

### (No Causation—First Cause of Action)

16.    Any damages sustained by Plaintiff and/or putative class members were not proximately caused by Defendants.

## SEVENTEENTH ADDITIONAL DEFENSE

### (No Personal Jurisdiction—First Cause of Action)

17.    Defendants are not subject to general or specific personal jurisdiction in this court as to the claims belonging to some or all members of the putative classes defined in Plaintiff's Complaint.

## EIGHTEENTH ADDITIONAL DEFENSE

### (Improper Venue—First Cause of Action)

18.    This Court is not the proper venue as to the claims belonging to some or all members of the putative class defined in Plaintiff's Complaint.

## NINETEENTH ADDITIONAL DEFENSE

### (Good Faith Dispute: Labor Code § 203—Sixth Cause of Action)

19.    Plaintiff and/or those individuals he seeks to represent are not entitled to penalties or damages under Labor Code section 203 because a good faith dispute exists as to Plaintiff's claims, and as to the monies allegedly owed at the time of the alleged termination, such that Defendants cannot be held to have willfully failed to comply with the requirements of the applicable Labor Code sections.

## TWENTIETH ADDITIONAL DEFENSE

### (Good Faith Dispute: Labor Code § 1194.2—Fourth and Seventh Causes of Action)

20.    Plaintiff and those individuals he seeks to represent are not entitled to penalties or damages under Labor Code section 1194.2 because any alleged act or omission was undertaken in good

faith, and Defendants had reasonable grounds for believing that the act or omission was not a violation

of any provision of the Labor Code relating to minimum wage, or the applicable wage order.

## TWENTY-FIRST ADDITIONAL DEFENSE

### (*De Minimis* Doctrine—Second Through Seventh Causes of Action)

21.     Plaintiff's Complaint, and each cause of action alleged therein, fails to the extent that,

even if Plaintiff and/or those individuals he seeks to represent were not paid for all work performed,

such work is not compensable pursuant to the *de minimis* doctrine.  *See*, *e.g.*, *Troester v. Starbucks

Corp.*, 5 Cal. 5th 829, 848 (2018), *as modified on denial of reh'g* (Aug. 29, 2018) (observing that

employers may not be reasonably required to compensate employees for time spent on activities that are

minute or irregular).

## TWENTY-SECOND ADDITIONAL DEFENSE

### (Lack of Knowledge—Second Through Seventh Causes of Action)

22.     Plaintiff's Complaint, and each purported claim alleged therein, is barred to the extent

that Defendants did not have actual or constructive knowledge about any purported overtime or off-the-

clock work allegedly performed by, or timely meal and rest breaks allegedly denied to, Plaintiff or those

individuals he seeks to represent.  *See*, *e.g.*, *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1051-1052

(2012); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) ("where an

employer has no knowledge that an employee is engaging in overtime work and that employee fails to

notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime

work, the employer's failure to pay for the overtime hours is not a violation").

## TWENTY-THIRD ADDITIONAL DEFENSE

### (Not Compensable Time—Second Through Seventh Causes of Action)

23.     Plaintiff's claims, and those of the individuals he seeks to represent, are precluded to the

extent that part or all of the time for which pay is claimed is not compensable time or hours worked.

//

//

//

**TWENTY-FOURTH ADDITIONAL DEFENSE**

**(No Knowing and Intentional Violation—Fifth Cause of Action)**

24.     Plaintiff, and those individuals he seeks to represent, are not entitled to recover any penalties for allegedly non-compliant pay statements because no knowing and intentional violation of Labor Code section 226 occurred.

**TWENTY-FIFTH ADDITIONAL DEFENSE**

**(No Injury—Fifth Cause of Action)**

25.     Plaintiff and/or those individuals he seeks to represent have suffered no injury as a result of any alleged violation of California Labor Code section 226 and therefore are barred from recovering penalties.

**TWENTY-SIXTH ADDITIONAL DEFENSE**

**(Labor Code § 2856—Second Through Seventh Causes of Action)**

26.     This Complaint is barred by Labor Code § 2856 to the extent that Plaintiff or any individual he seeks to represent failed to comply with all the directions of their employer, and such failure proximately caused the alleged losses for which Plaintiff or that individual seeks relief.

**TWENTY-SEVENTH ADDITIONAL DEFENSE**

**(Failure to Take Provided Meal Periods or Rest Breaks—Second, Third, and Fifth Through Seventh Causes of Action)**

27.     Plaintiff's claims for failure to provide meal periods and/or authorize and permit rest breaks are barred to the extent Plaintiff and/or those individuals he seeks to represent were provided all required meal and rest breaks and chose not to take the breaks provided.

**TWENTY-EIGHTH ADDITIONAL DEFENSE**

**(Waiver of Meal Periods—Second and Fifth Through Seventh Causes of Action)**

28.     Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff and/or those individuals he seeks to represent have signed legally valid written waivers of any meal periods or voluntarily waived meal periods.

### TWENTY-NINTH ADDITIONAL DEFENSE

### (Waiver of Second Meal Periods—Second and Fifth Through Seventh Causes of Action)

29.    Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff and/or those individuals he seeks to represent have waived their second 30-minute meal period during shifts, if any, in which they worked at least 10 hours, but less than 12 hours, and were provided with the first 30-minute meal period during those same shifts.

### THIRTIETH ADDITIONAL DEFENSE

### (Payment of Premium Wages—Second, Third, and Fifth Through Seventh Causes of Action)

30.    Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff and/or those individuals he seeks to represent were paid a "premium wage" of an additional hour of regular pay for each day, if any, when not provided a meal period or not authorized or permitted to take a rest period.  The payment of such "premium wages" negates any additional liability for alleged meal or rest period violations.

### THIRTY-FIRST ADDITIONAL DEFENSE

### (No Standing—Seventh Cause of Action)

31.    As a former employee, Plaintiff lacks standing to seek equitable relief under the UCL.

### THIRTY-SECOND ADDITIONAL DEFENSE

### (Unavailable Remedies / Adequate Remedy at Law—Seventh Cause of Action)

32.    Plaintiff's UCL cause of action fails to the extent that it seeks anything but restitution for alleged violations of the Labor Code that form the basis of the claims under the UCL.  Plaintiff's request for restitution or other equitable relief fails because Plaintiff, and those he seeks to represent, have an adequate remedy at law.

### THIRTY-THIRD ADDITIONAL DEFENSE

### (No Unlawful, Unfair, or Fraudulent Business Practice—Seventh Cause of Action)

33.    Without admitting the allegations in the Complaint, Plaintiff's cause of action pursuant to California Business & Professions Code section 17200, *et seq*. fails because Defendants' practices are not unfair, unlawful, or fraudulent, and are not likely to deceive the public.

## THIRTY-FOURTH ADDITIONAL DEFENSE

### (Improper Defendant—All Causes of Action)

34.    Plaintiff's claims against Defendants are barred to the extent that Plaintiff and/or those individuals he seeks to represent were not employed by Defendants, but rather by an employment agency or a different entity.

## THIRTY-FIFTH ADDITIONAL DEFENSE

### (Cal. Labor Code Section 514—Fourth Through Seventh Causes of Action)

35.    Plaintiff's claims, and the claims of those he seeks to represent, are precluded to the extent Plaintiff and/or the individuals he seeks to represent were covered by a valid collective bargaining agreement and otherwise meet the requirements of Section 514 of the California Labor Code.

## THIRTY-SIXTH ADDITIONAL DEFENSE

### (LMRA Preemption—All Causes of Action)

36.    Plaintiff's claims, and the claims of those he seeks to represent, are preempted by Section 301 of the Labor Management Relations Act (29 U.S.C. section 185(a)) to the extent its resolution depends on interpretation of provisions of any collective bargaining agreement between Defendants and any union representing Plaintiff and/or the individuals he seeks to represent.

## THIRTY-SEVENTH ADDITIONAL DEFENSE

### (NLRA Preemption—All Causes of Action)

37.    Plaintiff's claims, and the claims of those he seeks to represent, are preempted by sections 7 and 8 of the National Labor Relations Act (29 U.S.C. section 151 et seq.) to the extent its resolution depends on interpretation of any collective bargaining agreement between Defendants and any union representing Plaintiff and/or the individuals he seeks to represent.

## THIRTY-EIGHTH ADDITIONAL DEFENSE

### (Failure to Exhaust Contractual Remedies—All Causes of Action)

38.    Plaintiff's claims, and the claims of those he seeks to represent, are barred to the extent Plaintiff or any individual he seeks to represent failed to exhaust the contract remedies of any applicable collective bargaining agreement.

## THIRTY-NINTH ADDITIONAL DEFENSE

### (Lack of Standing—All Causes of Action)

39.     Plaintiff does not have standing to pursue some or all of the claims he purports to assert on behalf of others on a representative or class basis.

## FORTIETH ADDITIONAL DEFENSE

### (Incorporation by Reference as to Individual Claims—All Causes of Action)

40.     In the event that a class should be certified in this matter, Defendants incorporate by reference and re-alleges all of its defenses to Plaintiff's individual claims in response to Plaintiff's claims on behalf of the class and each putative class member.

## ADDITIONAL DEFENSES

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

1

## **PRAYER**

2    WHEREFORE, Defendants pray for judgment as follows:

3    1.    That Plaintiff, on behalf of himself and any persons whom Plaintiff purports to represent

4    by this action, take nothing by the unverified Complaint;

5    2.    That judgment be entered in favor of Defendants and against Plaintiff and all persons

6    Plaintiff purports to represent by this action on all causes of action;

7    3.    That Plaintiff's request for an order certifying a proposed class or classes be denied;

8    4.    That Defendants be awarded reasonable attorneys' fees according to proof;

9    5.    That Defendants be awarded the costs of suit incurred herein; and

10    6.    That Defendants be awarded such other and further relief as the Court may deem

11    appropriate and proper.

12

13    DATED: September 8, 2023                Respectfully submitted,

14

15                SEYFARTH SHAW LLP

16

17    By: _____

18                Andrew M. McNaught
                Galen P. Sallomi

19                Attorneys for Defendants
                HENKEL US OPERATIONS

20                CORPORATION, HENKEL OF AMERICA,
                INC. and HENKEL CORPORATION

21

22    97818278v.2

23

24

25

26

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. C23-01799

1

**PROOF OF SERVICE**

2

 I am a resident of the State of California, over the age of eighteen years, and not a party to the
within action.  My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San
Francisco, California 94105.  On September 8, 2023, I served the within document(s):

3

4

**DEFENDANTS HENKEL US OPERATIONS CORPORATION, HENKEL OF AMERICA,
INC. AND HENKEL CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**

5

6

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully
prepaid, in the United States mail at San Francisco, California addressed as set forth below.

7

8

☐  by contracting with First Legal to personally deliver the document(s) listed above to the
person(s) at the address(es) set forth below.

9

10

☐  by placing the document(s) listed above in a sealed Federal Express envelope with postage
paid on account and deposited with Federal Express at San Francisco, California, addressed as
set forth below.

11

12

☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth
below.

13

14

Zakay Law Group, APLC     JCL Law Firm, APC
Shani O. Zakay        Jean-Claude Lapuyade

15

Jackland K. Hom       5440 Morehouse Drive, Suite 3600
Juliann Alvarado       San Diego, CA  92121

16

5440 Morehouse Drive, Suite 3600  Telephone:  (619) 599-8292
San Diego, CA  92121     Facsimile:  (619) 599-8291

17

Telephone:  (619) 255-9047    jlapuyade@jcl-lawfirm.com
Facsimile:  (858) 404-9203

18

shani@zakaylaw.com;     Attorneys for Plaintiff
jackland@zakaylaw.com;

19

julieann@zakaylaw.com

20

Attorneys for Plaintiff

21

 I am readily familiar with the firm's practice of collection and processing correspondence for
mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with
postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the
party served, service is presumed invalid if postal cancellation date or postage meter date is more
than one day after the date of deposit for mailing in affidavit.

22

23

24

25

26

27

28

98086446v.1

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on September 8, 2023 at Oakland, California.

Shari O'Brien

98086446v.1